NO. 13-1059

---

## UNITED STATES DISTRICT COURT OF APPEALS
## FOR THE FIRST CIRCUIT

---

STEPHEN L. D'ANGELO,
APPELLANT,

V.

NEW HAMPSHIRE SUPREME COURT; BRIAN GERMAINE, ESQ.,
APPELLEES.

---

ON APPEAL TO THE FIRST CIRCUIT

---

BRIEF OF THE APPELLANT STEPHEN L. D'ANGELO

---

STEPHEN L. D'ANGELO
410 ANDOVER STREET, SUITE 202
NORTH ANDOVER, MASSACHUSETTS 01845
(978) 687-8100

PRO SE FOR APPELLANT

---

# TABLE OF CONTENTS

TABLE OF AUTHORITES ................................... iii

JURISDICTIONAL STATEMENT .............................. 1

STATEMENT OF ISSUES ................................... 2

STATEMENT OF THE CASE ................................. 3

STATEMENT OF THE FACTS ................................ 6

SUMMARY OF THE ARGUMENT ............................... 10

ARGUMENT ............................................. 12

    Whether New Hampshire Supreme Court Rule 3 on its
face violates the Equal Protection Clause of the
Fourteenth Amendment of the Constitution as the
rule arbitrarily distinguishes persons litigating
matters in family court from other courts and
thus creates a class of persons who are not
allowed the same access to the New Hampshire
Supreme Court as other litigants who make appeals
from civil and criminal court decisions .......... 12

    Whether the distinction between a mandatory
appeal and a discretionary appeal pursuant to New
Hampshire Supreme Court Rule 3 violates due
process because it is arbitrary in its exercise.
Whether the process based approach of Rule 3
encourages clever evasions of substantive
constitutional guarantees because there is no
provisions in the Rule 7 format that is used to
review matters applying for a Rule 3 appeal to
review the family court record. Whether Rule 3
makes unfair hearings possible in a family court
since a family court judge can make a decision
and enter orders that deprive individuals of
liberty and property without a hearing knowing
that the matter will likely never be reviewed
from the New Hampshire Supreme Court, the only
court of appeal in New Hampshire. ................ 12

Whether or not the U.S. District Court did the functional test under *Butz v Economu*, 438 U.S. 478 (1978) used to determine whether the person is performing a judicial act in a manner functionally comparable to that of a judge and entitled to immunity................................ 23

Whether a commissioner appointed by the court, who fails to conform to the requirements of the court's order fails to fulfill the duties ordered, is permitted quasi-judicial immunity and therefore is subject to a claim under 42 U.S.C. §1983......................................... 24

Whether the appellant's verified complaint meets the standards adopted in *Ashcroft v. Iqbal*......... 28

Whether the *Rooker-Feldman* Doctrine applies in a situation such as this case where the state court proceedings had not ended as a hearing that was scheduled and took place on October 30, 2012, a week after this matter was filed in federal court.............................................. 28

CONCLUSION................................................ 29

CERTIFICATION............................................ 30

# TABLE OF AUTHORITIES

*Aggarwal v. Ponce School of Medicine*
    745 F.2d 140 (1976) ...........................21, 22

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ...........................27, 28

*Boddie v. Connecticut*
    410 U.S. 37128 L.Ed 2D 113 (1971).............. 18, 23

*Bounds v. Smith*
    430 U.S. 817, 52 L. Ed 2d 72 (1977) ...............18

*Butz v. Economu*
    438 U.S. 478 (1978) .......................2, 23, 24

*California Motor Transport Co. v. Trucking Unlimited*
    404 U.S. 142, 2 S.Ct 609, 30 L.Ed 2d 642, (1972) ...17

*Carson v. Maurer*
    120 N.H. 925, 429 A.2d 825 (1980)................. 15

*Chambers v. Baltimore & Ohio Railroad*
    207 U.S. 142, 52 L.Ed 143 (1907) ..................16

*Cleavinger v. Saxner*
    474 U.S. 193 (1985) ..............................24

City of Dover v. Imperial Cas. & Indemn. Co
    133 N.H. 109, 575 A.2d. 1280 (1990)........... 14, 15

*Coastal States Marketing v. Hunt*
    694 F.2d 1358 (1983) .............................17

*Coggeshall v. Mass Bd. Of Regis Of Psychologists*
    604 F.3d 658 (2010) ..............................24

*Crews v. Petrosky*
    509 F.Supp. 1199 (1981).......................... 19

*Federarcion De Maestros De Paueto Rico v.*
    *Junta De Relaciaones Del Trabajo De Puerto Rico*
    410 F.3d 17 (2005)................................28

Case: 13-1059    Document: 00116531780    Page: 5    Date Filed: 05/17/2013    Entry ID: 5734832

*Filarsky v. Delia*
132 U.S. 2764 (2012) ...........................26, 27

*Harlow v. Fitzgerald*
457 U.S. 800 (1982) ...............................27

*Hawes v. Club Ecuestre el Comandante*
535 F.2d 140 (1976) ............................20-24

*Lalonde v. Eissner*
539 N.E.2d 538 (1989) .............................24

*Lugar v. Edmondson Oil Co.*
457 U.S. 922 (1982) .............................. 25

*McCray v. Maryland*
456 F.2d 1 (1971) ................................ 18

*Minuteman LLC v. Microsoft Corp.*
147 N.H. 634, 795 A.2d 833 (2002) ................ 14

*NAACP v. Button*
371 U.S. 415 (1963) .............................. 17

*Opinion of the Justices*
125 N.H. 554, 493 A.2d 1182 (1985) ........... 14, 15

*Richardson v. McKnight*
521 U.S. 399 (1997) .............................. 27

*Rudolph v. Locke*
594 F.2d 1076 (1979) ............................. 18

*Ryland v. Shapiro*
708 F.2d 967 (1983) .............................. 20

*Sigafus v. Brown*
416 F.2d 105 (1969) .............................. 18

*Tennessee v. Lane*
541 U.S. 509 (2004) .............................. 20

*Wilson v. Thompson*
593 F.2d 1375 (1979)............................. 17

Case: 13-1059    Document: 00116531780    Page: 6    Date Filed: 05/17/2013    Entry ID: 5734832

*Wolff v. McDonnell*
    418 U.S. 539, 41 L.Ed 2d 935(1974)................. 17

**Statutes**

42 U.S.C. § 1983 ....................................passim

**Rules**

New Hampshire Supreme Court Rule 3 .................passim

New Hampshire Supreme Court Rule 7 .................passim

New Hampshire Rules of Professional
Conduct Rule 1.7 ..................................... 26

Case: 13-1059    Document: 00116531780    Page: 7    Date Filed: 05/17/2013    Entry ID: 5734832

## Jurisdictional Statement

This appeal arises from the matter of Stephen L. D'Angelo v. New Hampshire Supreme Court and Brian Germaine, Docket 12CD411, originally filed in United States District Court for the District of New Hampshire on October 25, 2012.

The Court issued an order in which the court dismissed the complaint.

Stephen L. D'Angelo appealed this order. This Court has jurisdiction pursuant to 42 U.S.C § 1983.

Case: 13-1059     Document: 0011653178     Page: 8     Date Filed: 05/17/2013     Entry ID: 5734832

## Statement of Issues

Whether New Hampshire Supreme Court Rule 3 on its face violates the Equal Protection Clause of the Fourteenth Amendment of the Constitution as the rule arbitrarily distinguishes persons litigating matters in family court from other courts and thus creates a class of persons who are not allowed the same access to the New Hampshire Supreme Court as other litigants who make appeals from civil and criminal court decisions.

Whether the distinction between a mandatory appeal and a discretionary appeal pursuant to New Hampshire Supreme Court Rule 3 violates due process because it is arbitrary in its exercise. Whether the process based approach of Rule 3 encourages clever evasions of substantive constitutional guarantees because there is no provisions in the Rule 7 format that is used to review matters applying for a Rule 3 appeal to review the family court record. Whether Rule 3 makes unfair hearings possible  in a family court since a family court judge can make a decision and enter orders that deprive individuals of liberty and property without a hearing knowing that the matter will likely never be reviewed from the New Hampshire Supreme Court, the only court of appeal in New Hampshire.

Whether the U.S. District Court did the functional test under *Butz v Economu*, 438 US 478 (1978) used to determine whether the person is performing a judicial act in a manner functionally comparable to that of a judge and entitled to immunity.


Whether a commissioner appointed by the court, who fails to conform to the requirements of the court's order fails to fulfill the duties ordered, is permitted quasi-judicial immunity and therefore is subject to a claim under 42 U.S.C. §1983.

# STATEMENT OF THE CASE

A Civil Action (included in the record) was brought in the United States District Court for the District of New Hampshire by the Appellant, Stephen D'Angelo, challenging the New Hampshire Supreme Court Rule 3 promulgated for the express purpose to restrain the number of appeals generated from its Family and Probate Courts. Rule 3 creates a track for cases to be appealed in New Hampshire's only appeals court The New Hampshire Supreme Court. The court views those appeals as mandatory or discretionary.

From Rule 3 of the New Hampshire Supreme Court flows Rule 7 (see addendum) that requires an appellant to outline his/her appeal on a form provided by the New Hampshire Supreme Court that the court uses to screen cases to determine whether or not the matter should be heard. The form allows up to eight pages to "brief" any and all issues. This format barely affords an outline of appealable issues that the New Hampshire Supreme Court would then determine worthy of an appeal. Rule 3 was designed as a barrier, to deny access, to the only appeal court in New Hampshire, the New Hampshire Supreme Court, thus stemming the flood of appeals flowing from its family courts.

Case: 13-1059    Document: 00116531780    Page: 10    Date Filed: 05/17/2013    Entry ID: 5734832

This structure provides the opportunity for abuse by a family court judge to make decisions that are erroneous, abusive, that fail to follow the rule of law or just plain in error without review. The New Hampshire Supreme Court Rule 3 is unique and designed to specifically limit access the review of a family court's decisions. Rule 3 by design insulates the New Hampshire Supreme Court from the types of appeals that the Court perceives as clogging its docket.

An appeals court is reasonably expected to remain involved and provide oversight on judicial decisions to prevent abuse of discretion, that prescribe draconian penalties not contemplated by any statute, do not follow the law, and are decided without due process.

Rule 3 encourages its family court judges to make arbitrary and capricious decisions because more likely than not that ruling and or order will ever be reviewed by the only New Hampshire court of appeal, The New Hampshire Supreme Court. Rule 3 allows it's Family and Probate Courts to make decisions with reckless indifference and wanton disregard for the Constitutional due process rights guaranteed under Amendment 14 and Amendment 5 of the United States Constitution that states no property or liberty interest can be taken without due process.

4

Case: 13-1059     Document: 00116531780     Page: 11     Date Filed: 05/17/2013     Entry ID: 5734832

The Appellant in his complaint detailed how he was deprived of his substantive due process rights in violation of the New Hampshire Constitution, and United States Constitution.  Appellant was not given an opportunity at a hearing held on May 11, 2012 to present his evidence that challenged the misinformation contained within the report produced by the Appellee commissioner. Prior to that hearing the Appellee was sent a letter that the report was full of errors, false assumptions and misinformation.

The 42 U.S.C. § 1983 claim was brought because the Appellee failed and or refused to follow the court's order. The order required cooperation by the appellant which also placed the Appellee commissioner under the same obligation. The appellee failed to follow that court order when he refused, neglected and ignored the efforts of the appellant and his two different successive attorneys several attempts to contact him over the course of six months to have meaningful input into the preparation of the report.

Case: 13-1059    Document: 00116531780    Page: 12    Date Filed: 05/17/2013    Entry ID: 5734832

**Statement of the Facts**

On December 27, 2006 the New Hampshire Family Court issued an Order as well as a Protective Order which should have prevented the court in the April 2010 matter from escalating a child removal issue to a child support arrearages issue. The December 27, 2006 order affirmed the established child support order that was in the amount of $570 per bi-week. The December 27, 2006 Protective Order made clear that the court could neither define nor interpret the meaning of what was intended when the parties agreed to exchange tax returns.

The one issue of several issues appealed to the New Hampshire Supreme Court was whether the December 27, 2006 Order and Protective Order collaterally estopped a party from raising the same issues of whether he was required to pay twenty-five percent of income above the threshold of $85,000.00 regardless of the earnings of the other party, without defining income, and following the established child support guidelines or whether this was simply a mechanism by which a party would learn of any substantial change in circumstance that could warrant a review by the family court.  On December 27, 2006 the court issued a Protective Order, and as a matter of law, should have collaterally estopped any party from enforcing the

6

Case: 13-1059    Document: 00116531780    Page: 13    Date Filed: 05/17/2013    Entry ID: 5734832

agreement in 2006. Presented to the New Hampshire Supreme
Court was whether the December 27, 2006 Protective Order
collaterally estopped a party seeking alleged arrearages
retroactively from the years 2007, 2008 and 2009. That too
was never addressed. The family court ignored the December
27, 2006 Protective Order, failed to hold hearings on
another Motion for Protective Orders filed in June of 2010,
and proceeded with the matter on a Motion for Contempt.

Another issue appealed was whether the family court
judge abused his discretion in awarding fees for contempt
without a hearing and without a written order in place that
described the requirements for the production of documents
that was the subject of the controversy.  The family court
judge never addressed the sensitive nature of disclosing
attorney client confidential information contained in the
electronic file as well as confidential employee
information that if disclosed would violate Massachusetts
Law as the law firm is based in Massachusetts.

Also raised was whether a court can award fees without
a hearing or a determination on whether conduct was willful
or just noncompliant documents at the March 31, 2011
hearing. This was the first hearing on the case. The judge
appointed a commissioner to review financials, get
information from both parties, and prepare a report. As

part of that September 13, 2011 order the family court created a penalty that if the order was appealed the appellant was required to pay $5,000 per month while the appeal was pending.

The Appellee, Attorney Brian Germaine, was appointed by the court as commissioner in the September 2011 order. The Appellee delayed performing the assignment until a few weeks before the next scheduled hearing on May 11, 2012. In the preparation of the report, appellee never cooperated with the appellant when he refused to meet with the appellant and review financials with the law firm's accountants leading the appellee to make false assumptions, rely on manufactured and misleading documentation. Cooperation required that the appellee at a minimum interview the Appellant as the court had ordered. The report was completed late and without any input from the Appellant.

Appellee Germaine violated the Model Rules of Professional Conduct by delegating the work assigned to him to an attorney that had a conflict of interest with the appellant. Appellee failed, neglected and or refused to inform the court and the parties to the case with regards to a conflict. The Appellee submitted a report to the court that contained inaccuracies, misinformation and substantial

Case: 13-1059    Document: 00116531780    Page: 14    Date Filed: 05/17/2013    Entry ID: 5734832

errors as audited by the law firm's certified public
accountant called into question the reliability of the
report. In a detailed letter to the commissioner the law
firm's CPA addressed the errors which the commissioner
ignored. The court during the May 11, 2012 hearing refused
to allow any testimony, any cross examination, and refused
to admit the law firm's CPA's findings into evidence. The
court refused to allow any discussion on the matter. The
hearing was a non-hearing.

The court adopted on May 22, 2012 the report and
issued its order. The Appellee due process rights are
undermined, defeated, or otherwise violated when the family
court stated in its order of May 22, 2012 that the
plaintiff would pay $5,000.00 per month during the pendency
of any appeal should the court's order be appealed. An
appeal pursuant to New Hampshire Supreme Court Rule 3 and
using the forms designated in Rule 7 the appeal forms were
submitted. After the New Hampshire Supreme Court declined
to hear the discretionary appeal the family court on
October 30, 2012 held a hearing and assessed penalties of
$15,000 for filing the appeal.

## SUMMARY OF THE ARGUMENT

The Appellant brought his complaint to the District Court of New Hampshire to address whether the review process under New Hampshire Supreme Court Rule 3 is arbitrary and violates the Equal Protection Clause of the Fourteenth Amendment of the Constitution. Under New Hampshire Supreme Court Rule 3 and Rule 7 create the distinction between a mandatory appeal and a discretionary appeal that is designed for appeals flowing from its family courts. The distinction is arbitrary and capricious because Rule 3 creates a gate keeping function and Rule 7 application form limits the amount of information permitted that can be offered for review.

In essence the Rule 7 form is reviewed by a "star chamber" that selectively permits a limited number of matters through the gate deemed worthy for review by the the New Hampshire Supreme Court. Most issues litigated in the family court would fall into the category of a discretionary appeal.

Appeals courts are in place to insure the integrality of the courts that oversee the administration of justice. Especially because family courts in New Hampshire are closed to the public it is very important that these judges' decisions are scrutinized to insure accountability.

Case: 13-1059     Document: 00116531780     Page: 17     Date Filed: 05/17/2013     Entry ID: 5734832

Courts of appeals serve the purpose of reviewing its lower courts decisions to make sure decisions are not arbitrary, capricious and follow the rule of law before that decision implicates the deprivation of property and liberty. A hearing in a court should be meaningful proving the parties with the opportunity to only air their grievances, present evidence to support their position, examine witnesses and to appeal decisions.

A family court judge's order that includes a penalty for taking appeals denies access to the courts. Rule 3 that classifies an appeal from that type of order as discretionary compromises judicial integrality. Rule 3 makes it easy for family court judges to make decisions and enter orders that deprive individuals of liberty and property without a meaningful hearing fully aware that those decisions will not be reviewed by a higher court.

Courts need to insure that if they appoint someone to investigate a matter and put them under their umbrella of immunity that they fulfill their function as outlined by the court's order. The federal district court should have examined whether the appellee met his obligation before he was cloaked in immunity.

This appeal is about access to the courts of New Hampshire. Whether an aggrieved party  to a decision by

family courts in New Hampshire are afforded the same right
of access to the appeal process as persons seeking a review
of a decision in other civil and criminal courts without
being found in contempt.  The Appellant presents these
questions relative to New Hampshire Supreme Court Rule 3
and its burden and restriction of access to the New
Hampshire courts and its appeals process.

**ARGUMENT**

**Whether New Hampshire Supreme Court Rule 3 on its face
violates the Equal Protection Clause of the Fourteenth
Amendment of the Constitution as the rule arbitrarily
distinguishes persons litigating matters in family court
from other courts and thus creates a class of persons who
are not allowed the same access to  the New Hampshire
Supreme Court as other litigants who make appeals from
civil and criminal court decisions.**

**Whether the distinction between a mandatory appeal and a
discretionary appeal pursuant to New Hampshire Supreme
Court Rule 3 violates due process because it is arbitrary
in its exercise. Whether the process based approach of Rule
3 encourages clever evasions of substantive constitutional
guarantees because there is no provisions in the Rule 7
format that is used to review matters applying for a Rule 3
appeal to review the family court record. Whether Rule 3
makes unfair hearings possible in a family court since a
family court judge  can make a decision and enter orders
that deprive individuals of liberty and property without a
hearing knowing that the matter will likely never be
reviewed from the New Hampshire Supreme Court, the only
court of appeal in New Hampshire.**

New Hampshire Supreme Court Rule 3 (herein after
referred to as "Rule 3") unfairly classifies those seeking
an appeal in family court by categorizing them into

12

Mandatory versus Discretionary Appeals. Rule 3 only is applied to family court cases. As applied, Rule 3 affects only persons seeking redress from a family court decision that may be unlawful, against public policy, abuses discretion, or in error of the law from review by the New Hampshire Supreme Court.

Supreme Court Rule 3 provides in part:

"Mandatory appeal": A mandatory appeal shall be accepted by the supreme court for review on the merits. A mandatory appeal is an appeal filed by the State pursuant to RSA 606:10, or an appeal from a final decision on the merits issued by a superior court, district court, probate court, or family division court, that is in compliance with these rules. Provided, however, that the following appeals are *NOT* mandatory appeals:
...(9) an appeal from a final decision on the merits issued in, or arising out of, a domestic relations matter filed under RSA Title XLIII (RSA chapters 457 to 461-A); provided, however, that an appeal from a final divorce decree or decree of legal separation shall be a mandatory appeal.

The Equal Protection Clause of the Fourteenth Amendment forbids States from otherwise discriminating against individuals or a class of individuals. The procedures used in deciding appeals must comport with due process and equal protection. In Rule 3 "under paragraph (9), only appeals from final divorce decrees or legal separation are mandatory appeals. Any other appeal from a final decision on the merits issued in or arising out of, a domestic relations matter filed...is not a mandatory appeal."

13

SUP.CT.R. 3, *Comment* ("Government….should be open, accessible, accountable and responsive")N.H. CONST., pt. I art.14 ("every subject…entitled to… recourse to the laws"); N.H. CONST., pt.I, arts. 12 & 15 (due process and equal protection).

Part I, Article 14 of the *New Hampshire Constitution* provides:

Every subject of this state is entitled to a certain remedy, by having recourse to the laws, for all injuries he may receive in his person, property, or character; to obtain right and justice freely, without being obliged to purchase it; completely, and without any denial; promptly, and without delay; conformably to the laws.

The state constitutional right to access courts for redress of harms is described by the New Hampshire Supreme Court as:

We have stated that "[t]he purpose of this provision is to make civil remedies readily available, and to guard against arbitrary and discriminatory infringements on access to courts." *Opinion of the Justices,* 126 N.H. 554, 559, 493 A.2d 1182 (1985) (quotation and brackets omitted). The right to a remedy, however, is not a fundamental right, but is relative and "does not prohibit all impairments of the right of access." *City of Dover v. Imperial Cas. & Indemn. Co.,* 133 N.H. 109, 116, 575 A.2d 1280 (1990) (quotation omitted). *Minuteman LLC v. Microsoft Corp.,* 147 N.H. 634, 640 (2002).

Additionally, under the state constitution, part 1, articles 2 and 14(equal protection provisions) "the right to recover for personal injuries is ... an important

14

substantive right." *Carson v. Maurer,* 120 N.H. 925, 931-32

(1980). As a result:

restrictions on the right are subject to "a more rigorous judicial scrutiny than allowed under the rational basis test." [*Carson*] at 932, 424 A.2d at 830. Classifications created by legislation which impair the right to recover "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation." *Opinion of the Justices,*126 N.H. at 559, 493 A.2d at 1186 (quoting *Carson v. Maurer,* 120 N.H. at 932, 424 A.2d at 830-31) (further citations omitted). *City of Dover v. Imperial Cas. & Indemnity Co.,* 133 N.H. 109, 116 (1990).

When reviewing the constitutionality of legislation or

rule making challenged as violating the right to access

courts to seek a remedy and corresponding equal protection

provisions, the first step is to ascertain the objective of

the rule or legislation. *City of Dover,* 133 N.H. at 117.

In this case, the uncontested purpose of Rule 3 was to

hold down the number of appeals specifically generated from

the New Hampshire Family Courts by reducing the number of

appeals through the imposition of an additional procedure

that must be met before an appellant can pursue a remedy in

The New Hampshire Supreme Court the state's only court of

appeal.

Further, it mattered not that as a result of this Rule

some citizens harmed by the abuse of discretion, erroneous

and arbitrary decisions, could no longer afford to seek

redress because the appeals court through its own filtered reviewing process of the reduces the issues onto a court approved form that requires such a distillation of the issues to grievances to make the process meaningless.

As a result, Rule 3 is arbitrary and does not bear a fair and substantial relation to constitutionally achieving the object of providing access to the courts in New Hampshire. The New Hampshire Supreme Court should be prohibited by the United States Constitution and the constitution of its own state from tinkering with court procedures in an effort to reduce the number of appeals filed in its court.

The federal constitution enshrines a citizen's right to seek redress in its courts for harms inflicted by others. The right of access to the courts is basic to our system of government, and it is well established today that it is one of the fundamental rights protected by the Constitution. In *Chambers v. Baltimore & Ohio Railroad,* 207 U.S. 142, 28 S.Ct. 34,(1907), the Supreme Court characterized this right of access in the following terms:

The right to sue and defend in the courts is the alternative of force. In an organized society it is the right conservative of all other rights, and lies at the foundation of orderly government. It is one of the highest and most essential privileges of citizenship, and must be allowed by each state to the citizens of all other states to the precise extent that it is allowed to its own

citizens. Equality of treatment in this respect is not left
to depend upon comity between the states, but is granted
and protected by the Federal Constitution.
207 U.S. at 148, 28 S.Ct. at 35 (citations omitted).

It is clear that the Court viewed the right of access to

the courts as one of the privileges and immunities accorded

citizens under article 4 of the Constitution and the

fourteenth amendment.

In *California Motor Transport Co. v. Trucking*

*Unlimited,* 404 U.S. 508, 92 S.Ct. 609,(1972), the Supreme

Court found in the first amendment a second constitutional

basis for this right of access:

"Certainly the right to petition extends to all
departments of Government. The right of access to the
courts is indeed but one aspect of the right of
petition." *Id.* 92 S.Ct. at 612. This court recognized the
first amendment right of access to the courts in *Wilson v.*
*Thompson,* 593 F.2d 1375 (5th Cir.1979), where we stated:
"It is by now well established that access to the courts is
protected by the First Amendment right to petition for
redress of grievances." *Id.* at 1387. *See also NAACP v.*
*Button,* 371 U.S. 415, 83 S.Ct. 328, 336,(1963); *Coastal*
*States Marketing, Inc. v. Hunt,* 694 F.2d 1358, 1363 (5th
Cir.1983).

A third constitutional basis for the right of access

to the courts is found in the due process clause. In *Wolff*

*v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963,(1974), the

Supreme Court defined the right of access in a civil rights

action under section 1983 in the following terms:

17

Case: 13-1059     Document: 00116531780     Page: 24     Date Filed: 05/17/2013     Entry ID: 5734832

The right of access to the courts, upon which *Avery [Johnson v. Avery,* 393 U.S. 483, 89 S.Ct. 747,(1969)] was premised, is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights. It is futile to contend that the Civil Rights Act of 1871 has less importance in our constitutional scheme than does the Great Writ. *Id.* 94 S.Ct. at 2986. *See also Mitchum v. Purvis,* 650 F.2d 647, 648 (5th Cir.1981); *Rudolph v. Locke,* 594 F.2d 1076, 1078 (5th Cir. 1979).

The due process clause has also been construed to allow prisoners meaningful access to the courts. *See Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491,(1977); *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, (1971). A mere formal right of access to the courts does not pass constitutional muster. Courts have required that the access be "adequate, effective, and meaningful." *Bounds v. Smith,* 97 S.Ct. at 1495; *see also Rudolph v. Locke,* 594 F.2d at 1078.

Interference with the right of access to the courts gives rise to a claim for relief under section 1983. *Sigafus v. Brown,* 416 F.2d 105 (7th Cir.1969)(destruction by jail guards of legal papers necessary for appeal supports claim for damages under § 1983); *McCray v. Maryland,* 456 F.2d at 6 ("Of what avail is it to the individual to arm him with a panoply of constitutional rights if, when he seeks to vindicate them,

the courtroom can be hermetically sealed against him by a functionary who, by refusal or neglect, impedes the filing of his papers?"); *Crews v. Petrosky,* 509 F.Supp. at 1204 ("An allegation that a clerk of state court has negligently delayed the filing of a petition for appeal, and that the delay has interfered with an individual's right of access to the courts, may state a cause of action under 42 U.S.C. § 1983.") (emphasis added).

The New Hampshire family courts with its peculiar rules impede the ability of those aggrieved by creating a gauntlet of procedures to access the appeals process including the requirement of getting the family court judge to sign off on the appeal. The appellant's first attempt to file an appeal was with regards to a protective order and contempt from the March 31, 2011 hearing. However, the clerk of the Derry District Court in May of 2011 returned the appeal without any explanations. When the process becomes so complex that no one but an experienced attorney with these court rules can function within the process it is a de facto denial of court access.

It is clear that, under our Constitution, the right of access to the courts is guaranteed and protected from unlawful interference and deprivations by the state, and only compelling state interests will justify such

19

intrusions. *Ryland v. Shapiro,* 708 F.2d 967, 971-972 (5th Cir. 1983); *see Tennessee v. Lane,* 541 U.S. 509, 529 (2004) (noting in dicta that enforcement of the "right of access to the courts" calls for "a standard of review at least as searching, and in some case more searching" than the "heightened standard of judicial scrutiny" afforded "sex-based classifications"); *see Hawes v. Club Ecuestre el Comandante,* 535 F.2d 140, 145 (1st Cir. 1976) (reviewing local federal court rule requiring non-resident plaintiffs to post a bond for defense costs and fees when filing complaint and applying rational basis scrutiny). *Hawes* was the only case on point that addresses a courts ability to promulgate rules that are used to assist a court in the administration of justice.

In *Hawes* the First Circuit reviewed a district court's enactment of a procedural rule requiring plaintiffs who reside outside the district to post a bond to cover defendants' costs, expenses and fees if the alleged claims failed to bear fruit. *Hawes,* 535 F.2d at 142 & fn4 (noting 22 districts with similar rules). The court noted that trial courts have broad discretion in applying their own rules and set forth a series of factors to be considered by the district court when considering a defendant's request to have a plaintiff post a bond. *Id.* at 143-144.

Case: 13-1059    Document: 00116531780    Page: 26    Date Filed: 05/17/2013    Entry ID: 5734832

The factors were specifically tailored to keep implication of the rule from transgressing the bounds of the court's discretionary authority. *Id.* at 144. The court also noted that the plaintiffs challenging the rule sought to declare it unconstitutional on its face and not as applied to them. *Id.* at 145. In declining to do so, the court applied a rational basis review and noted "that to require all foreign plaintiffs, as such, to post substantial security as a condition to access to the courts may well be an unconstitutional denial of equal protection." *Id.* at 145 (quotations omitted).

Unlike Rule 3, the district court rule reviewed in *Hawes* required a request by the defendant for the bond before the court would review the matter and order security to be posted. *See Hawes,* 535 F.2d at 142-143. As such, the burden for triggering the effect of the rule fell on the defendant and not the plaintiff. Also, unlike Rule 3 the federal local rule in question was a court rule that was enacted pursuant to another court rule and which was further subject to limitations included in other court rules. *Hawes,* 535 F.2d at 143-144.

In *Aggarwal v. Ponce School of Medicine,* 745 F.2d 723 (1st Cir. 1984), the court once again reviewed the very same local district court rule requiring non-resident

plaintiffs to post bonds. Unlike *Hawes*, the plaintiff complained that the rule was unconstitutional as applied to his poverty stricken situation. *Aggarwal,* 745 F.2d at 726. This time, the First Circuit agreed and reversed the dismissal of the plaintiff's case. *Id.* at 728-729 (reversing as being in violation of the mandates of the FRCP and avoiding constitutional question). Indeed, the court noted that the very rule itself stated "This rule shall be liberally interpreted in favor of the plaintiff so as not to preclude his right to sue through excessive bond requirement." *Id*. at 728. Further, the court stated that "toll-booths cannot be placed across the courthouse doors in a haphazard fashion" and that the rule could not be used as "a bludgeon to be employed as an instrument of oppression." *Id.*

Unlike the rules reviewed in *Hawes* and *Aggarwal* that did not purport to minimize claims as its goal, Rule 3 was specifically enacted to reduce the number of appeals filed specifically by persons aggrieved by a decision in New Hampshire Family Court. Rule 3 requires the appellant to follow Rule 7 creating a review process that is in essence a gate keeping function that only allows a brief summation of appealable issues. This is the very "toll-booth" or gate

Case: 13-1059    Document: 00116531780    Page: 28    Date Filed: 05/17/2013    Entry ID: 5734832

keeper action that the First Circuit so clearly stated could not be put in place at the door to the courthouse.

Rule 3 cannot withstand the rational-basis scrutiny applied by the First Circuit in *Hawes*, let alone the heightened scrutiny required when the stated goal of Rule 3 is to reduce court filings. *See Boddie v. Connecticut,* 401 U.S. 371, 380-381 (1971) (stating, in review of filing fees in divorce cases, that "in the absence of a sufficient countervailing justification for the State's action" a statute that denies access to courts by imposing increased costs is unconstitutional). Rule 3 is a rule that denies access to the court of appeals as the intention of Rule 3 is to impede litigation without any compelling justification except to reduce the number of appeals flowing from the Family Courts in New Hampshire. That violates the right of access to the courts under the federal constitution. Rule 3 is a dangerous rule in that it permits a family court judge to fashion his or her own remedy not contemplated in the law without recourse.

**Whether or not the U.S. District Court did the functional test under *Butz v Economu*, 438 U.S. 478 (1978) used to determine whether the person is performing a judicial act in a manner functionally comparable to that of a judge and entitled to immunity.**

**Whether a commissioner appointed by the court, who fails to conform to the requirements of the court's order fails to fulfill the duties ordered, is permitted quasi-judicial immunity and therefore is subject to a claim under 42 U.S.C. §1983.**

The doctrine of quasi-judicial immunity provides absolute immunity for those who perform tasks that are inextricably intertwined with the judicial function. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *Coggeshall v. Mass. Bd. of Regis. of Psychologists*, 604 F.3d 658, 662-63 (1st Cir. 2010); *LaLonde v. Eissner*, 539 N.E.2d 538, 540-41 (Mass. 1989). This doctrine is rooted in the wise idea that those who perform adjudicative functions "require a full exemption from liability." *Butz v. Economou*, 438 U.S. 478, 508 (1978).

In this case the appellee in his role as Commissioner was acting as an auditor to review financial records. The Commissioner was required to meet with the parties to ascertain the facts and present that information to the court. The appellee failed to follow the court's order that required cooperation something that requires mutuality. The negligent preparation of the report for the court, the breach of fiduciary duty, and misrepresentation to the court by the Appellee Germaine all flow from the circumstances of the appellee's lack of cooperation in the

24

preparation of the report. Under the color of law the appellee misrepresented his efforts to the court in contacting the appellant that resulted in the presentation of biased information to the court thus violating the Plaintiff's Due Process rights in violation of the United States Constitution Equal Protection provisions under Fourteenth Amendment.

The only direction from the court, besides the appointment of the Appellee as a Commissioner, to the appellant: "pay the commissioner $10,000.00 and cooperate with him." The appellant paid the retainer but was unable to get the Appellee to cooperate either with him or the successor attorneys representing the Appellant.

After payment was made in October of 2011, despite the appellant and his two separate successive counsels' unsuccessful efforts to contact the appellee, the matter remained dormant until late March 2012. Three weeks before the scheduled hearing on May 11, 2012 the Appellee requested information by letter on some minor issues.

Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights "under color" of state law. 42 U. S. C. §1983. Any-one whose conduct is "fairly attributable to the state" can be sued as a state actor under §1983. See *Lugar v. Ed-*

Case: 13-1059    Document: 0011653180    Page: 31    Date Filed: 05/17/2013    Entry ID: 5734832

*mondson Oil Co.*, 457 U. S. 922, 937 (1982). Quoting from *Filarsky v. Delia* 132 U.S. 2764 (2012). Appellee failure to allow the participation by the Appellant in the preparation of the report created another issue with the court. Appellee Germaine's claim that the appellant failed to cooperate with the Appellee created an incendiary atmosphere with the court on the day of the hearing leading to an adverse result.

Appellee Germaine, appointed by the court as a Commissioner, violated the Model Rules of Professional Conduct by delegating the work assigned to him to an attorney that had a conflict of interest with the appellant and failed, neglected and or refused to disclose the conflict to the court and the parties to the case. Appellee Germaine failed to disclose to the court that Attorney Elizabeth Richter had an ethical conflict because of the adverse relationship her husband had with the respondent in 2010 and 2011 on political committees in the town of Chester, New Hampshire. Rules of Professional Conduct model rules states:

Rule 1.7 Conflict Of Interest: Current Clients states (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to

Case: 13-1059    Document: 0116531780    Page: 33    Date Filed: 05/17/2013    Entry ID: 5734832

another client, a former client or a third person or <u>by a personal interest of the lawyer.</u>

Review is necessary to determine what type of immunity protects a Commissioner, if any. Whether immunity protects an independent neutral evaluator. Whether it makes a difference if the evaluator is court appointed and given a title, Commissioner, or selected by stipulation, or part of Alternative Dispute Resolution. As part of that review the court should look at the implication of 42 U.S.C. §1983 and what if any protections are afforded the defendant in light of *Filarsky v. Delia* 132 U.S. 2764 (2012) *Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Richardson v. McKnight*, 521 U.S. 399 (1997).

The complaint was sufficiently pled to exceed the standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Appellee Brian Germaine is subject to jurisdiction by this court by virtue of 42 U.S.C. §1983. The complaint lays out the incompetent, unethical and erroneous manner that 42 U.S.C. §1983 performed his duties as the court appointed Commissioner. The 42 U.S.C. §1983 claim is an independent claim as appellee Germaine failed and or refused to follow the court's order.

**Whether the appellant's verified complaint meets the standards adopted in *Ashcroft v. Iqbal*.**

Appellant complaint action is clear, provides the detail to meet the standard that a complaint must be sufficiently pled as outlined in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The complaint contains very specific allegations and documentation within the Verified Complaint as well as affidavits from attorneys in the Motion for Temporary Restraining Order and Preliminary Injunction.

**Whether the *Rooker-Feldman* Doctrine applies in a situation such as this case where the state court proceedings had not ended as a hearing that was scheduled and took place on October 30, 2012, a week after this matter was filed in federal court.**

The Rooker-Feldman doctrine does not bar federal subject matter jurisdiction until the last nail is in the coffin of the last state court proceeding. In *Federación De Maestros De Puerto Rico v. Junta De Relaciones Del Trabajo De Puerto Rico*, 410 F.3d 17 (2005), the First Circuit addressed whether the *Rooker-Feldman* doctrine applies to situations where the state court proceedings has not ended.

In fact the Derry District Family Court matter was ongoing in that a hearing was scheduled and took place on October 30, 2012, a week after this matter was filed in federal court. *Rooker-Feldman* doctrine is not a bar to independent claims such as the claims outlined in the

Case: 13-1059     Document: 00116531780     Page: 35     Date Filed: 05/17/2013     Entry ID: 5734832

verified complaint. As discussed at length in this brief the New Hampshire Supreme Court rule 3 violates due process, equal protection and equal access to the courts that are protected by the Constriction.

Certainly the part of the Verified Complaint that was brought pursuant to 42 U.S.C. §1983 against the Appellee Brian Germaine is not subject to the *Rooker-Feldman* doctrine as it is an independent claim. The complaint lays out a prima facia case that requires a different analysis.

## CONCLUSION

Wherefore, the Defendants' Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6)should have been denied and the Appellant should be permitted to pursue his appeal in State Court and his 42 U.S.C. §1983 matter against Appellee Germaine.

Respectfully submitted,
Stephen D'Angelo

Stephen D'Angelo
401 Andover Street, Suite 202
North Andover, Massachusetts 01845
978-687-8100
sld@lawyeradvocates.com

**Certificate of compliance with rule 32(a)**

Certificate of compliance with Type-Volume Limitation,

Typeface requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7(B) because this brief contains 6,206 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).
2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirments of Fed. R. App. P. 32(a)(6).

Date: 5-16-13

Stephen L. D'Angelo

## Certificate of Service

I hereby certify that two copies of the foregoing Brief of Appellant, Stephen L. D'Angelo have been mailed this day, first class mail to:

William Saturley, esq.
Counsel for Brian Germaine
57 North Main Street
P.O.Box 1318
Concord, NH 03302

Nancy J Smith, Esq.
Senior Assistant Attorney General
New Hampshire Attorney General's Office
33 Capitol Street
Concord, NH 03302


Dated:  May 16, 2013

                         Respectfully submitted,
                         Stephen D'Angelo


                         _____
                         Stephen D'Angelo
                         401 Andover Street, Suite 202
                         North Andover, Massachusetts 01845
                         978-687-8100
                         sld@lawyeradvocates.com

Case: 13-1059    Document: 00116531780    Page: 38    Date Filed: 05/17/2013    Entry ID: 5734832

Addendum

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us
## INSTRUCTIONS FOR FILING A
## RULE 7 DISCRETIONARY APPEAL

Case: 13-1059    Document: 0011653.1780    Page: 39    Date Filed: 05/17/2013    Entry ID: 5734832

## Who Should Use the Discretionary Notice of Appeal Form

Use the discretionary notice of appeal form if you are appealing a final decision from a state trial court (superior or circuit court) in: (1) a post-conviction review proceeding; (2) a proceeding involving a collateral challenge to a conviction or sentence; (3) a sentence modification or suspension proceeding; (4) an imposition of sentence proceeding; (5) a parole revocation proceeding; (6) a probation revocation proceeding; (7) a landlord/tenant action or possessory action filed under RSA Chapter 540; (8) the denial of a motion to intervene in a case; or (9) a domestic relations matter filed under RSA chapters 457 to 461-A <u>other than</u> an appeal from a final divorce decree or decree of legal separation. (An appeal from a final divorce decree or from a decree of legal separation should be filed on the <u>mandatory</u> notice of appeal form.)

Do <u>not</u> use this form to appeal any other decision from a state trial court.

Do <u>not</u> use this form to file an interlocutory appeal.

Do <u>not</u> use this form to appeal a decision of an administrative agency, such as the workers' compensation appeals board, or a decision of a court committee, such as the Committee on Professional Conduct.

Do <u>not</u> use this form to file a petition for original jurisdiction.

## Why the Appeal is Called Discretionary

The Supreme Court is not required to accept a Rule 7 Discretionary Appeal even if it is filed on time and all of the filing requirements have been met. It may decline the appeal or it may summarily dispose of the case without briefing or oral argument. For this reason, it is important that you prepare the notice of appeal carefully. The notice of appeal form is designed to give you the opportunity to explain why the court should accept your appeal. The court will review the notice of appeal form and your attachments and will decide whether it believes the case or a part of the case should be accepted for further review.

## Determine the Deadline for Filing the Discretionary Notice of Appeal Form

It is important to file your notice of appeal on time. The deadline for filing a discretionary notice of appeal is 30 days from the date on the trial court clerk's written notice of a "decision on the merits." Motions to extend the deadline for filing an appeal will be granted only in <u>exceptional</u> circumstances.

Review Supreme Court Rule 7, paragraphs (1)(B) and (C), so that you understand how the deadline is determined. A <u>timely</u> filed post-trial motion, such as a motion for reconsideration of the trial court's decision, stays the running of the appeal period. An untimely filed post-trial

motion or a successive post-trial motion does <u>not</u> stay the appeal period.

Filing means receipt by the clerk of court. You may mail or deliver your appeal to the clerk of court. An appeal will be considered timely if the clerk receives it by the appeal deadline or if it is <u>postmarked at least 2 days prior to the deadline</u>. See Rule 26(1).

If you are attempting to appeal a trial court decision but the deadline for filing an appeal has passed, you must file a motion for late entry with the notice of appeal form. Motions for late entry will be granted only in <u>exceptional</u> circumstances.

## Completing the Discretionary Notice of Appeal Form

Complete all sections of the form. Do not use small type. (Letters cannot be smaller than size 12 font.) If a section is not applicable to your appeal, write "not applicable."

The following are instructions for completing certain sections of the form:

**Section 2** asks for the name of the judge or judges who issued the decision. List only the judges who issued an order or orders that you are appealing. It is not necessary to list every judge who may have ruled on a motion in your case unless you are appealing the judge's ruling on the motion.

**Section 6** requests the date of the clerk's notice of decision or sentencing and the date of the clerk's notice of decision on a post-trial motion, if any. You are also required to attach to the form a copy of the trial court decision that you are appealing and a copy of the clerk's notice of this decision. If a motion for reconsideration was filed, attach a copy of the trial court's ruling on the motion and the trial court clerk's notice of the ruling.

**Section 9** relates to requests for confidentiality. Complete this section if you believe that the notice of appeal or any other documents should be kept confidential. You should review Supreme Court Rule 12 to determine if you are also required to file a motion to seal documents that you believe should be confidential.

**Section 11** requests information about the possible disqualification of a justice. If you believe that a Supreme Court justice is disqualified from your case, you must file a motion for recusal. Review Supreme Court Rule 21A.

**Section 12** requests information about the transcript that is necessary for your appeal. Review Supreme Court Rule 15. Before you complete this section, you must decide whether a transcript of the trial court proceedings is necessary. In making this decision, keep in mind that you are responsible for presenting the Supreme Court with a sufficient record to decide the issues on appeal. If you fail to provide a sufficient record, your appeal may be dismissed or the court may not review an issue that you have raised. If you believe that a transcript of the proceedings is not necessary, however, you are not required to order one. You may order portions of a proceeding, if you believe that a transcript of the entire proceeding is not necessary. You may not divide the testimony of a witness, however. If you request any part of a witness' testimony, you will be required to pay for a transcript of the complete testimony of the witness. Finally, if you and the other parties agree, you may submit an agreed statement of facts to eliminate the need for a transcript altogether.

Case: 13-1059     Document: 00116531780     Page: 40     Date Filed: 05/17/2013     Entry ID: 5734832

**Section 13** requires that you prepare a description of the case on a separate sheet(s) of paper and attach it to the notice of appeal form. In the attachment, describe the nature of the case and indicate what the result was in the trial court. The attachment is limited to two (2) double-spaced pages.

**Section 14** requires that you prepare another attachment listing the issues that you intend to raise on appeal. This section gives you an opportunity to explain why the court should accept your appeal. Before you begin, review section 14 of the notice of appeal form, which describes the criteria that the Supreme Court uses to decide whether to accept a case. Then prepare a list of the issues that you intend to raise. List each issue in a separately numbered paragraph, and for each issue: (a) state the issue; (b) explain why, considering the acceptance criteria listed on the form, the court should accept the issue; and (c) if you intend to argue that the evidence was insufficient to support the judge's or jury's decision, explain why the evidence was insufficient as a matter of law. This attachment is limited to eight (8) double-spaced pages.

**Section 15** requires you to attach to your notice of appeal the following documents in order: (1) a copy of the trial court decision or order that you are appealing; (2) a copy of the trial court clerk's notice of the decision; (3) if a timely post-trial motion, such as a motion for reconsideration, was filed in the trial court, a copy of the trial court's decision on the motion; and (4) a copy of the clerk's notice of decision on the post-trial motion. Do not attach any other documents to the notice of appeal. You may submit other documents to the court if you believe that they would assist the court in understanding your case, but any documents other than those listed above must be included in a separate Appendix. The Appendix should have a cover and must include a table of contents; the pages of the Appendix must be sequentially numbered and the Appendix must be bound.

**Section 16** requires you to certify that the issues listed in Section 14 were presented in the trial court and were properly preserved for appellate review. It also requires you to certify that you have sent the required number of copies of the notice of appeal form and attachments to the other parties and the clerk of the trial court.

**Transcript Order Form (page 4)**
Review Supreme Court Rule 15. If you are requesting a transcript, you must list the dates of the hearings or trial that you wish to have transcribed and calculate the deposit required. The first step is to list the date or dates of each proceeding that you wish to have transcribed. You must list each date separately even if the proceeding to be transcribed occurred on consecutive dates. For example, if a trial began on May 1, 2011 and continued through May 3, 2011, you must list May 1, 2011, May 2, 2011, and May 3, 2011. Second, estimate the length (in ½ hour segments) of the proceedings on each date listed. Third, calculate the deposit for each date listed. The deposit is an estimate of the cost of preparing the transcript and is based on the length of the proceedings to be transcribed. For each date that you list, multiply the length of the proceedings in hours by $137.50 (the average cost of transcribing one hour). For example, if the proceeding on May 1, 2011 lasted for 5 ½ hours, the estimated deposit for that date would be $756.25 (5.5 x $137.50). Finally, calculate the total deposit by adding together the required deposits for each of the dates that you are requesting. DO NOT SEND THE DEPOSIT WITH YOUR NOTICE OF APPEAL. When your appeal is accepted, you will receive an order from the Supreme Court advising you how to make your payment and of the deadline for payment of the deposit.

Case: 13-1059    Document: 0011653780    Date Filed: 05/17/2013    Page: 41    Entry ID: 5734832

## Pre-filing Checklist

After completing the discretionary notice of appeal form, review this checklist before filing:

☐ Attach to the notice of appeal form the following documents:

    ☐ a copy of the trial court decision that you are appealing;

    ☐ a copy of the trial court clerk's notice of the decision;

    ☐ a copy of the trial court's decision on any post-trial motion;

    ☐ a copy of the trial court clerk's notice of decision on a post-trial motion;

    ☐ Section 13 description of the case and result (limit 2 pages);

    ☐ Section 14 list of issues to be raised on appeal and an explanation of why the court should accept the appeal (limit 8 pages).

    DO NOT ATTACH OTHER DOCUMENTS. Any other documents must be included in a separate Appendix. See instructions below.

☐ After attaching the required documents, number all pages of the form and attachments sequentially. The entire document is referred to as your notice of appeal.

☐ Determine the number of copies of the notice of appeal (the form and attachments) that you need. You must file the original and eight (8) copies with the clerk of the Supreme Court, send two (2) copies, or when a master is involved, three (3) copies to the clerk of the trial court, and send one copy to each party or the party's counsel. Be sure to keep a copy of the notice of appeal for your records.

☐ Copy the notice of appeal on good quality, 8 1/2" x 11" paper.

☐ Bind the notice of appeal on the left side in booklet form.

☐ Prepare a separate Appendix of any other documents that you wish to submit to the court for review. The Appendix should have a cover and should include a table of contents. The pages of the Appendix must be consecutively numbered. It should be copied on good quality 8 ½" x 11" paper and bound on the left side in booklet form. You must file eight (8) copies of the Appendix.

## Filing the Discretionary Notice of Appeal Package

File the original discretionary notice of appeal (the form with the attachments), and eight (8) copies of the discretionary notice of appeal with the Clerk of the Supreme Court by the appeal deadline. You may mail the package or deliver it to the court. If you file an appendix, eight (8) copies must be filed.

Payment must be sent with your notice of appeal package. The filing fee in criminal appeals is $180.00. In civil appeals, the filing fee is $180.00 for the following types of cases: A) Actions relating to children under RSA 169-B, RSA 169-C, and RSA 169-D; (B) Domestic violence actions under RSA 173-B; (C) Small claims actions under RSA 503; (D) Landlord/tenant actions under RSA 540, RSA 540-A, RSA 540-B, and RSA 540-C; and (E) Stalking actions under RSA 633:3-a. In all other civil appeals, the fee is $205.00. Checks should be made payable to the **"State of New Hampshire."** If you are unable to pay the filing fee for financial reasons, you must file a motion for waiver of filing fee and an affidavit of assets and liabilities. The court will review the motion and will determine whether to waive the fee.

Case: 13-1059   Document: 00116531780   Date Filed: 05/17/2013   Page: 42   Entry ID: 5734832

Case: 13-1059    Document: 00116531780    Page: 43    Date Filed: 05/17/2013    Entry ID: 5734832

Send or deliver a copy of the notice of appeal and appendix to the other parties to the case, or their counsel, and send or deliver to the trial court two (2) or, when a master was involved in the case, three (3) copies of the notice of appeal and appendix.

## Requesting the Appointment of An Attorney

If you are indigent and you wish to request that counsel be appointed to represent you on appeal, you or your counsel should file a financial affidavit and application for court appointed counsel with the notice of appeal. The financial affidavit must be filled out completely and the authorization included in the form must be signed before a justice of the peace or notary public.

## Who To Contact If You Have A Question

If you have a question about how to complete the discretionary notice of appeal form, contact the clerk's office:

Clerk of Court
New Hampshire Supreme Court
One Charles Doe Drive
Concord, New Hampshire 03301
Telephone: (603) 271-2646

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
**http://www.courts.state.nh.us**
## RULE 7 NOTICE OF DISCRETIONARY APPEAL

This form should be used <u>only</u> for an appeal from a final decision on the merits issued by a superior court or circuit court in (1) a post-conviction review proceeding; (2) a proceeding involving the collateral challenge to a conviction or sentence; (3) a sentence modification or suspension proceeding; (4) an imposition of sentence proceeding; (5) a parole revocation proceeding; (6) a probation revocation proceeding; (7) a landlord/tenant action or a possessory action filed under RSA chapter 540; (8) an order denying a motion to intervene; or (9) a domestic relations matter filed under RSA chapters 457 to 461-A, except that an appeal from a final divorce decree or from a decree of legal separation should be filed on a Rule 7 Notice of Mandatory Appeal form.

---

1. COMPLETE CASE TITLE AND CASE NUMBERS IN TRIAL COURT

---

2. COURT APPEALED FROM AND NAME OF JUDGE(S) WHO ISSUED DECISION(S)

---

3A. NAME AND MAILING ADDRESS OF APPEALING PARTY. IF REPRESENTING SELF, PROVIDE E-MAIL ADDRESS AND TELEPHONE NUMBER

E-Mail address: _____

Telephone number: _____

3B. NAME, FIRM NAME, MAILING ADDRESS, E-MAIL ADDRESS AND TELEPHONE NUMBER OF APPEALING PARTY'S COUNSEL

E-Mail address: _____

Telephone number: _____

---

4A. NAME AND MAILING ADDRESS OF OPPOSING PARTY. IF OPPOSING PARTY IS REPRESENTING SELF, PROVIDE E-MAIL ADDRESS AND TELEPHONE NUMBER

E-Mail address: _____

Telephone number: _____

4B. NAME, FIRM NAME, MAILING ADDRESS, E-MAIL ADDRESS AND TELEPHONE NUMBER OF OPPOSING PARTY'S COUNSEL

E-Mail address: _____

Telephone number: _____

---

Case Name: _____

<u>RULE 7 NOTICE OF DISCRETIONARY APPEAL</u>

5. NAMES OF ALL OTHER PARTIES AND COUNSEL IN TRIAL COURT

_____
_____
_____
_____
_____
_____
_____

6. DATE OF CLERK'S NOTICE OF DECISION OR SENTENCING.

_____

DATE OF CLERK'S NOTICE OF DECISION ON POST-TRIAL MOTION, IF ANY.

_____

7. CRIMINAL CASES: DEFENDANT'S SENTENCE AND BAIL STATUS

_____
_____
_____
_____
_____

8. APPELLATE DEFENDER REQUESTED?  ☐ YES  ☐ NO

IF YOUR ANSWER IS YES, YOU <u>MUST</u> CITE STATUTE OR OTHER LEGAL AUTHORITY UPON WHICH CRIMINAL LIABILITY WAS BASED AND ATTACH FINANCIAL AFFIDAVIT (OCC FORM 4)

_____
_____

9. IS ANY PART OF CASE CONFIDENTIAL?  ☐ YES  ☐ NO

IF SO, IDENTIFY WHICH PART AND CITE AUTHORITY FOR CONFIDENTIALITY.
SEE SUPREME COURT RULE 12.

_____
_____

10. IF ANY PARTY IS A CORPORATION LIST THE NAMES OF PARENTS, SUBSIDIARIES AND AFFILIATES.

_____
_____

11. DO YOU KNOW OF ANY REASON WHY ONE OR MORE OF THE SUPREME COURT JUSTICES WOULD BE DISQUALIFIED FROM THIS CASE?  ☐ YES  ☐ NO

IF YOUR ANSWER IS YES, YOU MUST FILE A MOTION FOR RECUSAL IN ACCORDANCE WITH SUPREME COURT RULE 21A.

12. IS A TRANSCRIPT OF TRIAL COURT PROCEEDINGS NECESSARY FOR THIS APPEAL?
☐ YES  ☐ NO

IF YOUR ANSWER IS YES, YOU <u>MUST</u> COMPLETE THE TRANSCRIPT ORDER FORM ON PAGE 4 OF THIS FORM.

Case: 13-1059   Document: 00116531780   Page: 45   Date Filed: 05/17/2013   Entry ID: 5734832

13.  NATURE OF CASE AND RESULT (Limit two pages double-spaced; please attach.)

14.  ISSUES ON APPEAL (Limit eight pages double-spaced; please attach.)
     The New Hampshire Supreme Court reviews each discretionary notice of appeal and decides whether to accept the case, or some issues in the case, for appellate review.  The following acceptance criteria, while neither controlling nor fully describing the court's discretion, indicate the character of the reasons that will be considered.

   1. The case raises a question of first impression, a novel question of law, an issue of broad public interest, an important state or federal constitutional matter, or an issue on which there are conflicting decisions in New Hampshire courts.
   2. The decision below conflicts with a statute or with prior decisions of this court.
   3. The decision below is erroneous, illegal, and unreasonable or was an unsustainable exercise of discretion.

     Separately number each issue you are appealing and for each issue:  (a) state the issue; (b) explain why the acceptance criteria listed above support acceptance of that issue; and (c) if a ground for appeal is legal sufficiency of evidence include a succinct statement of why the evidence is alleged to be insufficient as a matter of law.

15.  ATTACHMENTS
     Attach to this notice of appeal the following documents in order:  (1) a copy of the trial court decision or order from which you are appealing; (2) the clerk's notice of the decision below; (3) any court order deciding a timely post-trial motion; and (4) the clerk's notice of any order deciding a timely post-trial motion.

     Do not attach any other documents to this notice of appeal.  Any other documents you wish to submit must be included in a separately bound Appendix, which must have a table of contents on the cover and consecutively numbered pages.

16.  CERTIFICATIONS
     I hereby certify that every issue specifically raised has been presented to the court below and has been properly preserved for appellate review by a contemporaneous objection or, where appropriate, by a properly filed pleading.


_____
Appealing Party or Counsel


     I hereby certify that on or before the date below, copies of this notice of appeal were served on all parties to the case and were filed with the clerk of the court from which the appeal is taken in accordance with Rule 26(2).


_____        _____
Date                                   Appealing Party or Counsel

Case: 13-1059   Document: 00116531780   Page: 46   Date Filed: 05/17/2013   Entry ID: 5734832

Case Name: _____

<u>**RULE 7 NOTICE OF DISCRETIONARY APPEAL**</u>

# TRANSCRIPT ORDER FORM

**INSTRUCTIONS:**
1. If a transcript is necessary for your appeal, you <u>must</u> complete this form.
2. List each portion of the proceedings that must be transcribed for appeal, e.g., entire trial (see Supreme Court Rule 15(3)), motion to suppress hearing, jury charge, etc., and provide information requested.
3. Determine the amount of deposit required for each portion of the proceedings and the total deposit required for all portions listed. Do <u>not</u> send the deposit to the Supreme Court. You will receive an order from the Supreme Court notifying you of the deadline for paying the deposit amount to the court transcriber. Failure to pay the deposit by the deadline may result in the dismissal of your appeal.
4. The transcriber will produce a digitally-signed electronic version of the transcript for the Supreme Court, which will be the official record of the transcribed proceedings. The court also will be provided with a paper copy of the transcript. The parties will be provided with an electronic copy of the transcript in PDF-A format.

| PROCEEDINGS TO BE TRANSCRIBED | | | | | |
|---|---|---|---|---|---|
| PROCEEDING DATE (List each day separately, e.g. 5/1/11; 5/2/11; 6/30/11) | TYPE OF PROCEEDING (Motion hearing, opening statement, trial day 2, etc.) | NAME OF JUDGE | LENGTH OF PROCEEDING (in .5 hour segments, e.g.,1.5 hours, 8 hours) | RATE (standard rate unless ordered by Supreme Court) | DEPOSIT |
| | | | | X $137.50 | $ |
| | | | | X $137.50 | $ |
| | | | | X $137.50 | $ |
| | | | | X $137.50 | $ |
| | | | | X $137.50 | $ |
| | | | | X $137.50 | $ |
| | | | | X $137.50 | $ |
| | | | | X $137.50 | $ |
| | | | | X $137.50 | $ |
| | | | | X $137.50 | $ |
| | | | | **TOTAL DEPOSIT** | $ |

| PROCEEDINGS PREVIOUSLY TRANSCRIBED | | | | | |
|---|---|---|---|---|---|
| PROCEEDING DATE (List date of each transcript volume) | TYPE OF PROCEEDING (Motion hearing, opening statement, trial day 2, etc.) | NAME OF JUDGE | NAME OF TRANSCRIBER | DO ALL PARTIES HAVE COPY (YES OR NO) | DEPOSIT FOR ADDITIONAL COPIES |
| | | | | ☐ Yes ☐ No | TBD |
| | | | | ☐ Yes ☐ No | TBD |
| | | | | ☐ Yes ☐ No | TBD |

**NOTE:** The deposit is an estimate of the transcript cost. After the transcript has been completed, you will be required to pay an additional amount if the final cost of the transcript exceeds the deposit. Any amount paid as a deposit in excess of the final cost will be refunded. The transcript will not be released to the parties until the final cost of the transcript is paid in full.

Case: 13-1059     Document: 00116531780     Page: 47     Date Filed: 05/17/2013     Entry ID: 5734832

Case: 13-1059    Document: 00116531780    Page: 48    Date Filed: 05/17/2013    Entry ID: 5734832