UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT
_____

No. 13-1059
_____

Stephen L. D'Angelo

Plaintiff - Appellant

v.

New Hampshire Supreme Court
Brian Germaine, Esq.

Defendant(s) - Appellee(s)

_____

United States District Court for the District of New Hampshire
_____

BRIEF FOR NEW HAMPSHIRE SUPREME COURT

> NEW HAMPSHIRE SUPREME COURT
> (Defendant-Appellee)
>
> JOSEPH A. FOSTER
> ATTORNEY GENERAL
>
> Nancy J. Smith, First Circuit Bar No. 25497
> Senior Assistant Attorney General
> Civil Bureau
> 33 Capitol Street
> Concord, NH  03301-6397
> (603) 271-3650
> nancy.smith@doj.nh.gov

July 9, 2013

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................ ii

JURISDICTIONAL STATEMENT ............................................................ 1

STATEMENT OF ISSUES ........................................................................ 2

STATEMENT OF CASE ........................................................................... 3

STATEMENT OF FACTS ......................................................................... 5

SUMMARY OF ARGUMENT .................................................................. 8

ARGUMENT ............................................................................................ 10

   I.   Standard of Review.................................................................... 10

   II.  New Hampshire Supreme Court Rule 3 Does Not Violate
       Due Process................................................................................ 12

   III.  New Hampshire Supreme Court Rule 3 Does Not
        Violate Equal Protection .................................................... 17

   IV.  Claims For Damages Against The New Hampshire Supreme
        Court Are Barred By Judicial Immunity ......................................... 18

   V.   Claims For Damages Against The New Hampshire Supreme
        Court Are Also Barred By Eleventh Amendment Immunity .......... 20

   VI.  The Claims For Injunctive Relief Seeking To Set Aside
        Orders Of The State Courts Are Barred By The Rooker-
        Feldman Doctrine ........................................................................ 22

   VII. Any Claim For Injunctive Relief Seeking To Set Aside Orders
        Of The State Courts Would Also Be Barred Under 42
        U.S.C. § 1983 .................................................................................. 26

CONCLUSION .......................................................................................... 28

CERTIFICATION ..................................................................................... 28

ADDENDUM ............................................................................................ 30

## <u>TABLE OF AUTHORITIES</u>

### Cases

*Adsani v. Miller*, 139 F.3d 67 (2d Cir. 1998)..................................................... 12, 18

*Appeal of O'Rourke*, 300 Minn. 158 (1974) ............................................................14

*Arizonans for Official English v. Arizona,* 520 U.S. 43 (1997)...............................22

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................. 11, 17

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)..............................................10

*Boateng v. InterAmerican University, Inc.,* 210 F.3d 56 (1st Cir. 2000), *cert. denied*
   531 U.S. 904 (2000) ..............................................................................................11

*Brown v. Newberger*, 291 F. 3d 89 (1st Cir. 2002) .................................................19

*Burkes v. Callion*, 433 F.2d 318 (9th Cir. 1970) .....................................................20

*C.G. v. Five Town Cmty. Sch. Dist.*, 513 F.3d 279 (1st Cir. 2008) ........................27

*Cimini v. Massachusetts*, 2011 U.S. Dist. LEXIS 56478, 11 (D. Mass. May 25, 2011)................................................................................................................25

*Cok v. Cosentino*, 876 F.2d 1 (1st Cir. 1989) ................................................... 19, 20

*Colassi v. Forrest*, 2011 U.S. Dist. LEXIS 138503 (D.N.H. Nov. 8, 2011), *affirmed Colassi v. Forrest*, 2011 U.S. Dist. LEXIS 138587 (D.N.H. Nov. 30, 2011) ................................................................................................24

*Conway v. Garvey*, 117 Fed.Appx. 792, 2004 WL 2786380 (2d Cir. 2004)...........27

*Cruz v. Melecio*, 204 F.3d 14 (1st Cir. 2000) ..........................................................11

*Davison v. Govt of Puerto Rico*, 471 F.3d 220  (1st Cir. 2006) ..............................23

*Decker v. Hillsborough County Attorney's Office*, 845 F.2d 17 (1st Cir. 1988).....19

*Edelman v. Jordan*, 415 U.S. 651 (1974) ................................................................22

*Estate of Bennett*, 548 F.3d 155 (1st Cir. 2008) ......................................................10

*Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280 (2005) .............................23

*Feldman,* 460 U.S. 462 (1983)..................................................................................24

*Formanek v. Pines*, 69 Fed. Appx. 504 (2d Cir. 2003)............................................25

*Fortune v. Mulherrin*, 533 F.2d 21 (1st Cir. 1976)..................................................24

*Fowler v. Alexander*, 478 F.2d 694 (4th Cir. 1973) ................................................20

*Francis v. Crafts*, 203 F.2d 809 (1st Cir. 1953) ......................................................19

*Galibois v. Fis*her, 174 Fed. Appx. 579 (1st Cir. 2006) ..........................................23

*Giragosian v. Ryan*, 547 F.3d 59 (1st Cir. 2008)...................................................11

*Gray v. Evercore Restructuring L.L.C.*, 544 F.3d 320 (1st Cir. 2008)....................10

*Griffin v. Illinois*, 351 U.S. 12 (1956)................................................................ 12, 13

*Hill v. Town of Conway*, 193 F.3d 33 (1st Cir. 1999)..............................................23

*In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12 (1st Cir. 2003)....................11

*Lance v. Dennis*, 546 U.S. 459 (2006)....................................................................23

*Lindsey v. Normet*, 405 U.S. 56 (1972) ...................................................................18

*Mannix v. Machnik*, 244 Fed. Appx. 37 (7th Cir. 2007)..........................................25

*McKane v. Durston*, 153 U.S. 684 (1894) ........................................................ 12, 13

*Miller v. Nichols*, 586 F.3d 53 (1st Cir. 2009)................................................. 23, 25

*Mireles v. Waco*, 502 U.S. 9 (1991).........................................................................19

*Mosley v. Bowie County Tex.*, 275 Fed. Appx. 327 (5th Cir. 2008)........................25

*Nollet v. Justices of Trial Court of Com. of Massachusetts*, 248 F.3d 1127 (Table),
    2000 WL 1803320 (1st Cir. 2000), *affirming* 83 F.Supp.2d 204 (D. Mass. 2000)
    .............................................................................................................................27

*Oneida v. Oneida Indian Nation*, 470 U.S. 226 (1985)..........................................21

*Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984).....................22

*Pierson v. Ray*, 386 U.S. 547 (1967) ......................................................................19

*Pomerleau v. West Springfield Public Schools,* 362 F.3d 143 (1st Cir. 2004)........15

*Pulliam v. Allen*, 466 U.S. 522 (1984)....................................................................26

*Ramirez v. Puerto Rico Fire Service*, 715 F.2d 694 (1st Cir. 1983)........................22

*Redford v. Gwinnett County Judicial Circuit*, 350 Fed. Appx. 341 (11th Cir.
    2009) ..................................................................................................................25

*Rhoades v. State*, 813 P.2d 234 (Wyo. 1991) .........................................................14

*Ritter v. Ross*, 992 F.2d 750 (7th Cir. 1993)...........................................................24

*Rodi v. Southern New England School of Law*, 389 F. 3d 5 (1st Cir. 2004) ...........11

*Rodriguez-Borges v. Lugo-Mender,* 2013 U.S. Dist. LEXIS 52528, 7 (D.P.R.
    Mar. 28, 2013) ....................................................................................................15

*Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923) ................................................. 23

*Roth v. King*, 449 F.3d 1272 (D.C. Cir. 2006) ........................................................ 26

*Rowe v. City of Detroit,* 2000 U.S. App. LEXIS 28066 (6th Cir. Mich.
    Nov. 2, 2000) ...................................................................................................... 25

*San Antonio School Dist. v. Rodriguez,* 411 U.S. 1 (1973) .................................... 18

*Sheehan  v. Marr*, 207 F.3d 35 (1st Cir. 2000) ....................................................... 23

*Silva v. Massachusetts*, 351 Fed. Appx. 450 (1st Cir. 2009) ................................. 23

*Slotnick v. Garfinkle*, 632 F.2d 163 (1st Cir. 1980) .............................................. 20

*Slotnick v. Staviskey*, 560 F.2d 31 (1st Cir. 1977) ................................................ 20

*Sullivan v. Kelleh*er, 405 F.2d 486 (1st Cir. 1968) ................................................ 20

*Trigones v. Attorney Gen.*, 420 Mass. 859 (1995) .................................................. 14

*United States v. MacCollom,* 426 U.S. 317 (1976) ................................................. 12

*United States v. Nishnianidze*, 342 F.3d 6 (1st Cir. 2003) ................................ 19, 21

*United States v. Puzzanghera*, 820 F.2d 25 (1st Cir. 1987) ................................... 13

*Watterson v. Paige*, 987 F.2d 1 (1st Cir. 1993) ............................................... 11, 12

*Wideman v. Colorado,* 382 Fed. Appx. 743 (10th Cir. 2010) ................................ 25

*Williams v. Wood*, 612 F.2d 982 (5th Cir. 1980) ................................................... 20

*Wilson v. Brock*, 2002 U.S. Dist. LEXIS 13565, 13 (D.N.H. 2002) ...................... 25

## Statutes

28 U.S. C. § 1291 ....................................................................................................... 1

42 U.S.C. § 1983 ............................................................................................... passim

## Rules

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 10, 11

New Hampshire Supreme Court Rule 3 .............................................................. passim

New Hampshire Supreme Court Rule 7 .............................................................. 17, 24

New Hampshire Supreme Court Rule 10 ................................................................. 15

## Other Authorities

Federal Court Improvement Act of 1996, P.L. 104-317, § 309 ........................ 9, 27

Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 309(c), 110 Stat. 3847, 3853 (codified as amended at 42 U.S.C. § 1983 (2000) ...........................26

U.S. Const. Amend. V .................................................................. 2, 3, 12, 18

U.S. Const. Amend. XI .................................................................. passim

U.S. Const. Amend. XIV ............................................................. 2, 3, 18

## <u>JURISDICTIONAL STATEMENT</u>

The First Circuit Court has jurisdiction under 28 U.S. C. § 1291 as this is an appeal from a final determination of the United States District Court for the District of New Hampshire  order dated December 20, 2012.  Appx, Exhibit P.[1] As the notice of appeal was filed on January 9, 2013 there is no dispute that the appeal is timely.

---

[1] "Appx" refers to the Appendix filed by the Appellant.  Appellees note that the Appellant failed to comply with the requirement that the order appealed from be attached as an addendum to the brief (Local Rule 28), although it is included in the Appendix, did not consult opposing counsel as to the content of the Appendix, and that the Appendix has not been consecutively page numbered.  Therefore the references in this brief will be to the "Exhibit" designation in the Appendix index, and the page number, if any, in that document.  Any relevant portion of the record not included in the Appendix will be included in this brief as an addendum and referred to herein as "D. Add."

## STATEMENT OF ISSUES

1.      Did the District Court correctly find that New Hampshire Supreme Court Rule 3 does not violate Fourteenth and Fifth Amendment due process?

2.      Did the District Court correctly find that New Hampshire Supreme Court Rule 3 does not violate Fourteenth Amendment equal protection?

3.      Did the District Court correctly find that claims for damages against the New Hampshire Supreme Court for failure to supervise the Family Court are barred by judicial immunity?

4.      Did the District Court also correctly find that claims for damages against the New Hampshire Supreme Court for failure to supervise the Family Court would be barred by Eleventh Amendment immunity?

5.      Did the District Court correctly find that any claim for injunctive relief seeking to set aside orders of the state courts are barred by the *Rooker-Feldman* doctrine?

6.      Could the District Court have also determined that any claim for injunctive relief seeking to set aside orders of the state courts were barred by changes in 42 U.S.C. § 1983 that expressly barred injunctive relief in any action brought against a judicial officer for an act or omission taken in the officer's judicial capacity?

## STATEMENT OF CASE

Stephen D'Angelo, an attorney appearing pro se, filed this action on October 25, 2012 against the New Hampshire Supreme Court (NHSC) and Brian Germaine, a Commissioner that had been appointed in the Family Court matter, seeking compensatory, declaratory, and injunctive relief, asserting that the state courts violated his Fifth and Fourteenth Amendment rights during the course of child support proceedings to which he was a party.  Appx, Exhibit 1.  He also filed a motion for a temporary restraining order and permanent injunction on November 1, 2012.  The requests for injunctive relief were referred to the magistrate judge, who issued a report and recommendation (R & R) that the injunctive relief be denied and the complaint dismissed on November 8, 2012.  Appx, Exhibit L.  The NHSC filed a motion to dismiss on November 19, 2012.  D. Add., p. 31.  Germaine filed a motion to dismiss on November 26, 2012.  Appx, Exhibit N.  D'Angelo objected to the R & R and the motions to dismiss.  Appx, Exhibit M and O.  On December 20, 2012 the district court issued an order affirming in part the R & R and granting the motions to dismiss the remainder of the complaint.  Appx, Exhibit P.  This appeal followed on January 9, 2013.

The statement of the case in Appellant's brief contains unsupported statements that are factually incorrect.  There is no support in NHSC Rule 3 for the claim that the rule was designed to be a "barrier" to cases from the family courts or the claim that the eight page limit for identifying issues in Rule 7 related to discretionary appeals is inadequate.

## STATEMENT OF FACTS

The complaint and documents of which the District Court was entitled to take judicial notice demonstrated that at bottom, Appellant was asking the federal court to vacate and reverse orders of the Derry Family Court ("DFC") that were appealed to the New Hampshire Supreme Court ("NHSC") but that were declined by the NHSC, and/or to require the DFC to provide a further evidentiary hearing. *See* Complaint (Appx. Exhibit 1) and NHSC order declining Discretionary Appeal. D. Add., p. 43;  NHSC Memo of Law in support of Motion to Dismiss, Exhibit A. While D'Angelo complains at length about what the DFC did, in this complaint he did not name the DFC, but only the NHSC.  His complaint against the NHSC, contained in the first three Counts, was analyzed by the district court as arising under the 5th and 14th Amendment due process clause and equal protection clause.[2] His arguments are based on the fact that the NHSC rules provide only a discretionary appeal, not a mandatory appeal under Supreme Court Rule 3 from Family Court orders entered after the initial final divorce decree or legal separation.  Appx, Exhibit 1, Complt., ¶ 98 and Counts I, II, III.  Appellant also sought to enjoin the DFC orders and requested that the federal court require the

---

[2] The court also analyzed Rule 3 under equal protection, Appx, Exhibit P, p. 4, although that issue was not clearly raised in the Complaint, Appx, Exhibit 1. However it was raised in Appellant's motion for temporary injunctive relief and his objection to the NHSC's motion to dismiss.  Appx, Exhibit O, p. 2, therefore the NHSC will address it in this brief.

5

DFC to provide an evidentiary hearing.  Appx, Exhibit 1, Complt., Counts I and II and prayer for relief.  He further requested damages against the NHSC for failure to supervise the DFC in ¶ 122, Count III.  Appx, Exhibit 1, Complt., Count III. Counts IV through IX of the Complaint were stated against Germiane only.   Appx, Exhibit 1, Complt.

As found by the district court, D'Angelo had been involved in an ongoing dispute over his child support obligations since approximately 2006.  The DFC conducted a number of hearings and issued several orders in an effort to resolve D'Angelo's financial obligations to his son.  In those various orders, the court observed that, D'Angelo "has a well-documented history of thwarting the discovery process and of selectively excluding relevant financial information to the detriment of the Petitioner," Appx, Exhibit H, DFC Order dated May 15, 2012 at 1 (quoting a prior order).  It also noted that it had "already found Mr. D'Angelo in Contempt of Court on multiple occasions."  *Id*. at 3.  The court went on to observe that D'Angelo (a practicing attorney): would represent that his gross income ranges from $29,500 to a high of $93,387.00 while being able to travel extensively, own two Porsche automobiles, purchase a 40ft yacht for $190,000.00, own several automobiles to include a Lexus, and maintain a lifestyle that would indicate by his travel, entertainment, and expenditures that he has disposable monies in excess of those stated on his Financial Affidavit.  *Id.* at 2.

Given those ongoing concerns, in September of 2011, the court appointed

Attorney Brian Germaine as a Commissioner, to investigate and report to the court

with regard to D'Angelo's gross income from 2006 forward.  In May of 2012, the

court conducted yet another hearing, to address several pending motions.  At that

hearing, Commissioner Germaine presented his findings.  The court determined

them to be well-supported and credible, and adopted them as to D'Angelo's gross

income from 2006 forward. Appx, Exhibit H, DFC Order at 10.  It also found, "by

clear and convincing evidence that [D'Angelo] had the ability to make [past

support payments] to the Petitioner and chose to pay his own bills despite being

cautioned by this Court." *Id.* at 4.  It then held D'Angelo in contempt for having

failed to pay past-due child support obligations, entered judgment in favor of

D'Angelo's former wife in the amount of more than $110,000.00, and modified

D'Angelo's monthly child support obligations going forward. *Id.* at 10-12.

D'Angelo filed a Notice of Discretionary Appeal to the New Hampshire

Supreme Court, but the court declined to hear his appeal.  Appx, Exhibit I; D. Add.

p. 43; NHSC Memo of Law in support of Motion to Dismiss, Exhibit A.

## SUMMARY OF ARGUMENT

The District Court correctly held that there is no federal constitutional right to a mandatory appeal.  The United States Supreme Court has rejected the idea that the Due Process clause requires a state to establish a right to appellate review of all orders.  Likewise, although equal protection was not explicitly raised in the complaint, the District Court correctly found that NHSC Rule 3 does not arbitrarily or capriciously distinguish between litigants in the family court.  Rather, it permissibly distinguishes between different types orders, in regard to some of which it will always grant an appeal, and others in which it has reserved its right to exercise discretionary review.

The District Court also correctly held that D'Angelo's claim for damages against the NHSC for failure to supervise the DFC is barred by judicial immunity.  In the brief to this court, Appellant's issue statement appears to contest this finding, however the argument section related to judicial immunity deals solely with the finding that Mr. Germaine was also entitled to judicial immunity.  *See* Appellant's Brief, p. 23-27.  Therefore Appellant has waived any right to assert that judicial immunity as to the NHSC was wrongly applied.  Further, and as an independent basis for the District Court's ruling dismissing the damages claims as to the NHSC, the court correctly held that any such claim is barred by Eleventh

Amendment sovereign immunity, which prohibits a federal court from considering

claims for damages against a state entity.

Finally, although the court's rulings finding no federal constitutional claim

make it unnecessary to reach the issue, the District Court's finding that the claims

for injunctive relief to set aside and/or vacate the orders of the DFC and to order a

further evidentiary hearing are barred by the *Rooker-Feldman* doctrine was correct.

Alternatively, such claims for injunctive relief would also be barred by changes in

42 U.S.C. § 1983 in the Federal Court Improvement Act of 1996, P.L. 104-317, §

309, which expressly barred injunctive relief in any action brought against a

judicial officer for an act or omission taken in the officer's judicial capacity.

# ARGUMENT

## I.    Standard of Review

The Appellate Court reviews decisions on motions to dismiss or subject

matter jurisdiction de novo. *Federacion de Maestros de Puerto Rico v. Junta de*

*Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 20 (1st Cir. 2005).  On a

motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) the court takes all well

pleaded facts in the complaint as true and draws all reasonable inferences in the

plaintiff's favor. *Gray v. Evercore Restructuring L.L.C.*, 544 F.3d 320, 324 (1st

Cir. 2008).  The Supreme Court has rejected the "no set of facts" formulation for

pleadings in favor of a more rigorous standard that requires more of the plaintiff.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007).  Although a

complaint "does not need detailed factual allegations," the court should reject

"unsupported conclusions or interpretations of law." *Estate of Bennett*, 548 F.3d

155, 162 (1st Cir. 2008) (quotations omitted) (citing *Twombly*, 550 U.S. at 555-

56).  The allegations "must be enough to raise a right to relief above the

speculative level." *Id.*  Put differently, dismissal is appropriate "if the complaint

fails to state facts sufficient to establish a claim to relief that is plausible on its

face." *Gray,* 544 F.3d at 324 (quotations omitted); *see Estate of Bennett*, 548 F.3d

at 162 (to survive dismissal, a complaint "must possess enough heft to set forth a

plausible entitlement to relief") (quotations omitted)).

10

This more stringent standard was confirmed and elaborated on by the

Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court made

it clear that "[f]irst, the tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions. Threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do

not suffice." *Id*. at 678. The court also made it clear that the *Twombly* standard

applies to all federal civil cases. *Id*. at 684.

In determining a motion to dismiss the court is generally confined to the

pleadings. However, a court may consider matters of official records, including

documents from prior state court proceedings, without being required to convert a

Fed. R. Civ. P. 12(b)(6) motion to a motion for summary judgment. *Giragosian v.*

*Ryan*, 547 F.3d 59, 66 (1st Cir. 2008); *In re Colonial Mortgage Bankers Corp*.,

324 F.3d 12, 15 (1st Cir. 2003); *Boateng v. InterAmerican University, Inc.,* 210

F.3d 56, 60 (1st Cir. 2000), *cert. denied* 531 U.S. 904 (2000); *Watterson v. Paige*,

987 F.2d 1, 3-4 (1st Cir. 1993). Likewise, matters that are appropriate for judicial

notice are not outside the pleadings for purposes of determining whether a motion

must be converted to one for summary judgment. *Rodi v. Southern New England*

*School of Law*, 389 F. 3d 5, 12 (1st Cir. 2004); *Cruz v. Melecio*, 204 F.3d 14, 21

(1st Cir. 2000). Additionally, the court must consider not only the complaint, but

documents annexed to it or other materials fairly incorporated within it, which may include documents that are referred to in the complaint, but not attached. *Id*.

## II.    New Hampshire Supreme Court Rule 3 Does Not Violate Due Process

The District Court found that NHSC Rule 3 does not violate due process because the 5th and 14th Amendment Due Process provisions do not create a protected procedural due process right to an appeal of the DFC order.  Appx. Exhibit P, p. 7.  This finding is correct.  There simply is no federal constitutional right to an appeal in a civil matter under the United States Constitution 5th or 14th Amendment.  "It is true that a State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all.  *See, e. g., McKane v. Durston*, 153 U.S. 684, 687-88."  *Griffin v. Illinois*, 351 U.S. 12, 18 (1956).  "As a preliminary matter, the Due Process Clause of the Fifth Amendment does not establish an absolute right to an appeal.  *See United States v. MacCollom,* 426 U.S. 317, 323 (1976)."  *Adsani v. Miller*, 139 F.3d 67, 76-77 (2d Cir. 1998).

In *United States v. MacCollom,* the issue before the court was whether due process required that an indigent criminal defendant be provided a free transcript when seeking to collaterally appeal his conviction.  In holding that due process and equal protection do not require a free transcript, the plurality opinion noted that due process does not establish an absolute right to an appeal.  *MacCollum* , 426 U.S. at 323, citing *Griffin v. Illinois*, 351 U.S. 12, 18 (1956).  *Griffin* also dealt

with the question of whether the right to appeal in criminal cases on a direct appeal

could effectively be conditioned on the ability to pay for a transcript.  Although the

court found that a requirement that discriminated against the poor would violate

due process, it again noted that "a State is not required by the Federal Constitution

to provide appellate courts or a right to appellate review at all."  *Griffin*, 351 U.S.

at 18, citing *McKane v. Durston*, 153 U.S. 684, 687-688 (1894).

     *McKane v. Durston,* although again arising in the context of criminal

appeals, addressed the issue of whether there is a federal constitutional right to an

appeal at all in a more substantive manner*,* stating;

> An appeal from a judgment of conviction is not a matter of absolute
> right, independently of constitutional or statutory provisions allowing
> such appeal.  A review by an appellate court of the final judgment in a
> criminal case, however grave the offence of which the accused is
> convicted, was not at common law and is not now a necessary element
> of due process of law.  It is wholly within the discretion of the State to
> allow or not to allow such a review.  A citation of authorities upon the
> point is unnecessary.

*Id.* at 687.  The First Circuit has cited *McKane* for this very proposition.  *United*

*States v. Puzzanghera*, 820 F.2d 25, 26 (1st Cir. 1987).

     State courts that have addressed the issue have explicitly held that their state

constitutional provisions do not create a right to a mandatory appeal in every

instance.  Statutes or rules governing what type of matters can be appealed and

13

to which courts are constitutional.  *Appeal of O'Rourke*, 300 Minn. 158 (1974);
*Trigones v. Attorney Gen.*, 420 Mass. 859 (1995).  Further, as recently as 1987, one
state has gone from having mandatory appeals to discretionary writ of certiorari
appeals.  Wyo. Stat. § 5-2-119, *Rhoades v. State*, 813 P.2d 234, 238, fn 2 (Wyo.
1991).

    *Trigones* presents a particularly apt analogy, as it involved the fact that a
capital murder defendant is not given unlimited appeals as of right to orders in post
conviction matters.  Instead, such orders are subject to the review of a single
justice who determines if they are new and substantial issues.  This is similar to the
New Hampshire process for family courts, which allows an appeal as of right to the
initial divorce decree, but requires the litigant to convince the NHSC that any
appeal from subsequent post-divorce orders about continuing child or spousal
support orders presents substantial issues or clear error.

    Appellant's brief fails to address the United States Supreme cases holding
that there is no due process right to a mandatory appeal relied on by the district
court.  *See* Appellant's Brief, p. 17 to 23.  Instead, he attempts to analogize his
argument to procedural requirements that limited access to trial courts by inmates
and bond requirements for "foreign" plaintiffs.  Given the binding, on point
precedent cited by Appellee and relied on by the District Court, these analogies are
not persuasive or controlling.

14

To the extent that Appellant also tries to introduce a new argument, that this is a denial of access to the courts under the state constitution, Appellant's Brief, p. 14-16, the state constitution cannot be a source of federal rights.  Further, to the extent that he argues that it is a denial of access to the courts under the federal constitution under the privileges and immunities clause of the article 4 of the 14th Amendment, Appellant's Brief, p. 17, issues raised for the first time on appeal will not be considered.  *Pomerleau v. West Springfield Public Schools,* 362 F.3d 143, 146 (1st Cir. 2004); *Rodriguez-Borges v. Lugo-Mender,* 2013 U.S. Dist. LEXIS 52528, 7 (D.P.R. Mar. 28, 2013).

It should also be noted that Appellant's description of the provisions of NHSC Rule 3 defining what is not a mandatory appeal as applying "only to family court cases" is inaccurate.  Appellant's Brief, p. 13.  Rule 3 has eight (8) other categories of orders that are also not allowed mandatory appeals, including decisions on habeas corpus, collateral challenges to criminal convictions, sentence modification and imposition, parole revocation, probation revocation, some landlord tenant actions, and motions to intervene.  Further, under NHSC Rule 10, all appeals from administrative decisions are discretionary.   Appellant's claim that the "uncontested purpose of Rule 3 was to hold down the number of appeals specifically generated from the New Hampshire Family courts" is also incorrect and demonstrates a lack of familiarity with the history of mandatory and

discretionary appeals in New Hampshire. Until ten years ago, all appeals in New Hampshire were discretionary. On November 12, 2003 the NHSC adopted as temporary rules various amendments providing for mandatory appeals in many types decisions, while still maintaining some discretionary appeals. *See* D. Add., p. 44, NHSC Order, 11/12/03, with excerpt of Rules 3-10. The stated purpose of this experiment was the NHSC's "intention to expand the appellate review process, increasing the number of appeals from trial courts that are accepted by the court for review." *Id*. at p. 44. Although the NHSC subsequently limited the expansion of mandatory appeals from family court to only appeals from the final divorce decree or legal separation, D. Add., p. 54, NHSC Order, 10/9/07, with excerpt of Rule 3, this was still an expansion of the right to mandatory appeals, as prior to 2003, even appeals from a final divorce decree had been discretionary.

It is also undisputed that there is still a discretionary appeal avenue. However, appellants must convince at least one justice that there is a legal issue or factual error worthy of review. The discretionary review form requires the party seeking to appeal to describe why their appeal meets the criteria generally applied by the court is exercising its discretion:

> 1. The case raises a question of first impression, a novel question of law, an issue of broad public interest, an important state or federal constitutional matter, or an issue on which there are conflicting decisions in New Hampshire courts.
> 2. The decision below conflicts with a statute or with prior decisions of this court.

16

3. The decision below is erroneous, illegal, and unreasonable or was
an unsustainable exercise of discretion.

*See* Appx. Exhibit I, p. 3, Rule 7 Discretionary Appeal form.  Here, the problem is

not that Appellant did not have an avenue to appeal, but that he was unable to

convince any justice that the decision below from the DFC conflicted with law or

was factual erroneous.

There are no facts or legal support for the bald legal conclusion that New

Hampshire courts are required to provide a mandatory appeal in every instance.

"Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."  *Iqbal,* 556 U.S. at 678-79.  The conclusory

allegations in this pleading were insufficient to support a plausible inference that

any of Mr. D'Angelo's civil rights have been violated.  Therefore Appellant's

claim was correctly dismissed.

## III.  New Hampshire Supreme Court Rule 3 Does Not Violate Equal Protection

As the district court noted, if there is an appeal process, it cannot be "granted

to some litigants and capriciously or arbitrarily denied to others without violating

the Equal Protection Clause."  Appx. Exhibit P, p. 8.

"In addition, neither the Equal Protection Clause of the Fourteenth Amendment nor the equal protection aspect of the Fifth Amendment require litigants receive "absolute equality or precisely equal advantages."  *Id.* (quoting *San Antonio School Dist. v. Rodriguez,* 411 U.S. 1 (1973)).  "When an appeal is afforded, however, it cannot be granted to some litigants and capriciously or arbitrarily denied to others without violating the Equal Protection Clause." *Lindsey v. Normet*, 405 U.S. 56, 77 (1972). Therefore, principles of due process and equal protection mandate that an appeal process established by statute must be fairly and equally accessible to all litigants.  *Cf. Pearce,* 395 U.S. at 724-725."

*Adsani v. Miller*, 139 F.3d 67, 76-77 (2d Cir. 1998).

The district court correctly went on to find that NHSC Rule 3 does not impermissibly distinguish between litigants, such as saying that only women have a mandatory appeal in a post divorce family court order, rather it permissibly distinguishes between categories of orders.  *Id.*  In other words, no litigants in family court post-divorce decree matters have a mandatory appeal, all are treated the same.  Therefore there is no equal protection violation.

## IV.    Claims For Damages Against The New Hampshire Supreme Court Are Barred By Judicial Immunity

The District Court correctly held that D'Angelo's claim for damages against the NHSC for failure to supervise the DFC is barred by judicial immunity.  Appx. Exhibit P, p. 9.  In the brief to this court, Appellant's issue statement appears to contest this finding, however the argument section related to judicial immunity deals solely with the finding that Mr. Germaine was also entitled to judicial

immunity.  *See* Appellant's Brief, p. 23-27.  Therefore Appellant has waived any right to assert that judicial immunity as to the NHSC was wrongly applied.  *United States v. Nishnianidze*, 342 F.3d 6, 18 (1st Cir. 2003) (Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.)

Even if the argument is not waived, the District Court correctly found judicial immunity barred any suit, not just damages, against the NHSC.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  Absolute immunity protects judges and their staff from civil liability for judicial acts.  *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Decker v. Hillsborough County Attorney's Office*, 845 F.2d 17, 21 (1st Cir. 1988).  Judicial immunity is firmly and deeply rooted in the traditions of Anglo-American law, reaching back to ancient times.  *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Francis v. Crafts*, 203 F.2d 809, 811 (1st Cir. 1953).  Judges do not lose immunity, even if their actions are erroneous, malicious, in excess of their authority, or disregardful of elementary principles of procedural due process.  *Decker,* 845 F.2d at 21.  In *Brown v. Newberger*, 291 F. 3d 89 (1st Cir. 2002) plaintiffs argued that the court appointed sexual abuse evaluators forfeited whatever absolute judicial immunity they had by violating plaintiffs constitutional rights.  The First Circuit rejected that argument stating:

Another argument made against both defendants is that they sacrificed whatever immunity they may have had by their actions violating plaintiffs' constitutional rights. Here, too, however, *Cok* makes a relevant comment about the nature of judicial immunity and therefore quasi-judicial immunity. We stated there that the entitlement is to "absolute immunity from civil liability for any normal and routine judicial act.... This immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive."

*Id*. at 94.

Likewise, judicial immunity has been extended to other court staff. *Slotnick v. Staviskey*, 560 F.2d 31, 32 (1st Cir. 1977) (court clerk enjoys absolute immunity); *Slotnick v. Garfinkle*, 632 F.2d 163, 166 (1st Cir. 1980) (parole board and probation officers); *Sullivan v. Kelleher*, 405 F.2d 486 (1st Cir. 1968) (court appointed medical examiners); *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980) (absolute immunity for clerks acting in a non-routine manner under instructions from the judge); *Fowler v. Alexander*, 478 F.2d 694, 696 (4th Cir. 1973) (sheriff and jailer confining plaintiff in execution of a court order absolutely immune); *Burkes v. Callion*, 433 F.2d 318 (9th Cir. 1970) (court reporters). Therefore the District Court correctly found that Appellant's claim for failure to supervise against the NHSC were barred by judicial immunity.

## V.    Claims For Damages Against The New Hampshire Supreme Court Would Also Be Barred By Eleventh Amendment Immunity

The District Court also correctly held that D'Angelo's claim for damages against the NHSC for failure to supervise the DFC, even if not barred by judicial

20

immunity, would be barred by the Eleventh Amendment.  Appx, Exhibit P, p. 9 -

10.  In the brief to this Court, Appellant's issue statement fails to address this

finding.  *See* Appellant's Brief, p. 2.  Therefore Appellant has waived any right to

assert that Eleventh Amendment immunity as to the NHSC was wrongly applied.

*United States v. Nishnianidze*, 342 F.3d at 18 (Issues adverted to in a perfunctory

manner, unaccompanied by some effort at developed argumentation, are deemed

waived).

Even if it has not been waived, the court correctly dismissed the Appellant's

claims based on the Eleventh Amendment.  "The Judicial power of the United

States shall not be construed to extend to any suit in law or equity, commenced or

prosecuted against one of the United States by citizens of another State…"  U.S.

Const. Amend. XI. "The Eleventh Amendment forecloses…the application of

normal principles of ancillary and pendent jurisdiction where claims are pressed

against the State…Neither pendent jurisdiction nor any other basis of jurisdiction

may override the Eleventh Amendment.  A federal court must examine each claim

in a case to see if the court's jurisdiction over that claim is barred by the Eleventh

Amendment."  *Oneida v. Oneida Indian Nation*, 470 U.S. 226, 251 (1985).

Absent State consent or waiver, or "unmistakably clear" Congressional

override, none of which is indicated here, sovereign immunity bars awarding

private parties damages which is payable from the State treasury.  *See Edelman v.*

21

*Jordan*, 415 U.S. 651, 668-69 (1974); *Ramirez v. Puerto Rico Fire Service*, 715 F.2d 694, 697 (1st Cir. 1983).  Although the State has waived immunity to tort claims in its own courts, "'a state's waiver of the Eleventh Amendment immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts.'"  *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)).  It is also well established that neither states, their agencies, or state officials sued in their official capacities are amenable to suit for damages pursuant to § 1983.  *See Arizonans for Official English v. Arizona,* 520 U.S. 43, 69 (1997).  Although it was somewhat difficult to discern the legal basis is for Appellant's claims against the NHSC, particularly Count III, the bottom line is that any claim for damages is barred by the Eleventh Amendment and was correctly dismissed under Fed. R. Civ. P. 12(b)(1).

## VI.    The Claims For Injunctive Relief Seeking To Set Aside Orders Of The State Courts Are Barred By The *Rooker-Feldman* Doctrine

The District Court correctly found that Count I of the complaint, in which D'Angelo requested that the federal court issue a preliminary injunction to enjoin the DFC from implementing its order (Appx. Exhibit 1, (no page #), para. 112), was barred by the *Rooker-Feldman* doctrine.  Appx. Exhibit P, p. 5-6.  This issue had been appealed to the NHSC, which had declined the appeal.  D. Add. p. 43; NHSC Memo of Law in support of Motion to Dismiss, Exhibit A.

The *Rooker-Feldman* doctrine precludes a federal district court from reviewing a final judgment of a state court. *See Lance v. Dennis*, 546 U.S. 459, 463 (2006) (under *Rooker-Feldman* doctrine, federal district courts are precluded from exercising appellate jurisdiction over final state-court judgments); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923). The *Rooker-Feldman* doctrine applies only in limited circumstances, to cases where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Galibois v. Fis*her, 174 Fed. Appx. 579, 580 (1st Cir. 2006) (citing *Lance*, 546 U.S. at 464-65 and *Exxon Mobil Corp. v. Saudi Basic Indus*., 544 U.S. 280, 291 (2005)), *see also Silva v. Massachusetts*, 351 Fed. Appx. 450, 455 (1st Cir. 2009), *Davison v. Govt of Puerto Rico*, 471 F.3d 220, 222-23 (1st Cir. 2006). *Rooker-Feldman* further forecloses federal court jurisdiction over claims that are inextricably intertwined with the claims adjudicated in a state court proceeding. *See Miller v. Nichols*, 586 F.3d 53, 59 (1st Cir. 2009). "A federal claim is inextricably intertwined with the state court claims 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" *Sheehan  v. Marr*, 207 F.3d 35, 40 (1st Cir. 2000) (quoting *Hill v. Town of Conway*, 193 F.3d 33, 39 (1st Cir. 1999)); see *Miller*, 586 F.3d at 59 (*Rooker-Feldman* bars jurisdiction where parties who lost in state court seek review and

rejection of state court judgment on legal grounds not actually litigated in state court).

Once a state court issues a final judgment, a federal district court lacks jurisdiction to review the decision even if the state court judgment is patently wrong or was entered following patently unconstitutional proceedings. *See D.C. Court of Appeal v. Feldman*, 460 U.S. 462, 486 (1983). Thus, a litigant may not seek to reverse a final state court judgment simply by recasting his complaint in the form of a civil rights action. *See Fortune v. Mulherrin*, 533 F.2d 21, 22 (1st Cir. 1976); *see also Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993).

Here, the DFC entered a detailed order, (Appx, Exhibit 1, Complt. Attachment H), and Appellant promptly appealed the order in a discretionary appeal to the NHSC, as allowed under NHSC Rule 3 and Rule 7(1)(B). Appx, Exhibit 1, Complt., Attachment I. The NHSC order declined the appeal in a final order. D. Add. p. 43; NHSC Memo of Law in support of Motion to Dismiss, Exhibit A.

Appellant argues that the order cannot be final because the DFC continues to have jurisdiction over his child support obligations and may and had held further proceedings. Appellant's Brief, p. 28. District courts in this circuit have applied *Rooker-Feldman* to cases involving child support obligations. *Colassi v. Forrest*, 2011 U.S. Dist. LEXIS 138503 (D.N.H. Nov. 8, 2011), *affirmed in Colassi v.*

*Forrest*, 2011 U.S. Dist. LEXIS 138587 (D.N.H. Nov. 30, 2011); *Wilson v. Brock*,

2002 U.S. Dist. LEXIS 13565, 13 (D.N.H. 2002).  A recent decision from a

Massachusetts district court explicitly rejects the contention that *Rooker-Feldman*

cannot be applicable to domestic relations cases because of the ongoing nature of

the issues.  *Cimini v. Massachusetts*, 2011 U.S. Dist. LEXIS 56478, 11 (D. Mass.

May 25, 2011).  While this specific issue does not appear to have been addressed

by the First Circuit, other circuit courts have also applied *Rooker-Feldman* to bar

re-litigation in federal court of state court domestic relations decisions.  *Wideman*

*v. Colorado,* 382 Fed. Appx. 743 (10th Cir. 2010); *Redford v. Gwinnett County*

*Judicial Circuit*, 350 Fed. Appx. 341 (11th Cir. 2009); *Formanek v. Pines*, 69 Fed.

Appx. 504 (2d Cir. 2003); *Bukovinsky v. Pennsylvania*, 455 Fed. Appx. 163 (3d

Cir. Pa. 2011); *Mosley v. Bowie County Tex.*, 275 Fed. Appx. 327 (5th Cir. 2008);

*Rowe v. City of Detroit,* 2000 U.S. App. LEXIS 28066 (6th Cir. Mich. Nov. 2,

2000); *Mannix v. Machnik*, 244 Fed. Appx. 37 (7th Cir. 2007).

Therefore, the  District Court correctly held that the only recourse for Mr.

D'Angelo, a litigant in the state courts who is unhappy with the decisions of the

state court, was to pursue his appeal through the state appellate process, and then

through a writ of certiorari to the United States Supreme Court.  Appx. Exhibit P,

p.5; *see Miller*, 586 F.3d at 59 ("Only the Supreme Court of the United States may

invalidate state court civil judgments.").  The order dismissing Count 1 of Mr.

D'Angelo's complaint based on the *Rooker-Feldman* doctrine should be affirmed.

## VII.  Any Claim For Injunctive Relief Seeking To Set Aside Orders Of The State Courts Would Also Be  Barred Under  42 U.S.C. § 1983

Although the district court did not reach the alternative argument raised by

counsel for the NHSC (D. Add. pp. 35-36, NHSC Memo of Law in support of

Motion to Dismiss) the court could also have found that the injunctive relief sought

by Appellant would be barred by 42 U.S.C. § 1983.  Changes in 42 U.S.C. § 1983

in the Federal Court Improvement Act of 1996, P.L. 104-317, § 309, expressly

barred injunctive relief in any action brought against a judicial officer for an act or

omission taken in the officer's judicial capacity.  The Senate report regarding this

section of the Act notes; "This section restores the doctrine of judicial immunity to

the status it occupied prior to the Supreme Court's decision in *Pulliam v. Allen*, 466

U.S. 522 (1984)."  42 U.S.C. § 1983, as amended in 1996 by the Federal Courts

Improvement Act, explicitly immunizes judicial decisions against suits for

injunctive relief. The statute now states that, "in any action brought against a

judicial officer for an act or omission taken in such officer's judicial capacity,

injunctive relief shall not be granted unless a declaratory decree was violated or

declaratory relief was unavailable."  Federal Courts Improvement Act of 1996,

Pub. L. No. 104-317, § 309(c), 110 Stat. 3847, 3853 (codified as amended at 42

U.S.C. § 1983 (2000)).  *Roth v. King*, 449 F.3d 1272, 1286 (D.C. Cir. 2006).  In a

case brought by alleged domestic abusers and fathers' rights group against state court trial judges having jurisdiction over domestic-abuse cases, the First Circuit has held that requests for injunctive relief in equal protection claims were by this language. *Nollet v. Justices of Trial Court of Com. of Massachusetts*, 248 F.3d 1127 (Table), 2000 WL 1803320 (1st Cir. 2000), *affirming* 83 F.Supp.2d 204 (D. Mass. 2000). Similarly, in an unpublished decision by a sister district court in New York, upheld by the Second Circuit, the court held that the Federal Court Improvement Act of 1996, P.L. 104-317, § 309 barred any injunctive relief. *See Conway v. Garvey*, 117 Fed.Appx. 792, 2004 WL 2786380 (2d Cir. 2004). This Court can uphold the decision below on any independent basis that was argued below, even if it was not the one relied on by the district court. *C.G. v. Five Town Cmty. Sch. Dist.*, 513 F.3d 279, 288 (1st Cir. 2008) (Appellate Court is free to affirm a decision on any alternative ground that is evident from the record). Therefore, the prohibition on injunctive relief against judicial acts in 42 U.S.C. § 1983 would also bar the requested relief.

## CONCLUSION

For the reasons stated herein the Appellee respectfully submits that the district court decision dismissing the complaint should be affirmed.  Senior Assistant Attorney General Nancy J. Smith will present the oral argument for the Appellee if oral argument is required.

Respectfully submitted,

NEW HAMPSHIRE SUPREME COURT

by their attorney,

JOSEPH A. FOSTER
ATTORNEY GENERAL

By:  /s/Nancy J. Smith
Nancy J. Smith, Bar No. 25497
Senior Assistant Attorney General
Civil Bureau
33 Capitol Street
Concord, N.H.  03301-6397
(603) 271-3650
nancy.smith@doj.nh.gov

## CERTIFICATION

This brief is in 14 point Times New Roman.

The word and line count according to the word-processing system used to prepare this brief are:

Word Count:  6,362

Line Count:     583

## CERTIFICATE OF SERVICE

July 9, 2013

I hereby certify that the State of New Hampshire's Brief has been served by use of the Court's CM/ECF system this day to the following counsel:  Stephen L. D'Angelo, Esquire, William C. Saturley, Esquire, William H. Whitney, Esquire.  I hereby certify that two copies of the foregoing were mailed this day, to:


/s/Nancy J. Smith
Nancy J. Smith


914391.doc

**ADDENDUM**

                                                                          **Page**

1.    NHSC Memorandum of Law in Support of Motion
      to Dismiss with exhibits…………………………………………..        31

2.    November 12, 2003 NHSC Order re New Appellate Process…….        44

3.    October 9, 2007 NHSC Order Amending Appellate Process …….        54

Case 1:12-cv-00411-SM   Document 9-1   Filed 11/19/12   Page 1 of 12

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Stephen L. D'Angelo,                              \*
    Plaintiff                              \*
                                     \*
v.                                               \*
                                     \*
New Hampshire Supreme Court,                      \*
Brian Germane, Esq.,                             \*
    Defendants                             \*
                                     \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY THE NEW HAMPSHIRE SUPREME COURT

The New Hampshire Supreme Court, by and through counsel, the office of the Attorney

General, submits this memorandum of law in support of their motion to dismiss the complaint.

In support thereof, Defendant states as follows.

### I.     Summary of Complaint Claims

The complaint and documents of which the court should take judicial notice demonstrate

that at bottom, Plaintiff is asking the federal court to vacate and reverse orders of the Derry

Family Court ("DFC") that were appealed to the New Hampshire Supreme Court ("NHSC") but

that were declined by the NHSC, and/or to require the DFC to provide a further evidentiary

hearing. *See* Complaint and NHSC order declining Discretionary Appeal, attached as Exhibit A.

While D'Angelo complains mightily and at length about what the DFC did, in this complaint he

has not named the DFC, but only the NHSC. He characterizes his complaint as arising under the

5th and 14th Amendment due process clause and Section 1983, based on the fact that the NHSC

rules provide only a discretionary appeal, not a mandatory appeal under Supreme Court Rule 3.

*See* Complt., ¶ 98 and Counts I, II, III. However he seeks to enjoin the DFC orders and he also

D. ADD: 31

Case 1:12-cv-00411-SM   Document 9-1   Filed 11/19/12   Page 2 of 12

requests that this court require the DFC to provide an evidentiary hearing. *See* Complt., Counts I, II, III and prayer for relief.

## II.    Standard For Motion To Dismiss

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court takes all well pleaded facts in the complaint as true and draws all reasonable inferences in the Plaintiff's favor. However, the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-563 (2007) rejected the "no set of facts" formulation in favor of a more rigorous standard that requires more of the plaintiff. Although a complaint "does not need detailed factual allegations," *Bell Atl. Corp.*, 550 U.S. at 555-56, the court should reject "unsupported conclusions or interpretations of law," *Estate of Bennett*, 548 F.3d 155, 162 (1st Cir. 2008) (quotations omitted), and the allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555-56. Put differently, dismissal is appropriate "if the complaint fails to state facts sufficient to establish a claim to relief that is plausible on its face." *Gray*, 544 F.3d at 324 (quotations omitted); *see Estate of Bennett*, 548 F.3d at 162 (to survive dismissal, a complaint "must possess enough heft to set forth a plausible entitlement to relief" (quotations omitted)).

This more stringent standard was recently confirmed and elaborated on by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S.662, 129 S.Ct. 1937, 1949 (2009). The court made it clear that "[f]irst, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949. The court also made it clear that the *Bell Atl. Corp*. standard applies to all federal civil cases. *Id*. at 1941. Justice Souter writing for the First Circuit provided further clarification of the "plausibility"

2

**D. ADD: 32**

requirement, reinforcing that while plausibility is not akin to "probability," more is required than

a sheer possibility that a defendant has acted unlawfully. *Sepulveda-Villarini v. Dept. of Educ. of*

*Puerto Rico*, 628 F.3d 25, 29 (1st Cir. 2010).

In determining a motion to dismiss the court is generally confined to the pleadings.

However, a court may consider matters of official records, including documents from prior state

court proceedings, without being required to convert a Rule 12(b)(6) motion to a motion for

summary judgment. *Giragosian v. Ryan,* 547 F.3d 59, 66 (1st Cir. 2008), *In re Colonial*

*Mortgage Bankers Corp.,* 324 F.3d 12, 15 (1st Cir. 2003); *Boateng v. InterAmerican University,*

*Inc.,* 210 F.3d 56, 60 (1st Cir. 2000), *cert. denied* 531 U.S. 904. *See also Watterson v. Paige*,

987 F.2d 1, 3-4 (1st Cir. 1993). Likewise, matters that are appropriate for judicial notice are not

outside the pleadings for purposes of determining whether a motion must be converted to one for

summary judgment. *Cruz v. Melecio*, 204 F.3d 14, 21 (1st Cir. 2000); *Rodi v. Southern New*

*England School of Law*, 389 F. 3d 5, 12 (1st Cir. 2004). Additionally, the court must consider

not only the complaint, but documents annexed to it or other materials fairly incorporated within

it, which may include documents that are referred to in the complaint, but not attached. *Id.* Rule

12 motions based on jurisdictional grounds, may also include consideration of material outside

the pleadings without converting the motion to one for summary judgment. *See Land v. Dollar*,

330 U.S. 731, 735 n. 4 (1947); *General Contracting & Trading Co., LCC v. Interval, Inc.*, 899

F.2d 109, 114-115 (1st Cir. 1990).

## III.    Legal Argument

### A.    The *Rooker-Feldman* Doctrine Bars This Action.

As found by the Magistrate Judge in her report and recommendation on November 8,

2012, (*see* ECF Dkt # 8), D'Angelo indisputably requests that the federal court enjoin or reverse

3

D. ADD: 33

Case 1:12-cv-00411-SM   Document 9-1   Filed 11/19/12   Page 4 of 12

decisions of the DFC and NHSC.  *See* Complt., ¶ 112, 117, and Exhibit A.   The *Rooker-Feldman* doctrine precludes a federal district court from reviewing a final judgment of a state court.  *See Lance v. Dennis*, 546 U.S. 459, 463 (2006) (under *Rooker-Feldman* doctrine, federal district courts are precluded from exercising appellate jurisdiction over final state-court judgments); *Rooker*, 263 U.S. at 416.  The *Rooker-Feldman* doctrine applies only in limited circumstances, to cases where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Galibois v. Fisher*, 174 Fed. Appx. 579, 580 (1st Cir. 2006) (citing *Lance*, 546 U.S. at 464-65 and *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 291 (2005)), *see also Silva v. Massachusetts*, 351 Fed. Appx. 450, 455 (1st Cir. Mass. 2009), *Davison v. Govt of Puerto Rico*, 471 F.3d 220,222-223 (1st Cir 2006).  *Rooker-Feldman* further forecloses federal court jurisdiction over claims that are inextricably intertwined with the claims adjudicated in a state court proceeding.  *See Miller v. Nichols*, 586 F.3d 53, 59 (1st Cir. 2009).  "A federal claim is inextricably intertwined with the state court claims 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" *Sheehan  v. Marr*, 207 F.3d 35, 40 (1st Cir. 2000) (quoting *Hill v. Town of Conway*, 193 F.3d 33, 39 (1st Cir. 1999)); *see Miller*, 586 F.3d at 59 (*Rooker-Feldman* bars jurisdiction where parties who lost in state court seek review and rejection of state court judgment on legal grounds not actually litigated in state court).

Once a state court issues a final judgment, a federal district court lacks jurisdiction to review the decision even if the state court judgment is patently wrong or was entered following patently unconstitutional proceedings.  *See Feldman*, 460 U.S. at 486.  Thus, a litigant may not seek to reverse a final state court judgment simply by recasting his complaint in the form of a

D. ADD: 34

Case 1:12-cv-00411-SM   Document 9-1   Filed 11/19/12   Page 5 of 12

civil rights action. *See Fortune v. Mulherrin*, 533 F.2d 21, 22 (1st Cir. 1976); *see also Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993).

Here, the DFC entered a detailed order, (*see* Complt. Attachment H), and Plaintiff promptly appealed the order in a discretionary appeal to the NHSC, as allowed under NHSC Rule 3 and Rule 7(1)(B). *See* Complt., Attachment I. Although not attached to the complaint, the court should take judicial notice of the NHSC order declining the appeal, which is attached hereto as Exhibit A. The only recourse for a litigant in the state courts who is unhappy with the decisions of the state court is to pursue his appeal through the state appellate process, and then through a writ of certiorari to the United States Supreme Court. *See Miller,* 586 F.3d at 59 ("Only the Supreme Court of the United States may invalidate state court civil judgments."). In other words, a party is barred from seeking appellate review of a state court decision in the federal district court. *See Lance*, 546 U.S. at 464; *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994); *Miller,* 586 F.3d at 59. Here, Plaintiff seeks to vacate the DFC orders related to child support, penalties and liens that the court has orders he owes. He further seeks to change the NHSC decision to decline his appeal. Therefore Mr. D'Angelo's claims as must be dismissed.

**B.     42 U.S.C. § 1983 Bars Plaintiff's Attempt To Enjoin State Court Action.**

All that Plaintiff seeks against the NHSC is injunctive relief. However, changes in 42 U.S.C. § 1983 in the Federal Court Improvement Act of 1996, P.L. 104-317, § 309, expressly barred injunctive relief in any action brought against a judicial officer for an act or omission taken in the officer's judicial capacity. The Senate report regarding this section of the Act notes; "This section restores the doctrine of judicial immunity to the status it occupied prior to the Supreme Court's decision in *Pulliam v. Allen*, 466 U.S. 522 (1984)." 42 U.S.C. § 1983, as amended in 1996 by the Federal Courts Improvement Act, explicitly immunizes judicial

5

D. ADD: 35

decisions against suits for injunctive relief. The statute now states that, "in any action brought

against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive

relief shall not be granted unless a declaratory decree was violated or declaratory relief was

unavailable." Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 309(c), 110 Stat.

3847, 3853 (codified as amended at 42 U.S.C. § 1983 (2000)). *Roth v. King,* 449 F.3d 1272,

1286 (D.C. Cir. 2006). In a case brought by alleged domestic abusers and fathers' rights group

against state court trial judges having jurisdiction over domestic-abuse cases, the First Circuit has

held that requests for injunctive relief in equal protection claims were barred by Federal Court

Improvement Act of 1996, P.L. 104-317, § 309. *Nollet v. Justices of Trial Court of Com. of*

*Massachusetts,* 248 F.3d 1127 (Table), 2000 WL 1803320 (1st Cir. 2000), affirming 83

F.Supp.2d 204 (D. Mass. 2000). Similarly, in an unpublished decision by a sister district court in

New York, upheld by the Second Circuit, the court held that the Federal Court Improvement Act

of 1996, P.L. 104-317, § 309 barred any injunctive relief. *See Conway v. Garvey*, 117 Fed.Appx.

792, 2004 WL 2786380 (2d Cir. 2004).

Here, it is abundantly clear that all of Mr. D'Angelo's claims against NHSC are for

injunctive relief for actions taken by judicial officers in their judicial capacity. To the same

extent that judges in their official capacity are protected, so also is the court itself. Therefore all

claims against the New Hampshire Supreme Court, should be dismissed.

### C.    The Eleventh Amendment Bars Plaintiff's Claims Against The New Hampshire Supreme Court.

The Eleventh Amendment bars claims against the State, its agencies or officials acting in

their official capacity. To the extent that Plaintiff seeks any damages against the NHSC other

than injunctive relief that is disposed of by the argument in the prior section, the suit is barred by

the Eleventh Amendment which provides, in relevant part: "The Judicial power of the United

6

D. ADD: 36

States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State…" U.S. Const. Amend. XI. "The Eleventh Amendment forecloses…the application of normal principles of ancillary and pendent jurisdiction where claims are pressed against the State…Neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment. A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment." *Oneida v. Oneida Indian Nation*, 470 U.S. 226, 251 (1985).

Absent State consent or waiver, or "unmistakably clear" Congressional override, none of which is indicated here, sovereign immunity bars awarding private parties damages which is payable from the State treasury. *See Edelman v. Jordan*, 415 U.S. 651, 668-69 (1974); *Ramirez v. Puerto Rico Fire Service*, 715 F.2d 694, 697 (1st Cir. 1983). Although the State has waived immunity to tort claims in its own courts, "'a state's waiver of the Eleventh Amendment immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts.'" *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)). Accordingly, the Plaintiff's claims against the State are barred by the State's sovereign immunity under the Eleventh Amendment of the United States Constitution, and therefore should be dismissed under Fed. R. Civ. P. 12(b)(1). It is also well established that neither states, their agencies, or state officials sued in their official capacities are amenable to suit for damages pursuant to § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). Although it is somewhat difficult to discern what the legal basis is for Plaintiff's claims against the NHSC, particularly Count III, the bottom line is that any claim for damages is barred by the Eleventh Amendment. Therefore Plaintiff's claims must be dismissed.

**D.    The New Hampshire Supreme Court Is Entitled To Absolute Immunity.**

7

**D. ADD: 37**

Case 1:12-cv-00411-SM   Document 9-1   Filed 11/19/12   Page 8 of 12

Absolute immunity protects judges and their staff from civil liability for judicial acts. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Decker v. Hillsborough County Attorney's Office,* 845 F.2d 17, 21 (1st Cir. 1988). Judicial immunity is firmly and deeply rooted in the traditions of Anglo-American law, reaching back to ancient times. *Francis v. Crafts*, 203 F.2d 809, 811 (1st Cir. 1953). Judges do not lose immunity, even if their actions are erroneous, malicious, in excess of their authority, or disregardful of elementary principles of procedural due process. *Decker,* 845 F.2d at 21. Immunity applies so long as the judge had jurisdiction over the subject matter before him or her. *Id.* In *Brown v. Newberger*, 291 F. 3d 89 (1st Cir. 2002) plaintiffs argued that the court appointed sexual abuse evaluators forfeited whatever absolute judicial immunity they had by violating plaintiffs constitutional rights. The First Circuit rejected that argument stating;

> Another argument made against both defendants is that they sacrificed whatever immunity they may have had by their actions violating plaintiffs' constitutional rights. Here, too, however, *Cok* makes a relevant comment about the nature of judicial immunity and therefore quasi-judicial immunity. We stated there that the entitlement is to "absolute immunity from civil liability for any normal and routine judicial act.... This immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive."

*Id.* at 94.

Likewise, judicial immunity has been extended to court employees, and specifically to court clerks, acting in the course of performing duties for the court.

> Judicial immunity extends as well to those who carry out the orders of judges. *See, e. g., Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980) (absolute immunity for clerks acting in a non-routine manner under instructions from the judge); *Slotnick v. Staviskey*, supra, 560 F.2d at 32 (court clerk enjoys absolute immunity); *Fowler v. Alexander*, 478 F.2d 694, 696 (4th Cir. 1973) (sheriff and jailer confining plaintiff in execution of a court order absolutely immune). Here, the court clerk who filled out Slotnick's commitment papers and the state hospital superintendent responsible for him during his commitment were in all their actions carrying out the official directives of a judge.

D. ADD: 38

*Slotnick v. Garfinkle*, 632 F.2d 163, 166 (1st Cir. 1980). Likewise, in finding bail commissioners entitled to judicial immunity, this court observed; "Judicial immunity 'extends to other officers of government, whose duties are related to the judicial process.'" *Barr v. Matteo*, 360 U.S. 564, 569 (1958). Thus court clerks, *Slotnick v. Garfinkle*, supra, parole board and probation officers, *Sullivan v. Kelleher*, 405 F.2d 486 (1st Cir. 1968), court appointed medical examiners, *Burkes v. Callion*, 433 F.2d 318 (9th Cir. 1970), court reporters, *Stewart v. Minnick*, 409 F.2d 826 (9th Cir. 1969), guardian ad litems, *Puiia v. Cross*, 2012 U.S. Dist. LEXIS 111199 (D.N.H. 2012), and others performing quasi-judicial functions have been held absolutely immune from suit. *Thompson v. Sanborn*, 568 F. Supp. 385, 391 (D.N.H. 1983). Similarly, claims for money damages against a marital master for actions taken in his or her role in divorce and custody proceedings have been held entitled to absolute judicial immunity. *Puiia, Id.* ; *see also Holder v. New Hampshire,* 2006 U.S. Dist. LEXIS 78303. *5 (D.N.H. 2006), citing *Cok v. Cosentino*, 876 F.2d 1, 3 (1st Cir. 1989); *Briscoe v. LaHue*, 460 U.S. 325, 335 (1983); and *Decker v. Hillsborough County Attorney's Office,* 845 F.2d 17, 21 (1st Cir. 1988).

To the extent that D'Angelo's claim against the NHSC is essentially one of failure to supervise (*see* Complt., ¶ 119 and 120) as argued in the subsequent section, there is no federal right to an appeal. The authority of the NHSC to supervise the other state courts arises under the state constitution, not the federal constitution. However, judicial immunity is also well established in state law. It is the rule in New Hampshire that "all judicial officers when acting on subjects within their jurisdiction are exempted from civil prosecution for their acts." *Moore v. Cotton,* 94 N.H. 387, 388 (1947); *citing Evans v. Foster,* 1 N.H. 374, 377 (1819), *see also Surprenant v. Mulcrone,* 163 N.H. 529 (2012). Further, this exemption extends to "[T]he acts

9

D. ADD: 39

and conduct of all public officers in the exercise of their judicial authority." *Id.* 94 N.H. at 388.
Therefore Plaintiff's claims for failure to supervise should be dismissed.

### E.    The Claims Must Be Dismissed For Failure To State A Claim.

Motions to dismiss may be brought under Fed. R. Civ. P. 12(b)(6) for failure to state a
claim upon which relief can be granted.  Plaintiff's conclusory allegations that the NHSC is pre-
disposed to refuse to hear appeals from on-going disputes in domestic relations cases in which
there is only a discretionary appeal, as opposed to the final divorce or separation decree for a
mandatory appeal is allowed under NHSC Rule 3, is insufficient, even if true to state a cause of
action.  There simply is no federal constitutional right to an appeal in a civil matter under the
United States Constitution 5th or 14th Amendment.  "It is true that a State is not required by the
Federal Constitution to provide appellate courts or a right to appellate review at all. *See, e. g.,
McKane v. Durston*, 153 U.S. 684, 687-688." *Griffin v. Illinois*, 351 U.S. 12, 18 (1956).  "As a
preliminary matter, the Due Process Clause of the Fifth Amendment does not establish an
absolute right to an appeal. *See United States v. MacCollom,* 426 U.S. 317, 323, 48 L. Ed. 2d
666, 96 S. Ct. 2086 (1976)."  *Adsani v. Miller*, 139 F.3d 67, 76-77 (2d Cir. 1998)

While a complaint by a *pro se* litigant is held to a less stringent standard than one drafted
by a lawyer, the right to self-representation does not confer immunity from compliance with
relevant rules of procedural and substantive law. *See Haines v. Kerner*, 404 U.S. 519, 520
(1972); *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 140 (1st Cir. 1985); *Eagle Eye Fishing
Corp. v. U.S. Dept. of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994), *see also Taal v. Zwirner*,
2003 DNH 034.  Here, it should be noted that although pro se, plaintiff, Mr. D'Angelo, is a
lawyer.

There are no facts or legal support for the bald legal conclusion that New Hampshire

courts are required to provide a mandatory appeal in every instance. Therefore Plaintiff's claims

should be dismissed. "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. Therefore the conclusory

allegations in this pleading are insufficient to support a plausible inference that any of Mr.

D'Angelo's civil rights have been violated.

## IV.    Conclusion

WHEREFORE, for the reasons stated herein, Defendant respectfully request that the

court order as follows:

A.    That the Complaint be dismissed in its entirety;

B.    For such other and further relief as is just and necessary.

Respectfully submitted,

NEW HAMPSHIRE SUPREME COURT

By their attorney,

MICHAEL A. DELANEY
ATTORNEY GENERAL

Date:  November 19, 2012          /s/ Nancy J. Smith
                                  Nancy J. Smith, NH Bar No. 9085
                                  Senior Assistant Attorney General
                                  New Hampshire Attorney General's Office
                                  33 Capitol Street
                                  Concord, New Hampshire 03301-6397
                                  Telephone:  (603) 271-3650
                                  Email:  nancy.smith@doj.nh.gov

11

D. ADD: 41

Case 1:12-cv-00411-SM   Document 8-1   Filed 11/19/12   Page 12 of 12

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the following persons on this date and in the manner specified herein:  Conventionally served by first class mail to Stephen D'Angelo and by the court's ECF filing on all other counsel of record.

Date:  November 19, 2012

/s/ Nancy J. Smith
Nancy J. Smith
NH Bar #  9085

12

D. ADD:  42

Case 1:12-cv-00411-SM   Document 9-2   Filed 11:19/12   Page 1 of 1

# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2012-0446, <u>In the Matter of Janice D'Angelo and Stephen D'Angelo</u>, the court on August 16, 2012, issued the following order:**

Notice of appeal is declined.  <u>See</u> Rule 7(1)(B).

Under Supreme Court Rule 7(1)(B), the supreme court may decline to accept a notice of discretionary appeal from the superior or circuit court.  No appeal, however, is declined except by unanimous vote of the court with at least three justices participating.

This matter was considered by each justice whose name appears below.  If any justice who considered this matter believed the appeal should have been accepted, this case would have been accepted and scheduled for briefing.

The motion for summary affirmance and the motion to seal commissioner's report (a report that has not yet been filed) are moot.

<u>Declined</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

Distribution:
10th N.H. Circuit Court-Derry Family Division, 622-2004-DM-00276
Honorable Paul S. Moore
Michael F. Mimno, Esquire
Heather E. Krans, Esquire
Brian G. Germaine, Esquire
James P. Roche, Esquire
File

D. ADD: 43

# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT OF NEW HAMPSHIRE

# O R D E R

# **NEW APPELLATE PROCESS -- RULES**

Earlier this year, the court announced its intention to expand the appellate review process, increasing the number of appeals from trial courts that are accepted by the court for review. The court invited public comment on proposed rule amendments intended to implement the new appellate review process. See R-2003-0001, In re Proposed Amendments to Supreme Court Rules. After consideration of the comments received, and pursuant to Part II, Article 73-a of the New Hampshire Constitution and Supreme Court Rule 51, the Supreme Court of New Hampshire adopts: amendments to Supreme Court Rule 3, on a temporary basis, as set forth in Appendix A; amendments to Supreme Court Rule 5(1), on a temporary basis, as set forth in Appendix B; amendments to Supreme Court Rule 6, on a temporary basis, as set forth in Appendix C; amendments to Supreme Court Rule 7, on a temporary basis, as set forth in Appendix D; new Supreme Court Rule 7-A, on a temporary basis, as set forth in Appendix E; amendments to Supreme Court Rule 10(1) through 10(3), on a temporary basis, as set forth in Appendix F; amendments to Supreme Court Rule 13, on a temporary basis, as set forth in Appendix G; amendments to Supreme Court Rule 15, on a temporary basis, as set forth in Appendix H; amendments to Supreme Court Rule 16, on a temporary basis, as set forth in Appendix I; amendments to Supreme Court Rule 17, on a temporary basis, as set forth in Appendix J; amendments to Supreme Court Rule 18, on a temporary basis, as set forth in Appendix K; amendments to Supreme Court Rule 21, on a temporary basis, as set forth in Appendix L; and amendments to Supreme Court Rule 25, on a temporary basis, as set forth in Appendix M.

These amendments shall take effect on January 1, 2004. They shall be referred to the Advisory Committee on Rules for consideration of whether they should be adopted on a permanent basis.

The amendments to Supreme Court Rules 3, 5, 6, 7, 10, 13, 15, 16, 17, 18, 21, and 25 shall apply to any case first docketed in the supreme court on or after January 1, 2004; that is, any case with a docket number of "2004-XXXX." Any case docketed in the supreme court prior to January 1, 2004, e.g., cases with docket numbers such as "2003-XXXX" or "2002-XXXX," shall not be governed by the aforesaid enumerated amendments.

November 12, 2003

ATTEST: _____

        Eileen Fox, Clerk
        Supreme Court of New Hampshire

**APPENDIX A**

**D. ADD: 44**

Amend Supreme Court Rule 3 on a temporary basis by deleting said rule and replacing it with the following:

### Rule 3. Definitions.

"Administrative agency": Includes agency, board, commission, or officer.

"Appeal": Appellate review of rulings adverse to a party, after a final decision on the merits in a lower court.

"Appeal document": Includes notice of mandatory appeal (rule 7), notice of discretionary appeal (rule 7), interlocutory appeal (rule 8), interlocutory transfer without ruling (rule 9), appeal from administrative agency by petition (rule 10), and petition for original jurisdiction (rule 11).

"Appeal from administrative agency by petition": Appellate review of a party's grounds for asserting that an administrative agency's final order or decision on the merits is unlawful or unreasonable.

"Briefs":

      "Opening brief": The brief filed first pursuant to court order.

      "Opposing brief": The brief filed by the opposing party after the filing of the opening brief.

      "Reply brief": See rule 16(7).

      "Supplemental brief": See rule 16(7).

"Clerk": Where the context refers to the clerk of a lower court, "clerk" includes a clerk of a lower court, a register of probate, or the administrative agency official who is the equivalent of a clerk of court or who is charged with performing the duties associated with a clerk of court, and their respective assistants and deputies; where the context refers to the clerk of the supreme court, "clerk" includes his or her assistants and deputies.

"Decision on the merits": Includes order, verdict, opinion, decree, or sentence following a hearing on the merits or trial on the merits and the decision on motions made after such order, verdict, opinion, decree or sentence. Untimely filed post-trial motions will not stay the running of the appeal period unless the lower court waives the untimeliness within the appeal period.

"Declination of acceptance order": The supreme court does not deem it desirable to review the issues in a case, as a matter of sound judicial discretion and with no implication whatever regarding its views on the merits.

"First class mail": First class postage prepaid, whether certified, registered, uncertified, or unregistered.

"Interlocutory appeal": Appellate review of rulings adverse to a party, before a final decision on the merits in a lower court.

"Interlocutory transfer without ruling": Appellate review of questions of law transferred by a lower court

D. ADD: 45

or administrative agency before a final decision on the merits in the lower court or administrative agency and without ruling by the lower court or administrative agency.

"Mandatory appeal": A mandatory appeal shall be accepted by the supreme court for review on the merits. A mandatory appeal is an appeal from a final decision on the merits issued by a superior court, district court, probate court, or family division court, that is in compliance with these rules, other than the following:

      (1) an appeal from a final decision on the merits issued in a post-conviction review proceeding (including petitions for writ of habeas corpus and motions for new trial);

      (2) an appeal from a final decision on the merits issued in a collateral challenge to any conviction or sentence;

      (3) an appeal from a final decision on the merits issued in a sentence modification or suspension proceeding;

      (4) an appeal from a final decision on the merits issued in an imposition of sentence proceeding;

      (5) an appeal from a final decision on the merits issued in a parole revocation proceeding; and

      (6) an appeal from a final decision on the merits issued in a probation revocation proceeding.

"Moving party": The plaintiff in an interlocutory transfer, the party appealing by appeal or by interlocutory appeal, or the party petitioning that the supreme court exercise its original jurisdiction.

"Notice of appeal": The notice filed to initiate an appeal from the lower court's final decision on the merits, in the form prescribed by these rules.

"Petition for original jurisdiction": Request that the supreme court exercise its original jurisdiction, whether exclusive or nonexclusive and whether in aid of its appellate jurisdiction or its supervisory jurisdiction, and that the court issue an extraordinary writ or grant other suitable relief.

"Trial court reporter": Lower court or administrative agency reporter.

### Transition Period

The amendments to Supreme Court Rules 3, 5, 6, 7, 10, 13, 15, 16, 17, 18, 21, and 25 that take effect on January 1, 2004, shall apply to any case first docketed in the supreme court on or after January 1, 2004; that is, any case with a docket number of "2004-XXXX." Any case docketed in the supreme court prior to January 1, 2004, *e.g.*, cases with docket numbers such as "2003-XXXX" or "2002-XXXX," shall not be governed by the aforesaid amendments.

## APPENDIX B

Amend Supreme Court Rule 5(1) on a temporary basis by deleting said section and replacing it with the following:

**D. ADD: 46**

## Rule 5. Docketing the Case: Filing the Record.

(1) In an interlocutory appeal from a ruling and in an appeal from an administrative agency by petition, the party appealing, and in an interlocutory transfer without ruling and in a petition requesting the supreme court to exercise its original jurisdiction, the plaintiff shall pay the entry fee prescribed by the supreme court and shall simultaneously file the original and 12 copies of the required forms in the office of the clerk of this court, 1 copy with each of the parties, and 2 (where appropriate, 3) copies with the office of the clerk of the court or agency from which the appeal or transfer is taken (including a register of probate), 1 each of which copies shall be furnished to the trial judge and master by that clerk.

In an appeal from a lower court decision on the merits pursuant to Rule 7 other than a mandatory appeal, the party appealing shall pay the entry fee prescribed by the supreme court and, unless differently provided by law, shall simultaneously file the original and 12 copies of the notice of appeal and of the attachments mentioned on the applicable notice of appeal form, in the office of the clerk of this court, 1 copy with each of the parties, and 2 (or where appropriate, 3) copies with the office of the clerk of the court from which the appeal is taken (including a register of probate). The latter clerk shall provide a copy to the judge and master.

In a mandatory appeal from a lower court decision on the merits pursuant to rule 7, the party appealing shall pay the entry fee prescribed by the supreme court and, unless differently provided by law, shall simultaneously file the original and 3 copies of the notice of appeal and the attachments mentioned on the applicable notice of appeal form in the office of the clerk of this court, 1 copy with each of the parties, and 2 (or where appropriate, 3) copies with the office of the clerk of the court from which the appeal is taken (including a register of probate). The latter clerk shall provide a copy to the judge and master.

In all criminal appeals and appeals from an administrative agency, the appealing party shall simultaneously file 1 copy of the notice of appeal with the attorney general.

A cross-appeal by another party shall be docketed in the same manner, accompanied by the required entry fee, subject to rule 7(5) or rule 10(9).

A motion to extend time to file an appeal document, when not accompanied by the appeal document, shall be docketed upon the filing of an original and 7 copies of the motion, accompanied by the required entry fee. The moving party shall simultaneously file 1 copy with each of the parties, 1 copy with the office of the clerk of the court or agency from which the appeal or transfer is taken, and (in the case of a criminal appeal or an appeal from an administrative agency) 1 copy with the attorney general. A motion to extend time to file an appeal shall be granted only in exceptional circumstances. *See* Rule 21(6).

### Transition Period

The amendments to Supreme Court Rules 3, 5, 6, 7, 10, 13, 15, 16, 17, 18, 21, and 25 that take effect on January 1, 2004, shall apply to any case first docketed in the supreme court on or after January 1, 2004; that is, any case with a docket number of "2004-XXXX." Any case docketed in the supreme court prior to January 1, 2004, *e.g.*, cases with docket numbers such as "2003-XXXX" or "2002-XXXX," shall not be governed by the aforesaid amendments.

## APPENDIX C

Amend Supreme Court Rule 6 on a temporary basis by deleting said rule and replacing it with the

D. ADD: 47
6/18/2013

following:

(1) Filings of cases and appendices may be prepared using a printing, duplicating or copying process capable of producing a clear letter quality black image on white paper, but shall not include ordinary carbon copies. If timely filings do not conform to this rule or are not clearly legible, the clerk of the court may require that new copies be substituted, but the filings shall not thereby be deemed untimely.

(2) Each filing of a case in a mandatory appeal shall be upon good quality, nonclinging paper 8 ½ by 11 inches in size, but the mandatory notice of appeal need not be in pamphlet form, need not have covers, and need not be bound along the left margin.

Each filing of a case and appendix in any case other than a mandatory appeal shall be in pamphlet form upon good quality, nonclinging paper 8 ½ by 11 inches in size, with front and back covers of durable quality. Each shall have a minimum margin of one inch on the binding side and shall be firmly bound along the left margin. Any metal or plastic spines, fasteners, or staples shall be flush with the covers and shall be covered by tape. The covers shall be flush with the pages of the case. The court will not accept any other method of binding unless prior approval has been obtained from the clerk of the supreme court.

(3) The front cover of the filing of a case and of the appendix, if the appendix is separately produced, shall contain: (1) The name of this court; (2) The docket number, after one has been assigned; (3) The title of the case; (4) The nature of the proceeding in this court, *e.g.*, appeal by petition; and (5) The names and addresses of counsel for the party filing the case. *See* form in appendix to these rules.

(4) Whenever the pertinent text of constitutions, statutes, ordinances, rules, regulations, insurance policies, contracts or other documents is to be set forth in an appendix, it need not be typewritten, but may be produced by an easily readable duplicating or dry copying process.

(5) Each request for findings of fact and rulings of law set forth in a notice of appeal or appendix shall indicate on the margin whether they have been "granted," "denied" or "not ruled upon" by the master or the court.

### Transition Period

The amendments to Supreme Court Rules 3, 5, 6, 7, 10, 13, 15, 16, 17, 18, 21, and 25 that take effect on January 1, 2004, shall apply to any case first docketed in the supreme court on or after January 1, 2004; that is, any case with a docket number of "2004-XXXX." Any case docketed in the supreme court prior to January 1, 2004, *e.g.*, cases with docket numbers such as "2003-XXXX" or "2002-XXXX," shall not be governed by the aforesaid amendments.

## APPENDIX D

Amend Supreme Court Rule 7 on a temporary basis by deleting said rule and replacing it with the following:

D. ADD: 48
6/18/2013

## Rule 7. Appeal from Lower Court Decision on the Merits

(1) (A) *Mandatory appeals.*

Unless otherwise provided by law or by these rules, a mandatory appeal shall be by notice of appeal in the form of notice of appeal approved by the supreme court for the filing of a mandatory appeal. The form of notice of appeal for the filing of a mandatory appeal appears in the appendix to these rules ("Notice of Mandatory Appeal" form). Such an appeal shall be filed by the moving party within 30 days from the date on the clerk's written notice of the decision on the merits.

(B) *Other appeals from lower court decisions on the merits.*

The supreme court may, in its discretion, decline to accept an appeal, other than a mandatory appeal, or any question raised therein, from a lower court after a decision on the merits, or may summarily dispose of such an appeal, or any question raised therein, as provided in rule 25. Unless otherwise provided by law or by these rules, an appeal from a lower court decision on the merits other than a mandatory appeal shall be by notice of appeal in the form of notice of appeal approved by the supreme court for the filing of such an appeal. The form of notice of appeal for the filing of an appeal from a lower court decision on the merits other than a mandatory appeal appears in the appendix to these rules ("Notice of Discretionary Appeal" form). Such an appeal shall be filed by the moving party within 30 days from the date on the clerk's written notice of the decision on the merits.

(C) The definition of "decision on the merits" in rule 3 includes decisions on motions made after an order, verdict, opinion, decree or sentence. A timely filed post-trial motion stays the running of the appeal period for all parties to the case in the lower court including those not filing the motion. Untimely filed post-trial motions will not stay the running of the appeal period unless the lower court waives the untimeliness within the appeal period. Successive post-trial motions will not stay the running of the appeal period. *See Petition of Ellis*, 138 N.H. 159 (1993).

In criminal appeals, the time for filing a notice of appeal shall be within 30 days from the date of sentencing or the date of the clerk's written notice of disposition of post-trial motions, whichever is later, provided, however, that the date of the clerk's written notice of disposition of post-trial motion shall not be used to calculate the time for filing a notice of appeal in criminal cases if the post-trial motion was filed more than 10 days after sentencing.

(2) An appeal shall be deemed filed when the original and all copies of the notice of appeal in proper form, together with the filing fee, are received by the clerk of this court within 30 days from the date on the clerk's written notice of the decision.

(3) An appeal permitted by law on a different form and by a different procedure shall be deemed timely filed when it is received by the clerk of this court on the form and by the procedure prescribed by law.

(4) All parties to the proceedings in the court from whose decision on the merits the appeal is being taken shall be deemed parties in this court, unless the moving party shall notify the clerk of this court in writing of his belief that one or more of the parties below has no interest in the outcome of the transfer. The moving party shall mail a copy of the letter first class, or give a copy, to each party in the proceeding below. A party thus designated as no longer interested may remain a party in this court by notifying the clerk of this court, with notice mailed first class or given to the other parties, that he has an interest in the transfer. Parties supporting the position of the moving party shall meet the time schedule

**D. ADD: 49** 6/18/2013

provided for that party.

(5) If a timely notice of appeal is filed by a party, any other party may file a notice of cross-appeal within 10 days from the date on which the first notice of appeal was filed and shall pay a filing fee therewith.

(6) (A) The appealing party in a mandatory appeal shall attach to the notice of appeal the decision below, the clerk's written notice of the decision below, any order disposing of a timely-filed post-trial motion, and the clerk's written notice of any order disposing of a timely-filed post-trial motion.

(B) The appealing party in an appeal other than a mandatory appeal shall attach to the notice of appeal the decision below, the clerk's written notice of the decision below, any order disposing of a timely-filed post-trial motion, and the clerk's written notice of any order disposing of a timely-filed post-trial motion. Any other pleadings and documents that the appealing party believes are necessary for the court to evaluate the specific questions raised on appeal and to determine whether the appeal is timely filed shall be filed as a separate appendix. The appendix shall contain a table of contents referring to numbered pages, and only 8 copies shall be filed. Note: *Also see* rule 26(5). If a ground for appeal is the legal sufficiency of the evidence, the question in the notice of appeal form raising that ground shall contain a succinct statement of why the evidence is alleged to be insufficient as a matter of law.

### Transition Period

The amendments to Supreme Court Rules 3, 5, 6, 7, 10, 13, 15, 16, 17, 18, 21, and 25 that take effect on January 1, 2004, shall apply to any case first docketed in the supreme court on or after January 1, 2004; that is, any case with a docket number of "2004-XXXX." Any case docketed in the supreme court prior to January 1, 2004, *e.g.*, cases with docket numbers such as "2003-XXXX" or "2002-XXXX," shall not be governed by the aforesaid amendments.

## APPENDIX E

Adopt new Supreme Court Rule 7-A on a temporary basis as follows:

### Rule 7-A. Motion to Stay or for Remand

(1) A motion to stay an order or judgment of a lower tribunal shall not be filed in this court unless the movant has first unsuccessfully sought similar relief from the lower tribunal. This requirement may be waived by the court upon motion in extraordinary circumstances. Any motion to stay shall be accompanied by a copy of the request for similar relief filed with the lower tribunal, any objection filed thereto, and the lower tribunal's order denying such relief. In addition, any motion to stay shall be accompanied by a copy of the order or judgment which the motion seeks to have stayed.

(2) A motion for remand or partial remand shall be accompanied by a copy of the pleading(s) that the movant intends to file with the lower tribunal if the motion is granted. Unless the court orders otherwise, the grant of a partial remand shall not stay the proceedings in this court.

Comment

D. ADD: 50

Perfection of an appeal vests exclusive jurisdiction in the supreme court over those matters arising out of, and directly related to, the issues presented by the appeal. See Rautenberg v. Munnis, 107 N.H. 446, 447 (1966). The trial court is not in a position to act on such matters while an appeal is pending unless the case is remanded for that purpose. See id. at 448. Rautenberg also recognized, however, that the trial court is not prohibited from passing on collateral, subsidiary or independent matters affecting the case and the trial court has adequate authority and jurisdiction to preserve the status quo. See id.

In addition, Superior Court Rule 74 provides that a decree does not go to final judgment if a timely appeal is taken to the supreme court. See Rollins v. Rollins, 122 N.H. 6, 9 (1982). Thus, in an appeal from a divorce decree, for example, a timely appeal will prevent the trial court's final decree from going into effect, and the temporary decree would remain in effect while the appeal is pending. See id. at 10. Rollins also recognized, however, that the trial judge has the authority to order that the final decree, at least in part, is to be in effect while the appeal was pending, and that an appellant's only recourse in such a case was to obtain a stay of that order in the trial court or the supreme court. See id. (final decree as to level of child support held to be in effect while appeal was pending); Nicolazzi v. Nicolazzi, 131 N.H. 694, 696 (1989) (acknowledging trial court's discretion to set levels of alimony and child support to be paid during appeal).

This rule is intended to: (1) provide a procedural mechanism for requesting a stay of the judgment of a lower tribunal that is not stayed by the filing of a timely appeal; and (2) provide a procedural mechanism for requesting a remand or partial remand to a lower tribunal when necessary to allow the lower tribunal to act upon a matter that is not a collateral, subsidiary or independent matter affecting the case.

## APPENDIX F

Amend Supreme Court Rule 10(1) through 10(3) on a temporary basis by deleting said sections and replacing them with the following:

### Rule 10. Appeal from Administrative Agency.

(1) The supreme court may, in its discretion, decline to accept an appeal, or any question raised therein, from an order of an administrative agency, or may summarily dispose of such an appeal, or any question raised therein, as provided in rule 25. Review of an order of an administrative agency, when authorized by law, shall be obtained by filing the original and 12 copies of (a) an appeal under RSA 541; (b) in the case of an appeal from the department of employment security, an appeal under RSA 282-A:67; or (c) a petition for writ of certiorari if otherwise, accompanied by the required entry fee within the time prescribed by law. No entry fee will be required for an appeal filed by an individual claiming benefits under the unemployment compensation statute in accordance with RSA 282-A:158.

NOTE: To appeal to the supreme court from an administrative agency under RSA 541, the appealing party must have timely filed for a rehearing with the administrative agency. *See* RSA 541:4 and *Appeal of White Mountains Education Association,* 125 N.H. 771 (1984). The time period for the appeal does not begin to run until the administrative agency has acted upon the motion.

The appeal or petition, including any appeal from the department of employment security filed pursuant to RSA 282-A:67, shall as far as possible and in the order listed below:

     (a) Specify the names of the parties seeking review of the order, the names of all other parties of record, the names of all counsel, and the addresses of all parties and counsel.

**D. ADD: 51**

(b) Contain, or have annexed to it, a copy of the administrative agency's findings and rulings, a copy of the order sought to be reviewed, a copy of the motion for rehearing and all objections thereto, and a copy of the order on the motion for rehearing. The appeal or petition, and any appendix that may be filed, shall contain a table of contents.

(c) Specify the questions presented for review, expressed in the terms and circumstances of the case, but without unnecessary detail. The statement of a question presented will be deemed to include every subsidiary question fairly comprised therein. Only the questions set forth in the petition or fairly comprised therein will be considered by the court.

(d) Specify the provisions of the constitutions, statutes, ordinances, rules, or regulations involved in the case, setting them out verbatim, and giving their citation. If the provisions to be set out verbatim are lengthy, their citation alone will suffice at that point and their pertinent text shall be annexed to the petition. If the provisions aggregate more than 5 pages, their text may be filed as a separate appendix, including a table of contents referring to numbered pages, and only 8 copies shall be filed.

(e) Specify the provisions of insurance policies, contracts, or other documents involved in the case, setting them out verbatim. If the provisions to be set out verbatim are lengthy, their pertinent text shall be annexed to the petition. If the provisions aggregate more than 5 pages, their text may be filed as a separate appendix, including a table of contents referring to numbered pages, and only 8 copies shall be filed.

(f) Set forth a concise statement of the case containing the facts material to the consideration of the questions presented, with appropriate references to the transcript, if any.

(g) State the jurisdictional basis for the appeal, citing the relevant statutes or cases.

(h) A direct and concise statement of the reasons why a substantial basis exists for a difference of opinion on the question and why the acceptance of the appeal would protect a party from substantial and irreparable injury, or present the opportunity to decide, modify or clarify an issue of general importance in the administration of justice.

(i) A statement that every issue specifically raised has been presented to the administrative agency and has been properly preserved for appellate review by a contemporaneous objection or, where appropriate, by a properly filed pleading.

(2) The order sought to be reviewed or enforced, the findings and rulings, or the report on which the order is based, and the pleadings, evidence, and proceedings before the agency shall constitute the record on appeal.

(3) The administrative agency, complying with the provisions of rule 6(2) as to form, shall file the record with the clerk of the supreme court as early as possible within 60 days after it has received the supreme court's order of notice. The original papers in the agency proceeding or certified copies may be filed. At the beginning of the record there shall be inserted a table of contents with references to the page of the record at which each item listed in the table of contents begins.

Transition Period

D. ADD: 52
6/18/2013

The amendments to Supreme Court Rules 3, 5, 6, 7, 10, 13, 15, 16, 17, 18, 21, and 25 that take effect on January 1, 2004, shall apply to any case first docketed in the supreme court on or after January 1, 2004; that is, any case with a docket number of "2004-XXXX." Any case docketed in the supreme court prior to January 1, 2004, *e.g.*, cases with docket numbers such as "2003-XXXX" or "2002-XXXX," shall not be governed by the aforesaid amendments.

## APPENDIX G

Amend Supreme Court Rule 13 on a temporary basis by deleting said rule and replacing it with the following:

## Rule 13. The Record.

(1) The papers and exhibits filed and considered in the proceedings in the lower court or administrative agency from which the questions of law have been transferred, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk shall be the record in all cases entered in the supreme court. However, the supreme court will not ordinarily review any part of the record that has not been provided to it in an appendix or transmitted to it. *See* Rules 13(3), 17(1).

(2) Neither the original nor a reproduction of the record nor any part of the record shall be transmitted to the supreme court by the lower court or administrative agency from which the questions of law have been transferred, unless a supreme court order, rule, or form expressly requires such a transmittal.

(3) The moving party shall be responsible for ensuring that all or such portions of the record sufficient for the court to decide the questions of law presented by the case are in fact provided to the supreme court. The supreme court may dismiss the case for failure to comply with this requirement.

(4) If more than one transfer of questions of law in a case is made to the supreme court, each moving party shall comply with the provisions of rule 14(1) and of this rule and a single record shall be transmitted.

(5) In lieu of the record as defined in section (1) of this rule, the parties may prepare and sign an original and 12 copies of a statement of the case showing how the questions of law transferred arose and were decided, and setting forth only so many of the agreed facts as are essential to a decision of the questions presented.

(6) The exhibits in the court or agency below to be transferred shall include those designated by any party by letter to the clerk of the supreme court, with copies to the clerk of the court or agency below and all other parties.

### Transition Period

The amendments to Supreme Court Rules 3, 5, 6, 7, 10, 13, 15, 16, 17, 18, 21, and 25 that take effect on January 1, 2004, shall apply to any case first docketed in the supreme court on or after January 1, 2004; that is, any case with a docket number of "2004-XXXX." Any case docketed in the supreme court prior to January 1, 2004, *e.g.*, cases with docket numbers such as "2003-XXXX" or "2002-XXXX," shall not be governed by the aforesaid amendments.

## APPENDIX H

**D. ADD: 53**

THE STATE OF NEW HAMPSHIRE

SUPREME COURT OF NEW HAMPSHIRE

O R D E R

Pursuant to Part II, Article 73-a of the New Hampshire Constitution and Supreme Court Rule 51, the Supreme Court of New Hampshire adopts the following amendments to court rules.

**A. SUPREME COURT RULES**

1. Supreme Court Rule 3 re definition of "mandatory appeal." The court amends this rule on a temporary basis as set forth in Appendix A.

2. Supreme Court Rule 21(6-A) re automatic extensions of time. The court adopts this rule on a permanent basis as set forth in Appendix B.

3. Supreme Court Rule 33 re nonmembers of the New Hampshire bar. The court amends this rule as set forth in Appendix C.

4. Supreme Court Rule 37 re attorney discipline system. The court amends this rule as set forth in Appendix D.

5. Supreme Court Rule 37A re rules and procedures of the attorney discipline system. The court amends this rule as set forth in Appendix E.

6. Supreme Court Rule 38, Canon 4F, re service as arbitrator or mediator. The court adopts this rule on a permanent basis as set forth in Appendix F.

7. Supreme Court Rule 38, Application Section B, re application of Code of Judicial Conduct to retired judges. The court adopts this rule on a permanent basis as set forth in Appendix G.

8. Supreme Court Rule 39 re judicial conduct committee. The court adopts this rule on a permanent basis as set forth in Appendix H.

9. Supreme Court Rule 49(I) re fees. The court amends this rule as set forth in Appendix I.

**D. ADD: 54**

10.  Supreme Court Rule 55(5) re public protection fund.  The court amends this rule as set forth in Appendix J.

## B.  SUPERIOR COURT RULES

1.  Superior Court Rule 19 re nonmembers of the New Hampshire bar. The court amends this rule as set forth in Appendix K.

2.  Superior Court Rule 61-B re late reports by guardians ad litem.  The court amends this rule and adopts it, as amended, on a permanent basis as set forth in Appendix L.

3.  Superior Court Rule 97-A re joinder and severance.  The court adopts this rule as set forth in Appendix M.

4.  Superior Court Rule 104 re payment of fines.  The court amends this rule as set forth in Appendix N.

5.  Superior Court Rule 169(III) re fees.  The court amends this rule as set forth in Appendix O.

6.  Superior Court Rule 169-A re access to confidential records.  The court adopts this rule on a permanent basis as set forth in Appendix P.

7.  Superior Court Rule 185 re answers and cross-petitions in domestic relations cases.  The court amends this rule as set forth in Appendix Q.

8.  Superior Court Rules 201 to 202-E re domestic relations.  The court adopts these rules on a permanent basis as set forth in Appendix R.

## C.  DISTRICT COURT RULES

1.  District Court Rule 1.3C re nonmembers of the New Hampshire bar. The court amends this rule as set forth in Appendix S.

2.  District Court Rule 1.25 re late reports by guardians ad litem.  The court amends this rule and adopts it, as amended, on a permanent basis as set forth in Appendix T.

3.  District Court Rule 1.26 re access to confidential court records.  The court adopts this rule on a permanent basis as set forth in Appendix U.

4.  District Court Rule 2.7 re payment of fines.  The court amends this rule as set forth in Appendix V.

D. ADD: 55

5. District Court Rule 2.9-A re joinder and serverance.  The court adopts this rule as set forth in Appendix W.

6. District Court Rule 3.3(I)(B) re fees.  The court amends this rule as set forth in Appendix X.

### D.  PROBATE COURT RULES

1.  Probate Court Rule 19 re nonmembers of the New Hampshire bar. The court amends this rule as set forth in Appendix Y.

2.  Probate Court Rule 61-B re late reports by guardians ad litem. The court amends this rule and adopts it, as amended, on a permanent basis as set forth in Appendix Z.

3.  Probate Court Rule 169(IV) re fees.  The court amends this rule as set forth in Appendix AA.

4.  Probate Court Rule 169-A re access to confidential court records.  The court adopts this rule on a permanent basis as set forth in Appendix BB.

### E.  RULES OF EVIDENCE

1.  Evidence Rule 609 re impeachment by evidence of conviction of crime. The court amends this rule as set forth in Appendix CC.

### F.  FAMILY DIVISION RULES

1.  Family Division Rule 1.21 re nonmembers of the New Hampshire bar. The court amends this rule as set forth in Appendix DD.

### Effective Dates

These amendments shall take effect on January 1, 2008.  The temporary amendments in Appendix A shall be referred to the Advisory Committee on Rules for its recommendation as to whether they should be adopted on a permanent basis.

Date: October 9, 2007

ATTEST: _____
Eileen Fox, Clerk
Supreme Court of New Hampshire

3

D. ADD: 56

**APPENDIX A**

Amend the definition of "mandatory appeal" in Supreme Court Rule 3 as follows (new material is in **[bold and in brackets]**; deleted material is in ~~strikethrough~~ format):

"Mandatory appeal": A mandatory appeal shall be accepted by the supreme court for review on the merits. A mandatory appeal is an appeal filed by the State pursuant to RSA 606:10, or an appeal from a final decision on the merits issued by a superior court, district court, probate court, or family division court, that is in compliance with these rules. Provided, however, that the following appeals are <u>NOT</u> mandatory appeals:

(1) an appeal from a final decision on the merits issued in a post-conviction review proceeding (including petitions for writ of habeas corpus and motions for new trial);

(2) an appeal from a final decision on the merits issued in a collateral challenge to any conviction or sentence;

(3) an appeal from a final decision on the merits issued in a sentence modification or suspension proceeding;

(4) an appeal from a final decision on the merits issued in an imposition of sentence proceeding;

(5) an appeal from a final decision on the merits issued in a parole revocation proceeding;

(6) an appeal from a final decision on the merits issued in a probation revocation proceeding.;

(7) an appeal from a final decision on the merits issued in a landlord/tenant action filed under RSA chapter 540 or in a possessory action filed under RSA chapter 540; ~~and~~

(8) an appeal from an order denying a motion to intervene**[; and**

**(9) an appeal from a final decision on the merits issued in, or arising out of, a domestic relations matter filed under RSA Title XLIII (RSA chapters 457 to 461-A); provided, however, that an appeal from a final divorce decree or decree of legal separation shall be a mandatory appeal]**.

D. ADD: 57

<u>Comment</u>

A trial court order denying a motion by a non-party to intervene in a trial court proceeding is treated as a "final decision on the merits" for purposes of appeal. Thus, such an order is immediately appealable to the supreme court. Pursuant to this rule, however, such an appeal is not a mandatory appeal. Therefore, a non-party who wishes to appeal the trial court's denial of the non-party's motion to intervene must file an appeal pursuant to Rule 7(1)(B) within the time allowed for appeal under that rule.

**[Under paragraph (9), only appeals from final divorce decrees or decrees of legal separation are mandatory appeals. Any other appeal from a final decision on the merits issued in, or arising out of, a domestic relations matter filed under RSA Title XLIII (RSA chapters 457 to 461-A) is not a mandatory appeal. The amendment to this rule that added paragraph (9) shall apply to any appeal in which the notice of appeal is docketed in the supreme court on or after January 1, 2008.]**

D. ADD: 58