**No. 13-1059**
_____

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT
_____

**STEPHEN L. D'ANGELO,**

*Plaintiff-Appellant,*

**v.**

**NEW HAMPSHIRE SUPREME COURT
BRIAN GERMAINE, ESQ.**

*Defendants-Appellees,*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE
_____

**BRIEF OF APPELLEE BRIAN GERMAINE, ESQ.**
_____

William C. Saturley (1ˢᵗ Cir. Bar No. 67415)
Nathan R. Fennessy
PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP
57 North Main Street, P.O. Box 1318
Concord, NH 03302-1318
(603) 410-1500
wsaturley@preti.com

## <u>TABLE OF CONTENTS</u>

**TABLE OF AUTHORITIES**………………………………………………iii

**JURISDICTIONAL STATEMENT**…………………………………………..1

**STATEMENT OF ISSUE PRESENTED**…………………………………..1

**STATEMENT OF THE CASE**…………………………………………1

**STATEMENT OF THE FACTS**…………………………………....2

**SUMMARY OF THE ARGUMENT**…………………………………………6

**ARGUMENT**……………………………………………………...7

    **I.**    **STANDARD OF REVIEW**……………………………..……...7

    **II.**    **THE DISTRICT COURT DID NOT ERR IN CONCLUDING THAT MR. GERMAINE WAS ENTITLED TO ABSOLUTE QUASI-JUDICIAL IMMUNITY FOR THE ACTIONS HE TOOK AS COMMISSIONER FOR THE DERRY FAMILY COURT**……………………………..…………………………..8

        **A. The Doctrine of Quasi-Judicial Immunity Provides Absolute Immunity to Mr. Germaine for the Claims Brought By Mr. D'Angelo**…………………..……………………………...8

        **B. Mr. D'Angelo's Complaints About the Manner in Which Mr. Germaine Performed His Quasi-Judicial Role Are The Types of Claims Against Which the Immunity Protects**…………….11

        **C. Mr. D'Angelo Fails to Raise Any Exceptions to the Doctrine of Quasi-Judicial Immunity That Would Deprive Mr. Germaine of Immunity**…………………………………………….........13

**D. Mr. D'Angelo's Allegation That Mr. Germaine Violated an Ethical Rule Does Not Deprive Mr. Germaine of Immunity**……………………..…………………………………14

**CONCLUSION**……………………………………………………………..16

**CERTIFICATE OF COMPLIANCE**……………………………………..17

**CERTIFICATE OF SERVICE**……………………………………......18

**ADDENDUM**………………………………………………...........................19

ii

## <u>TABLE OF AUTHORITIES</u>

### CASES

*Aetna Casualty Sur. Co. v. P& B Autobody,* 43 F.3d 1546 (1st Cir. 1994)…...11, 13

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) …………………………………………7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)………………….................7

*Brown v. Newberger*, 291 F.3d 89 (1st Cir. 2002)……………...……….....9, 11, 12

*Butz v. Economou*, 438 U.S. 478 (1978)…………………………………..…10, 11

*Cok v. Costentino*, 876 F.2d 1 (1st Cir. 1989)……………………....……9, 11, 12

*Eldredge v. Town of Falmouth, MA*, 662 F.3d 100 (1st Cir. 2011)………….............7

*Gonzalez-Cancel v. Partido Nuevo Progresista*,
696 F.3d 115 (1st Cir. 2012) …………………………………………………7

*HSBC Bank USA, National Association, Inc. v. MacMillan*,
160 N.H. 375 (2010)……………………………………………...……….15

*Kermit Const. v. Banco Credito*, 547 F.2d 1 (1st Cir. 1976)………………….......11

*Mireles v. Waco*, 502 U.S. 9 (1991)………………………..…………….....12, 14

*Nystedt v. Nitro,* 700 F.3d 25 (1st Cir. 2012)……..….…….....…….........8, 9, 12, 13

*Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1 (1st Cir. 2011)………………...7

*In re O'Neil*, 159 N.H. 615 (2010)……………………………………...………10

*Ramsdell v. Bowles,* 64 F.3d 5 (1st Cir. 1995)………..................…..………......10, 13

*Redondo-Borges v. U.S. Dept. Hous. & Urban Develop.*,
421 F.3d 1 (1st Cir. 2005)……………………………………………. 10

*Ross v. Gadwah,* 131 N.H. 391 (1988)…………………………………………....15

*Shargal v. New Hampshire Board of Examiners of Psychologists*, 135 N.H. 242, 245……………………………………………………………………………….8

*State v. Decker*, 138 N.H. 432 (1994)……………………………………..…...…14

*Walker v. Walker*, 119 N.H. 551 (1979)…………………………......…...……10

## STATUTES

28 U.S.C. § 1291…………………………………………………...……………..1

## RULES

Fed. R. Civ. P. 12(b)(6)……………………………………………………………….5

## JURISDICTIONAL STATEMENT

This Court has jurisdiction pursuant to 28 U.S.C. § 1291 because this is an appeal of a final judgment issued by the District of New Hampshire on December 21, 2012 dismissing the Complaint filed by Plaintiff-Appellant in the matter of Stephen L. D'Angelo v. New Hampshire Supreme Court and Brian Germaine, Case No. 12-cv-411-SM.  Germaine Add. at 26.[1]  There is no dispute that the notice of appeal filed on January 9, 2012 was timely filed.  Germaine Add. at 27.

## STATEMENT OF ISSUE PRESENTED

Whether the District Court properly dismissed the Complaint against Germaine on the basis that these claims were barred by the doctrine of absolute quasi-judicial immunity.

## STATEMENT OF THE CASE

Mr. D'Angelo, an attorney appearing pro se, filed this lawsuit seeking injunctive and monetary relief against the New Hampshire Supreme Court

---

[1] Appellee notes that the Appellant failed to consult with opposing counsel as to the content of the Appendix, and that the Appendix has not been consecutively page numbered. Therefore, the references in this brief will be to the "Exhibit" designation in the Appendix index, and the page number, if any, in that document. Any relevant portion of the record not included in the Appendix will be included in this brief as an addendum and referred to herein as "Germaine Add."

("NHSC") and Mr. Germaine for purported violations of his federally protected constitutional rights.  Mr. D'Angelo also asserted tort claims.

D'Angelo has been involved in ongoing disputes with his former spouse related to alimony and child support payment issues in the New Hampshire Circuit Court, 10th Circuit, Family Division (the "Family Court" or "Derry Family Court").  Germaine was appointed by the Family Court to act as a commissioner to review certain of D'Angelo's financial information and report back to the court.

After the Family Court issued various orders with which D'Angelo took issue, and which he unsuccessfully sought to appeal to the NHSC, he initiated the present action in the United States District Court for the District of New Hampshire in an effort to enjoin the Family Court from enforcing its orders.  The District Court dismissed the matter for lack of subject matter jurisdiction and failure to state a claim, specifically concluding the claims against the Family Court appointed commissioner were barred by his absolute quasi-judicial immunity.  This appeal followed.

## STATEMENT OF THE FACTS

Mr. D'Angelo has been involved in an ongoing dispute with his ex-wife since approximately 2006 over his child support obligations 2006 in the. Appendix, Ex. P, District Court Order dated December 20, 2012 (hereafter "Dec.

2

2012 Order") at 2; *see generally* Appendix Ex. 1, Verified Complaint (hereafter "Compl."). Over several years, the Family Court conducted a number of hearings and issued several orders in an effort to resolve D'Angelo's financial obligations to his son. *Id.*

On multiple occasions, the Family Court found D'Angelo in contempt of court. *See, e.g.,* Appendix Ex. H, Family Court Order dated May 15, 2012 (hereafter "May 2012 Family Court Order") at 3; Appendix Ex. N (attached as Exhibit A), Derry Family Court Order dated September 19, 2011 (hereafter "September 2011 Family Court Order"). It observed that D'Angelo "has a well-documented history of thwarting the discovery process and of selectively excluding relevant financial information to the detriment of the Petitioner." Appendix Ex. N, September 2011 Family Court Order at 3; Appendix Ex. H, May 2012 Family Court Order at 3 (quoting prior order). For example, the Derry Family Court noted that D'Angelo:

> would represent that his gross income ranges from $29,590 to a high of $93,387.00 while being able to travel extensively, own two Porsche automobiles, purchase a 40ft yacht for $ 190,000.00, own several automobiles to include a Lexus, and maintain a lifestyle that would indicate by his travel, entertainment, and expenditures that he has disposable monies in excess of those stated on his Financial Affidavit.

Appendix Ex. N, September 2011 Family Court Order at 9; Appendix Ex. H, May 2012 Family Court Order at 2 (referencing previous findings).

Given the Derry Family Court's ongoing concerns about the veracity of the information provided by D'Angelo, it appointed Attorney Brian Germaine as a Commissioner in September 2011 to aid the court in determining D'Angelo's gross income for child-support purposes for tax years 2006 through 2010.  Appendix Ex. N, September 2011 Family Court Order at 9-10; Appendix Ex. 1, Compl. ¶¶ 15-17, 20.  In May 2012, Commissioner Germaine presented his findings to the court. Appendix Ex. H, May 2012 Family Court Order at 1. The court determined them to be well-supported and credible, and adopted them as to D'Angelo's gross income from 2006 forward.  *Id.* at 10; Appendix Ex. 1, Compl. ¶ 54.

The Derry Family Court ultimately found "by clear and convincing evidence that [D'Angelo] had the ability to make [past support payments] to the Petitioner and chose to pay his own bills despite being cautioned by this Court."  Appendix Ex. H, May 2012 Family Court Order at 4.  The court then held D'Angelo in contempt for having failed to pay his past-due child support obligations, entered judgment in favor of D'Angelo's former wife in the amount of more than $110,000.00, and modified his monthly child support obligations going forward. *Id.* at 10-12.

D'Angelo filed a Notice of Discretionary Appeal of the Derry Family Court's May 2012 Order to the New Hampshire Supreme Court, Appendix Ex. I, but the court declined to hear his appeal.  NHSC Add. at 43.  Rather than seeking

an appeal of that decision to the United States Supreme Court, D'Angelo initiated the present litigation in the United States District Court for the District of New Hampshire in an attempt to use the federal courts to enjoin the New Hampshire state courts from enforcing their orders. *See generally,* Appendix Ex. 1, Compl.

On November 2, 2012, D'Angelo filed a motion for a temporary restraining order ("TRO") and preliminary injunction ("PI"), requesting that the District Court enjoin the state courts of New Hampshire from enforcing the May 2012 Family Court Order. Appendix Ex. K. The matter was referred to the Magistrate Judge. The Magistrate issued a Report and Recommendation on November 8, 2012 concluding that the Complaint should be dismissed because the District Court did not have subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, and that the motion for TRO and PI also should be denied. Appendix Ex. L.

The New Hampshire Supreme Court filed its Objection to the Motion for TRO and PI and its Motion to Dismiss the Complaint on November 19, 2012. NHSC Add. at 31. Mr. Germaine filed his own Motion to Dismiss the Complaint on November 26, 2012 pursuant to Fed. R. Civ. P. 12(b)(6) on the basis, among other things, that the claims against him were barred by the doctrine of absolute quasi-judicial immunity. Appendix Ex. N. On the same day, Mr. D'Angelo filed his Objection to the Magistrate's Report and Recommendation. Appendix Ex. M. On December 7, 2012, D'Angelo filed his Objection to NHSC's Motion to Dismiss

and on December 12, 2012, he filed his Objection to Germaine's Motion to Dismiss. *See* Germaine Add. at 22-23, [Doc. 15], [Doc. 17].

On December 20, 2012, the District Court issued an Order adopting the Magistrate's Report and Recommendation in part, granting the Defendants' respective motions to dismiss, and dismissing all of D'Angelo's claims. Appendix, Ex. P. Thereafter, D'Angelo filed his appeal. Germaine Add. at 27.

## SUMMARY OF THE ARGUMENT

Mr. D'Angelo sues Mr. Germaine for Germaine's conduct while acting as a Commissioner appointed by the Derry Family Court in a dispute between D'Angelo and his ex-wife. New Hampshire family courts have authority to appoint commissioners in divorce proceedings, who serve in a quasi-judicial capacity to assist in resolving disputed issues. Federal and state courts have long recognized that the doctrine of absolute quasi-judicial immunity protects those exercising such judicial functions from liability for alleged wrongs committed when acting in that capacity. Thus, the District Court properly dismissed D'Angelo's Complaint against Germaine, as Germaine had immunity for his conduct as the court-appointed Commissioner for the Derry Family Court. The District Court's order of dismissal, at least as to Germaine, should be affirmed.

## ARGUMENT

### I.    STANDARD OF REVIEW

This Court reviews *de novo* an order of dismissal for failure to state a claim. *Eldredge v. Town of Falmouth, MA*, 662 F.3d 100, 104 (1st Cir. 2011). In conducting this review, the Court must "take as true all well-pleaded facts in the complaint and draw all reasonable inferences there-from in appellants' favor." *Gonzalez-Cancel v. Partido Nuevo Progresista*, 696 F.3d 115, 116 (1st Cir. 2012).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Claims which "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action" may be disregarded. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). All remaining non-conclusory factual allegations and the reasonable inferences drawn from them should then be evaluated to determine whether the claim is plausible. *Id.* Unless the alleged facts push a claim "across the line from conceivable to plausible," the complaint is subject to dismissal. *Twombly*, 550 U.S. at 570.

II.    **THE DISTRICT COURT DID NOT ERR IN CONCLUDING THAT MR. GERMAINE WAS ENTITLED TO ABSOLUTE QUASI-JUDICIAL IMMUNITY FOR THE ACTIONS HE TOOK AS COMMISSIONER FOR THE DERRY FAMILY COURT.**

The District Court properly concluded that Mr. Germaine's role as a Commissioner appointed by the Derry Family Court was exactly the type of function protected by the doctrine of quasi-judicial immunity.  Mr. D'Angelo offers no valid reason why this Court should reach a different conclusion.  This Court should therefore affirm the District Court's decision dismissing D'Angelo's claims against Germaine.

A.    **The Doctrine of Quasi-Judicial Immunity Provides Absolute Immunity to Mr. Germaine for the Claims Brought By Mr. D'Angelo.**

Individuals performing tasks inextricably linked with judicial functions are entitled to absolute quasi-judicial immunity.  *See, e.g., Nystedt v. Nitro,* 700 F.3d 25, 30 (1st Cir. 2012); *Shargal v. New Hampshire Board of Examiners of Psychologists*, 135 N.H. 242, 245 ("The doctrine of quasi-judicial immunity has long been recognized in [New Hampshire], and has been explained as the rule of public policy which protects judicial officers and those exercising judicial functions ... from liability in actions of tort for wrongs committed when acting in that capacity."); *see also* Appellant's Br. at 24 (conceding that the well-recognized

8

"doctrine of quasi-judicial immunity provides absolute immunity for those who perform tasks that are inextricably linked with the judicial function").

Whether an individual is entitled to absolute quasi-judicial immunity is a functional analysis, which examines the nature of the duties performed and whether the individual is closely associated with the judicial process. *Nystedt*, 700 F.3d at 30-31; *Cok v. Costentino*, 876 F.2d 1, 3 (1st Cir. 1989). An individual that operates at the request of the court, functions as an agent of the court, and performs activities integrally related to the judicial process, has absolute quasi-judicial immunity. *See Nystedt*, 700 F.3d at 30-31 (holding that a discovery master was entitled to quasi-judicial immunity); *Brown v. Newberger*, 291 F.3d 89 at 94-95 (1st Cir. 2002) (holding that the defendants, appointed by the court to perform sexual abuse evaluations, engaged in "information gathering, reporting, and recommending tasks," and were entitled to absolute quasi-judicial immunity); *Cok*, 876 F.2d at 3 (holding that a Guardian ad Litem and a conservator of assets functioned as agents of the court, and had absolute quasi-judicial immunity for those activities).

Here, Attorney Germaine was appointed by the Derry Family Court to aid the court in determining D'Angelo's gross income for child-support purposes for tax years 2006 through 2010. Appendix Ex. 1, Compl. ¶¶ 15-17, 20. As part of his role, Germaine produced a report that was adopted by the Derry Family Court. *Id.*

9

at ¶ 54. D'Angelo does not dispute that New Hampshire family courts have the authority to appoint commissioners in divorce proceedings to serve a quasi-judicial function. *See In re O'Neil*, 159 N.H. 615, 624 (2010); *Walker v. Walker*, 119 N.H. 551, 553-54 (1979). D'Angelo therefore cannot (and does not) dispute that Mr. Germaine was acting in a quasi-judicial role on behalf of the Derry Family Court.

Likewise, Mr. D'Angelo cannot (and does not) dispute that his claims against Mr. Germaine arise solely from Germaine's role as a court-appointed Commissioner. *See, e.g,* Appendix, Ex 1, Compl. ¶¶ 31-43, 63-64, 74-81. Because Germaine, in performing his role as Commissioner, was acting at the request of the Derry Family Court, serving as the agent of the Derry Family Court and conducting activities integrally related to the judicial process before the Derry Family Court, he has absolute quasi-judicial immunity from D'Angelo's claims. *See Nystedt*, 700 F.3d at 30-31.[2]

---

[2] For the first time on appeal, D'Angelo suggests that the District Court erred in concluding that quasi-judicial immunity applied to Germaine because the District Court failed to perform the "functional test under *Butz v. Economu*, 438 U.S. 478 (1978) used to determine whether the person is performing a judicial act in a manner functionally comparable to that of a judge and entitled to immunity." Appellant's Br. at 23. Because D'Angelo never raised this issue in the District Court and raises it in a perfunctory basis on appeal, he has failed preserve it. *See, e.g., Redondo-Borges v. U.S. Dept. Hous. & Urban Develop.*, 421 F.3d 1, 6 (1st Cir. 2005) ("Few principles are more sacrosanct in this circuit than the principle that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."); *see also Ramsdell v. Bowles,*64 F.3d 5, 8 (1st Cir. 1995) (concluding that party waived an argument by failing to

**B.** **Mr. D'Angelo's Complaints About the Manner in Which Mr. Germaine Performed His Quasi-Judicial Role Are The Types of Claims Against Which the Immunity Protects.**

As Mr. D'Angelo acknowledges, the doctrine of quasi-judicial immunity is "rooted in the wise idea that those who perform adjudicative functions 'require full exemption from liability.'" Appellant's Br. at 24 (quoting *Butz v. Economou*, 438 U.S. 478, 508 (1978)). Nevertheless, D'Angelo seeks to deprive Germaine of his full exemption from liability because D'Angelo is unhappy with the result of Germaine's exercise of his duties. This is precisely the sort of development against which the doctrine protects. D'Angelo's complaints about the manner in which Germaine performed his role are insufficient to overcome the immunity Germaine is entitled to in his role as a court-appointed commissioner.

As this Court has long recognized, denying immunity to an individual appointed by a judge to perform a judicial function would "seriously encroach on the judicial immunity already recognized by the Supreme Court." *Kermit Const. v. Banco Credito*, 547 F.2d 1, 3 (1st Cir. 1976) (affirming dismissal of complaint

---

raise it in the district court and by failing to raise it in her opening brief on appeal); *Aetna Casualty Sur. Co. v. P& B Autobody,* 43 F.3d 1546, 1571 (1st Cir. 1994) (appellant failed to preserve issue for appeal by failing to raise it at trial and by failing to raise it in opening brief on appeal). Even if Mr. D'Angelo has preserved this issue, he fails to provide any evidence or authority to support his contention that Mr. Germaine's role as a court-appointed Commissioner was not functionally comparable to that of a judge. *See, e.g., Brown*, 291 F.3d at 94; *Cok*, 876 F.2d at 3.

against court appointed receiver that was immune from liability).  Without judicial

immunity, court-appointed officials would "become lighting rods for harassing

litigation aimed at judicial orders." *Id.*  Quasi-judicial immunity applies "no

matter how erroneous the act may have been, how injurious its consequences, how

informal the proceeding, or how malicious the motive." *Brown*, 291 F.3d at 94

(quoting *Cok*, 876 F.2d at 3).

Mr. D'Angelo erroneously contends that immunity should not apply to Mr.

Germaine because he purportedly "failed to follow the court's order that required

cooperation" with the parties and allegedly failed to perform his role competently.

Appellant's Br. at 24.  The law is clear, however, that even bad faith or malice will

not divest the wearer of the protection of the cloak of quasi-judicial immunity.

*See, e.g.*, *Nystedt*, 700 F.3d at 33; *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991)

("[J]udicial immunity is not overcome by allegations of bad faith or malice...").

Consequently, "negligence in performing judicial duties affects neither a

defendant's immunity nor his jurisdiction; the judicial officer (or the person

performing tasks intimately associated with core judicial functions) retains the

power, whether or not negligent, to act in that capacity." *Nystedt*, 700 F.3d at 32;

*see also Cok*, 876 F.2d at 4 (holding that "negligent performance" or "dereliction

of duty" does not divest an individual of authority granted by the court).

12

D'Angelo's complaints about the manner in which Germaine performed his quasi-judicial role therefore are legally insufficient to deprive the Commissioner of immunity. Regardless of the accuracy of the report Germaine prepared and regardless of the role it may have played in the Derry Family Court's decision respecting D'Angelo's rights, Germaine is protected from liability in a suit for damages based on such report and the tasks he performed as Commissioner.

### C.    Mr. D'Angelo Fails to Raise Any Exceptions to the Doctrine of Quasi-Judicial Immunity That Would Deprive Mr. Germaine of His Immunity.

Mr. D'Angelo may only avoid application of the doctrine of absolute quasi-judicial immunity if he identifies an exception to the doctrine. This Court has only recognized two exceptions to the application of absolute quasi-judicial immunity doctrine, neither of which Mr. D'Angelo has raised,[3] and neither of which would apply in these circumstances.

The first of these exceptions relates to nonjudicial acts by the party claiming immunity. *See, e.g., Nystedt,* 700 F.3d at 31. The second exception relates to acts, which, "though judicial in nature," are "taken in the complete absence of all jurisdiction" by the party claiming immunity. *Id.* at 31 (quoting *Mireles v. Waco*, 502 U.S. 9 (1991)).

---

[3] Because Mr. D'Angelo neither raised this issue below nor in his opening brief, it has not been preserved for appeal. *See, e.g., Ramsdell,* 64 F.3d at 8; *Aetna,* 43 F.3d at 1571.

Even if D'Angelo had raised these exceptions, neither of them would apply. With respect to the first exception, Mr. Germaine's performance of his duties as a court-appointed Commissioner falls comfortably within the sphere of "judicial" acts, as it was for the purpose of resolving the dispute regarding child-support between D'Angelo and his ex-wife.  Likewise, with respect to the second exception, D'Angelo's Complaint does not allege that any actions of the Commissioner were taken without jurisdiction, nor does it allege any actions on the part of Germaine that exceeded the role he was appointed to by the Derry Family Court.   Accordingly, the doctrine of quasi-judicial immunity protects Germaine from D'Angelo's claims.

### D.    Mr. D'Angelo's Allegation That Mr. Germaine Violated an Ethical Rule Does Not Deprive Mr. Germaine of Immunity.

In a last ditch effort to deprive Mr. Germaine of immunity, Mr. D'Angelo erroneously contends that Germaine violated an ethical rule related to conflicts of interests by delegating some of the work involved on the matter to an attorney in his firm whose husband purportedly had an "adverse relationship" with D'Angelo on "political committees in the town of Chester."  Appellant's Br. at 26.  Courts have long recognized that violations of rules of professional responsibility do not create substantive rights for third parties.  *See, e.g., State v. Decker*, 138 N.H. 432, 438 (1994) ("The New Hampshire Rules of Professional Conduct are aimed at

policing the conduct of attorneys, not at creating substantive rights on behalf of third parties."); *see also HSBC Bank USA, National Association, Inc. v. MacMillan*, 160 N.H. 375, 377 (2010) (concluding that alleged violation of the New Hampshire Rules of Professional Responsibility did not warrant reversal of the superior court's decision).

Likewise, D'Angelo offers no authority to support his argument that such a violation could deprive Germaine of his quasi-judicial immunity. *See, e.g., Nystedt*, 700 F.3d at 32 (rejecting allegation of unethical conduct as basis for depriving special master of quasi-judicial immunity). Moreover, the ethical rule cited by Mr. D'Angelo pertains to a lawyer's representation of clients and is inapplicable to the current situation, where Mr. Germaine served in a quasi-judicial role and neither Mr. D'Angelo nor his ex-wife would be considered his client. *Cf. Ross v. Gadwah,* 131 N.H. 391, 394-395 (1988) (holding that attorney-client privilege does not apply to communications between minor child and Guardian ad Litem serving quasi-judicial function). Consequently, any purported violation of the conflict of interest rule by Germaine is irrelevant to the immunity protection which he enjoys.

## **CONCLUSION**

For the foregoing reasons, the decision of the District Court should be

affirmed.

Dated:  July 18, 2013

Respectfully submitted,

*/s/ William C. Saturley*
William C. Saturley (1st Cir. Bar # 67415)
Nathan R. Fennessy
PRETI, FLAHERTY, BELIVEAU &
PACHIOS, LLP
57 North Main Street,
P.O. Box 1318
Concord, NH 03302-1318
(603) 410-1500
wsaturley@preti.com

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(b) because it contains a total of 3,463 words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word (Office 2000) in Times New Roman Type style, font size 14.

*/s/ William C. Saturley*
William C. Saturley

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 18, 2013, I filed the foregoing Brief of Appellee

Brian Germaine, Esq. with the Court's Electronic Case Filing System, which I

understand will generate a Notice of Docket Activity that constitutes service of the

filed document on the following:

Stephen D'Angelo
401 Andover Street, Suite 202
North Andover, MA 01845
978-687-8100
sld@lawyer advocates.corn

Nancy J. Smith,
Senior Assistant Attorney General
Civil Bureau
33 Capitol Street
Concord, NH 03301-6397
(603) 271-3650
nancy.smith@doj.nh.gov

*/s/William C. Saturley*
William C. Saturley

## ADDENDUM

**Page**

United States District Court for the District of New Hampshire
Docket Sheet for Case No. 1:12-cv-00411-SM…………………………………… 20

District Court Final Judgment dated December 21, 2012...………………....... 25

Notice of Appeal dated January 2, 2013…………………………………………26

APPEAL,CLOSED

# U.S. District Court
## District of New Hampshire (Concord)
### CIVIL DOCKET FOR CASE #: 1:12-cv-00411-SM

D'Angelo v. NH Supreme Court et al
Assigned to: Judge Steven J. McAuliffe
Case in other court: CCA, 13-01059
Cause: 42:1983 Civil Rights Act

Date Filed: 10/25/2012
Date Terminated: 12/21/2012
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Stephen L. D'Angelo**

represented by **Stephen L. D'Angelo**
D'Angelo & Hashem LLC
401 Andover St, Ste 202
North Andover, MA 01845
978 687-8100
PRO SE

V.

**Defendant**

**NH Supreme Court**

represented by **Nancy J. Smith**
Office of Attorney General
Civil Bureau
33 Capitol Street
Concord, NH 03301
271-3658
Email: nancy.smith@doj.nh.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Brian G. Germaine**
*Esq., Commissioner*

represented by **William C. Saturley**
Preti Flaherty Beliveau Pachios PLLP
(Concord NH)
57 North Main St
PO Box 1318
Concord, NH 03302-1318
603 410-1500
Fax: 603-410-1501
Email: wsaturley@preti.com
*ATTORNEY TO BE NOTICED*

**William H. Whitney**
Preti Flaherty Beliveau Pachios PLLP
(Concord NH)

57 North Main St
PO Box 1318
Concord, NH 03302-1318
603-420-1500
Email: wwhitney@preti.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/25/2012 | 1 | COMPLAINT against Brian G. Germaine, New Hampshire Supreme Court with Jury Demand ( Filing fee $ 350.00 receipt number 14649007443) filed by Stephen L. D'Angelo. (Attachments: # 1 Exhibit A, Order & Protective Order 12.27.06, # 2 Exhibit B, Motion to Stay & Motion for Protective Order 6.14.10, # 3 Exhibit C, CPA Parigian of Saba, Colman & Hunt Analysis of Commission Report 5.10.12, # 4 Exhibit D, Affidavit of Atty Amelia Lyn Warchal discusses matter with Mass BBO 3.7.11, # 5 Exhibit E, Notice of Appeal with Motion to Stay 6.16.11, # 6 Exhibit F, Correspondence with Germaine Sept. & Oct. 2011, # 7 Exhibit G, Atty. DeBryckere Correspondence to Germaine 12.2.11, # 8 Exhibit H, Family Court Notice of Decision 5.22.12, # 9 Exhibit I, Rule 7 Notice of Appeal of Family Court Order of 5.22.12, # 10 Exhibit J, NH Supreme Court Justice Dalianis discusses Family Law Appellate Caseload June 2006, # 11 Civil Cover Sheet, # 12 Summons-New Supreme Court, # 13 Summons-Brian Germaine, Esq., # 14 Main Doc.'s-Date Filed and Signature Pages)(jeb) (Entered: 10/26/2012) |
| 10/26/2012 | | Case assigned to Judge Steven J. McAuliffe. The case designation is: 1:12-cv-411-SM. Please show this number with the judge designation on all future pleadings. (jeb) (Entered: 10/26/2012) |
| 10/26/2012 | | NOTICE. This case has been designated for Electronic Case Filing. All further submissions shall be filed in compliance with the Administrative Procedures for Electronic Case Filing. Pro se litigants are not required to file electronically and may continue to file documents in paper format. Persons filing electronically are strongly encouraged to complete the interactive training modules available on the courts website. To access these modules, click HERE.(jeb) (Entered: 10/26/2012) |
| 10/26/2012 | 2 | Summonses Issued by mail as to Brian G. Germaine, NH Supreme Court. **NOTICE: Counsel shall serve the summonses and all attachments in accordance with Fed.R.Civ.P.4.** (Attachments: # 1 Notice ECF)(jeb) (Entered: 10/26/2012) |
| 11/02/2012 | 3 | MOTION for Temporary Restraining Order, MOTION for Preliminary Injunction filed by Stephen L. D'Angelo. Follow up on Objection on 11/19/2012. (Attachments: # 1 Memorandum of Law, # 2 Exhibit (Affidavit) K - Affidavit of Attorney Michael Mimno, # 3 Exhibit (Affidavit) L - Affidavit of Attorney Daniel A. Debruyckere, # 4 Attachment to Exhibit L - Letter to Atty Germaine dated 12/2/2011, # 5 Proposed Order)(jab) (Entered: 11/02/2012) |
| 11/07/2012 | 4 | NOTICE of Attorney Appearance by William C. Saturley on behalf of Brian G. Germaine (Saturley, William) (Entered: 11/07/2012) |

| 11/07/2012 | 5 | NOTICE of Attorney Appearance by William H. Whitney on behalf of Brian G. Germaine (Whitney, William) (Entered: 11/07/2012) |
|---|---|---|
| 11/08/2012 | 6 | CERTIFICATE OF SERVICE by Brian G. Germaine re: 4 Notice of Attorney Appearance (Saturley, William) (Entered: 11/08/2012) |
| 11/08/2012 | 7 | CERTIFICATE OF SERVICE by Brian G. Germaine re: 5 Notice of Attorney Appearance (Whitney, William) (Entered: 11/08/2012) |
| 11/08/2012 | 8 | **REPORT AND RECOMMENDATION re 1 Complaint and 3 Motion for Temporary Restraining Order and Preliminary Injunction recommending dismissal of the complaint and denial of the motion for a temporary restraining order and preliminary injunction. Follow up on Objections to R&R on 11/26/2012. So Ordered by Magistrate Judge Landya B. McCafferty.(jab) (Entered: 11/08/2012)** |
| 11/19/2012 | 9 | MOTION to Dismiss *Complaint* filed by NH Supreme Court. Follow up on Objection on 12/6/2012. (Attachments: # 1 Memorandum of Law, # 2 Exhibit A D'Angelo 2012-08-16 Supreme Court Order)(Smith, Nancy) (Entered: 11/19/2012) |
| 11/19/2012 | 10 | OBJECTION to 3 MOTION for Temporary Restraining Order MOTION for Preliminary Injunction filed by NH Supreme Court. (Smith, Nancy) (Entered: 11/19/2012) |
| 11/26/2012 | 11 | MOTION to Dismiss for Failure to State a Claim filed by Brian G. Germaine. Follow up on Objection on 12/13/2012. (Attachments: # 1 Memorandum of Law, # 2 Exhibit)(Whitney, William) (Entered: 11/26/2012) |
| 11/26/2012 | | NOTICE of ECF Filing Error re: 11 MOTION to Dismiss for Failure to State a Claim filed by Brian G. Germaine. No description of exhibit or attachment was included. Exhibit or attachment shall be followed by a short description of the document and shall not exceed five words. AP 2.5(a). See How to Properly Attach Exhibits to Pleadings. NO ACTION REQUIRED - FOR INFORMATIONAL PURPOSES ONLY AND MERELY INTENDED TO EDUCATE ALL PARTIES IN THE CASE. If the filing party has any questions concerning this notice, please contact the judge's case manager at 603-225-1587.(vln) (Entered: 11/26/2012) |
| 11/26/2012 | 12 | OBJECTION to 8 Report and Recommendation filed by Stephen L. D'Angelo. (jab) (Entered: 11/27/2012) |
| 11/26/2012 | 13 | Return of Service Executed as to Brian G. Germaine by Stephen L. D'Angelo. Served/Mailed on 11/5/2012. Answer Follow Up on 11/29/2012.(jab) (Entered: 11/27/2012) |
| 11/26/2012 | 14 | Return of Service Executed as to NH Supreme Court by Stephen L. D'Angelo. Served/Mailed on 11/2/2012. Answer Follow Up on 11/26/2012.(jab) Modified on 12/5/2012 to correct name of party served (jab). (Entered: 11/27/2012) |
| 12/07/2012 | 15 | OBJECTION to 9 MOTION to Dismiss *Complaint* served on 12/4/2012 filed by Stephen L. D'Angelo. (jab) (Entered: 12/07/2012) |
| 12/11/2012 | 16 | CERTIFICATE OF SERVICE by Stephen L. D'Angelo re: 15 Objection to |

| | | Motion to Dismiss Complaint. (jab) (Entered: 12/11/2012) |
|---|---|---|
| 12/12/2012 | 17 | Memorandum in support of OBJECTION to Defendant Brian Germaine's 11 MOTION to Dismiss for Failure to State a Claim served on 12/10/2012 filed by Stephen L. D'Angelo. (jab) (Entered: 12/12/2012) |
| 12/14/2012 | 18 | Notice of Intent to Reply to Objection to 11 MOTION to Dismiss for Failure to State a Claim . Follow up on Reply on 12/31/2012.(Whitney, William) (Entered: 12/14/2012) |
| 12/20/2012 | 19 | **/// ORDER approving in part 8 Report and Recommendation; denying 3 Motion for Temporary Restraining Order and Preliminary Injunction; granting 9 Defendant New Hampshire Supreme Court's Motion to Dismiss; and granting 11 Defendant Brian Germaine's Motion to Dismiss for Failure to State a Claim. The Clerk of Court shall enter judgment in accordance with this order and close the case. So Ordered by Judge Steven J. McAuliffe.(jab) (Entered: 12/20/2012)** |
| 12/21/2012 | 20 | **JUDGMENT is hereby entered in accordance with 19 Order of Judge Steven J. McAuliffe. Signed by Clerk James R. Starr. *(Case Closed)* (jab) (Entered: 12/21/2012)** |
| 01/09/2013 | 21 | NOTICE OF APPEAL as to 19 Order by Stephen L. D'Angelo. Filing fee: Not Paid. File-stamped copy to be sent to parties/USCA by Clerks Office. **NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel and pro se parties should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/efiling.htm**(jab) (Entered: 01/09/2013) |
| 01/09/2013 | 22 | Appeal Cover Sheet as to 21 Notice of Appeal filed by Stephen L. D'Angelo. (jab) (Entered: 01/09/2013) |
| 01/09/2013 | 23 | Clerk's Certificate transmitting Record on Appeal to US Court of Appeals, documents numbered 1 - 22, re: 21 Notice of Appeal. A copy of the Notice of Appeal mailed to all parties this date.(jab) (Entered: 01/09/2013) |
| 01/09/2013 | | Appellate Case Number: CCA 13-1059 re 21 Notice of Appeal,, filed by Stephen L. D'Angelo.(jab) (Entered: 01/09/2013) |
| 04/02/2013 | 24 | Letter to Plaintiff from Clerk's Office, US Court of Appeals re: payment of remaining $5.00 of appeal filing fee to be pay at the Clerk's Office, U.S. District Court, by April 12, 2013. (jab) (Entered: 04/04/2013) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/17/2013 14:08:49 | | | |
| PACER Login: | pf0056 | Client Code: | 20760.44686 |

| Description: | Docket Report | Search Criteria: | 1:12-cv-00411-SM |
|---|---|---|---|
| Billable Pages: | 4 | Cost: | 0.40 |

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Stephen L. D'Angelo,
    Plaintiff

    v.                                          Case No. 12-cv-411-SM

New Hampshire Supreme Court
and Brian G. Germaine,
    Defendants

## J U D G M E N T

In accordance with the Order of Judge Steven J. McAuliffe entered on December 20,

2012, approving in part the Report and Recommendation of Magistrate Judge Landya B.

McCafferty, filed on November 8, 2012; and granting the defendants' Motions to Dismiss,

judgment is hereby entered.

                           By the Court,

                           /s/ James R. Starr

                           James R. Starr, Clerk

December 21, 2012

cc:    Stephen L. D'Angelo, pro se
       Nancy J. Smith, Esq.
       William C. Saturley, Esq.
       William H. Whitney, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

DISTRICT COURT
DISTRICT OF N.H.
FILED

2013 JAN -9  A 11: 35

```
*********************************)
                                )
Stephen L. D'Angelo,            )
Plaintiff                       )
                                )
v.                              )         C.A. No.: 12CD411-SM
                                )         Opinion No. 2012 DNH 204
New Hampshire Supreme Court,    )
Brian Germaine, Esq.,           )
Defendants                      )
                                )
*********************************
```

## NOTICE OF APPEAL

Plaintiff, Stephen L. D'Angelo, hereby files this Notice of Appeal to the First Circuit

Court of Appeals from the Order of Honorable Steven McAuliffe approving the Report and

recommendation of Magistrate Judge Landya B. McCafferty  granting the defendants' Motion to

Dismiss and entering judgment for the defendants New Hampshire Supreme Court and Brian

Germaine, Esq.  Plaintiff's appeal seeks review of the factual findings and legal rulings made by

the Court: (a) in the Memorandum and Order dated December 20, 2012.

The First Circuit Court of Appeals has jurisdiction to hear the appeal at the present time,

pursuant to 28 U.S.C. § 1291.

Dated this 2nd day of January, 2013

Respectfully submitted,
Stephen D'Angelo

Stephen D'Angelo
401 Andover Street, Suite 202
North Andover, Massachusetts 01845
978-687-8100
sld@lawyeradvocates.com

Case 1:12-cv-00411-SM   Document 21   Filed 01/09/13   Page 2 of 2

## Certificate of Service

I hereby certify that on the 2nd Day of January, I served the foregoing:

**Notice of Appeal**

To all parties of record via first class mail as follows:

William Saturley, esq.
Counsel for Brian Germaine
57 North Main Street
P.O.Box 1318
Concord, NH 03302

Nancy J Smith, Esq.
Senior Assistant Attorney General
New Hampshire Attorney General's Office
33 Capitol Street
Concord, NH 03302

Dated:  January 2, 2013

Respectfully submitted,
Stephen D'Angelo

Stephen D'Angelo
401 Andover Street, Suite 202
North Andover, Massachusetts 01845
978-687-8100
sld@lawyeradvocates.com