# United States Court of Appeals
## For the First Circuit

No. 13-1059

STEPHEN L. D'ANGELO,

Plaintiff, Appellant,

v.

NEW HAMPSHIRE SUPREME COURT,
BRIAN GERMAINE, ESQ.,

Defendants, Appellees.

_____

PLAINTIFF/APPELANT'S RESPONSE TO
SHOW CAUSE ORDER CONCERNING
ASSESSING DOUBLE COSTS ON AFFIRMANCE

_____

STEPHEN L. D'ANGELO
401 ANDOVER STREET, SUITE 202
NORTH ANDOVER, MA 01845
SLD@LAWYERADVOCATES.COM
(978) 687-8100

PRO SE FOR APPELLANT

_____

## I.  INTRODUCTION

Appellant Stephen L. D'Angelo, by and through counsel, hereby responds as follows to the Order of this Court dated January 29, 2014, in which Mr. D'Angelo was ordered to show cause within fourteen (14) days why he should not be assessed double costs "for needlessly consuming the time of the Court and opposing counsel."

Mr. D'Angelo did not file a frivolous appeal and sanctions are unwarranted because it presented a novel issue and/or an issue first impression and his position was not unreasonable. Moreover, his brief was not wholly deficient, he has made no misrepresentations, and his motive has not been to harass or delay.

## II.  BACKGROUND AND PROCEDURAL POSTURE

This legal matter began in the New Hampshire District Court, 10th Circuit, Family Division ("Derry Family Court") and involved a lengthy battle related to Mr. D'Angelo's support obligation to his ex-wife and son. Several hearings were held and several orders issued, mostly related to Mr. D'Angelo's finances.

The Derry Family Court appointed attorney Brian Germaine, Esq., as Commissioner in September 2011, and charged him with

1

investigating and reporting Mr. D'Angelo's gross income from 2006 forward. The Derry Family Court Judge issued an order that if Mr. D'Angelo even appealed the order appointing Mr. Germaine as a Commissioner he would have to pay $5,000.00 per month while the appeal was pending.

Mr. Germaine presented his report in May of 2012. At the hearing on its issuance, Mr. D'Angelo learned for the first time that Mr. Germaine delegated many, if not all, of the responsibilities of investigating and drafting to another attorney in his law firm, Elizabeth Richter. In 2010 and 2011, Mrs. Richter's husband and Mr. D'Angelo engaged in heated arguments and almost came to blows on political committees in the town of Chester, New Hampshire.

The Derry Family Court adopted the report prepared by Ms. Richter and held Mr. D'Angelo in contempt for failure to pay past-due child support obligations. Judgment entered in favor of Mr. D'Angelo's ex-wife for over $110,000.00, and his child support obligations were modified prospectively.

Mr. D'Angelo filed a Notice of Discretionary Appeal to the New Hampshire Supreme Court under Rules 3 and 7, but the court declined

to hear the appeal.  Mr. D'Angelo then filed his Complaint in the U.S. District Court for the District of New Hampshire on October 25, 2012, seeking to enjoin both orders of the Derry Family Court, and to reverse the denial of the discretionary appeal by the New Hampshire Supreme Court. Mr. D'Angelo asserted that New Hampshire Supreme Court Rule 3, which classified appeals from child support orders as "discretionary," ran contrary to the Due Process and Equal Protection Clauses of the United States Constitution; he also sought enjoinment of the state court orders, as well as monetary damages from the New Hampshire Supreme Court for failure to supervise the Derry Family Court, and brought claims against Mr. Germaine.

The New Hampshire District Court dismissed all of D'Angelo's claims in a twelve (12) page order. As to D'Angelo's challenge to New Hampshire Supreme Court Rule 3, the court found that Due Process does not contemplate a constitutional right to an appeal and thus found no violation in that respect. Likewise, the district court found that Rule 3 draws no arbitrary distinction between classes or categories of litigants and accordingly does not run afoul of the Fourteenth Amendment's Equal Protection Clause. As to Germaine, the district

3

court concluded that he was a court appointed official charged with performing quasi-judicial duties, and thus D'Angelo's claims were barred by the absolute provisions of the doctrine of quasi-judicial immunity.

The district court (McAuliffe, J.) did not find that the claims brought by Mr. D'Angelo were frivolous. Nor did the Defendants argue the same.

## III.   THE APPEAL TO THE FIRST CIRCUIT

Mr. D'Angelo appealed from the district court's judgment dismissing all of his claims. Specifically, he reiterated his Due Process and Equal Protection challenges to New Hampshire Supreme Court Rule 3, and his claim that Mr. Germaine was not entitled to immunity.

Mr. D'Angelo's brief consisted of twenty nine (29) pages of text. The New Hampshire Supreme Court filed a twenty seven (27) page brief, and Mr. Germaine filed a seventeen (17) page brief.   The Appellants did not motion for sanctions pursuant to Local Rule 38.0

On January 29, 2014, the First Circuit Court of Appeals issued its decision affirming the New Hampshire Federal District Court's dismissal of Mr. D'Angelo's Complaint for failure to state a claim,

4

reasoning that   New Hampshire Supreme Court Rule 3 did not run afoul of the Due Process and Equal Protection Clauses, and that Brian Germaine, Esq., was entitled to immunity.

## IV.   LEGAL STANDARD

The determination of whether to award Rule 38 sanctions is a two step process.  First, the Court must determine if the appeal is frivolous, and second, the Court must determine if sanctions are appropriate. *Etter v. Pease Const. Co.* 963 F.2d 1005, 1012 (7th Cir. 1992). The analysis should include whether the appeal was frivolous, and also a prudential judgment about the appropriateness of sanctioning the appellant. *Bankers Trust Co. v. Old Republic Co.*, 7 F.3d 93, 96 (7th Cir. 1993). The Court shall employ an objective standard in determining whether the appeal is frivolous, and will only impose damages under Rule 38 when the appeal is wholly without merit. *Mellon Bank Corp. v. First Union Real Estate Equity & Mortg. Inv.*, 951 F.2d 1399, 1413 (3rd Cir. 1991).

## V.    ARGUMENT

A.    This Case may be  Categorized as One of First Impression. New Hampshire Supreme Court Rule 3 May Run Afoul of the Equal Protection Clause.

Mr. D'Angelo concedes that he did not "hit the nail on the head" in briefing this issue. While the initial description of his Equal Protection argument mentioned a facial challenge only, elsewhere in the brief he made mention to the constitutionality of Rule 3 as applied to his particular case. Opinion, pg. 8, n. 4. The entirety of Mr. D'Angelo's argument was in the ballpark on the issue of Equal Protection, and therefore his appeal cannot be considered frivolous.

The State of New Hampshire Supreme Court recently issued an order, R-2013-0001, In re 2013 Annual Report of the Advisory Committee on Rules, wherein it decreed that the committee has reported a number of proposed rule amendments to the New Hampshire Supreme Court that should be adopted. Attachment 1.

The committee recommended revising Supreme Court Rule 3 to "address a concern that Rule 3 may be unlawful and unconstitutional to the extent that it provides mandatory review of appeals involving married parents but discretionary review of appeals involving

6

nonmarried parents." In appendix H of the Order, the proposed

comment to Rule 3 states:

> [The [DATE] amendment to paragraph (9)
> changes the language of the prior rule which
> provided that only appeals from final divorce
> decrees or decrees of legal separation were
> mandatory appeals. The change addresses the
> claim, identified in In the Matter of Miller &
> Todd, 161 N.H. 630 (2011), that providing for
> mandatory review of appeals involving married
> parents but discretionary review of appeals
> involving          non-married        parents        was
> unconstitutional.]

Granted, the classification is based upon marital status, which is not a

suspect or quasi-suspect classification. The remaining question would

be whether there was a rational basis for distinguishing Mr. D'Angelo's

appeal (the appeal of a non-married parent), from appeals of married

couples from orders issued by the Family Court. By proposing to amend

Rule 3 the committee is signaling that the basis may be so unreasonable

as to constitute a violation of the Fourteenth Amendment.

The case is novel, and perhaps properly categorized as one of first

impression in the First Circuit, and therefore Mr. D'Angelo should not

be sanctioned. In similar circumstances, the Seventh Circuit Court of

Appeals has held that there was no basis for an appellee's request that

the court impose attorneys fees and costs against an appellant for filing frivolous appeal where the case presented an issue not previously decided in the circuit and where his position was not unreasonable. *Freeman v. Local Union No. 135*, 746 F.2d 1316, 1322 n.3 (7th Cir. 1984); *see also Estiverne v. Sak's Fifth Ave.*, 9 F.3d 1171, 1174 (5th Cir.)(sanctions inappropriate if issue on appeal is one of first impression); *Ehm v. Amtrak Bd. of Directors*, 780 F.2d 516, 518 (5th Cir. 1986) (no sanctions where appeal presented novel procedural issue); *Interactive Prods. Corp. v. A2Z Mobile Office Solutions, Inc.*, 326 F.3d 687, 701-702 (6th Cir. 2003)(appeal from summary judgment order not sanctionable where appellant advanced colorable, although unpersuasive, argument on novel issue).

B.    The Appellant Should Not be Sanctioned because Notions of Due Process are Evolving.  Constitutional Arguments Should Not be Chilled.

Mr. D'Angelo argued in his appeal that the lack of mandatory appellate review in New Hampshire deprived him of his Due Process rights.  The First Circuit Court of Appeals stated, "it is equally well-established that the Fourteenth Amendment does not require states to

afford litigants a right to appellate review, *Lindsey v. Normet*, 405 U.S. 56, 77 (1972)(citations omitted)."

Members of the Supreme Court, however, have expressed doubt that denial of any appellate review would be upheld as constitutional. Justice Brennan, joined in a dissent by Justice Marshall, stated that there would be little doubt that a State must afford some opportunity for review of criminal convictions, whether through appeal or through some form of collateral proceeding. *Jones v. Barnes*, 463 U.S. 745, 775, n. 1 (1983)(Brennan, J., dissenting).  He added:

> "There are few, if any, situations in our system of justice in which a single judge is given unreviewable discretion over matters concerning a person's liberty or property."

Id.  This hints that his due process rationale may extend to both civil and criminal cases.  It is true that in recent years, the Supreme Court has, on several occasions, declined certiorari petitions to consider the constitutional protection for civil appellate rights.  *Mountain Enters., Inc. v. Fitch*, 541 U.S. 989 (2004); *Camden- Clark Hosp. Corp. v. Boggs*, 128 S.Ct. 2080 (2008); *Central West Virginia Energy Co. v. Wheeling Pittsburgh Steel Corp.*, 555 U.S. 1045 (2008); *NiSource, Inc. v. Estate of*

*Tawney*, 555 U.S. 1041 (2008); *Superior Highwall Miners, Inc. v. Frye* 130 S.Ct. 2354 (2010).

The Supreme Court, however, may decide to extend a Due Process protection of appellate remedies in light of modern practice, "[d]ue process, as this Court often has said, is a flexible concept that varies with the particular situation." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). It may someday be persuaded that even if the right to appeal in state court was not considered to be an integral part of Due Process in 1868, at the time of ratification of the fourteenth amendment, it has certainly become one by 2014. Legal scholars have noted that when it comes to what types of procedures are due, almost no one embraces original methods of interpretation. Lawrence Rosenthal, *Does Due Process Have an Original Meaning*? 60 OKLA.L.REV. 1, 2 (2007). Many scholars have advocated that there should be a Due Process right to appellate review. Alex S. Ellerson, Note, *The Right to Appeal and Appellate Procedural Reform*, 91 COLUM.L.REV. 373, 382 (1991). Jason Parkin, *Adaptable Due Process*, 160 U.PA.L.REV. 1309, 1361 (2012); Harlon Leigh Dalton, *Taking the Right to Appeal (More or Less)*

*Seriously*, 95 YALEL.J. 62, 62 (1985); Cassandra Burke Robertson, *The Right to Appeal*, 91 N.C.L.R. 1219 (2013).

Appeals that contain a colorable argument seeking to extend constitutional protections should not be sanctioned. They should not be chilled.

### C.    Other Considerations Weigh Against Imposing Sanctions.

As stated previously, the Appellees have never requested that sanctions be paid by the Appellant. The Opinion issued by this Court was twelve pages long. The Second Circuit Court of Appeals, where an appellee requested Rule 38 sanctions, held that it could not in good conscience characterize an appeal as "frivolous" that had provoked an affirmance extending thirteen pages. *Andros Compania Maritima, S.A. v. March Rich & Co., A.G.*, 579 F.2d 691, 704 n. 20 (2nd Cir. 1978) .

### VI.    <u>CONCLUSION</u>

The Appellants appeal, although slightly off the mark, was not frivolous and was meritorious.[1] Double costs should not be assessed.

---

[1] The Appellant's principal arguments were not frivolous, and although his other arguments may have had less merit, he should not be sanctioned. *UFCW, Locals 197 & 373 v. Alpha Beta Co*, 736 F.2d 1371, 1383 (9th Cir. 1983*) citing Todd v. Benal Concrete Construction Co.*, 710 F.2d 581, 584 (9th Cir.), *cert. den.* 465 U.S. 1022 (1984).

Respectfully submitted,
The Appellant,


/s/ Stephen L. D'Angelo
Stephen L. D'Angelo
401 Andover Street, Suite 202
North Andover, MA 01845
978-687-8100
sld@lawyeradvocates.com

CERTIFICATION

The Response is in 14 point New Century Schoolbook.

The word and line count according to the word processing system used to prepare this Response are:

     Word Count:    2,188

     Line Count:    288

CERTIFICATE OF SERVICE

February 11, 2014

     I hereby certify that on February 11, 2014, I electronically filed the foregoing document with the United States Court of Appeals for the First Circuit by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system: Nancy J. Smith, Esq., William C. Saturley, Esq., William H. Whitney, Esq.
.

               /s/Stephen L. D'Angelo
               Stephen L. D'Angelo

# ATTACHMENT 1

THE STATE OF NEW HAMPSHIRE

SUPREME COURT OF NEW HAMPSHIRE

ORDER

R-2014-0001, <u>In re 2013 Annual Report of the Advisory Committee on Rules</u>

The New Hampshire Supreme Court Advisory Committee on Rules (committee) has reported a number of proposed rule amendments to the New Hampshire Supreme Court with a recommendation that they be adopted.  On or before **Wednesday, March 19, 2014**, members of the bench, bar, legislature, executive branch or public may file with the clerk of the supreme court comments on any of the proposed rule amendments.  An original and seven copies of all comments shall be filed.  Comments may also be emailed to the court at:

rulescomment@courts.state.nh.us

The proposed rule amendments are set forth below.

## I.     Exchange of Pleadings by Email

Supreme Court Rule 26(3), Rule 3 of the Superior Court of the State of New Hampshire Applicable in Civil Actions, Rule 21 of the Rules of the Superior Court of the State of New Hampshire Applicable in Criminal Cases, Circuit Court-District Division Rule 1.3-A, Circuit Court-Probate Division Rule 21, Circuit Court-Family Division Rule 1.23.  These proposed amendments to court rules are designed to enable email service in litigation.  Following a public hearing on the proposed amendments held in December 2012, the committee recommends amending these rules as set forth in Appendices A, B, C, D, E and F.

## II.     Notice of Appeal Deadline

Supreme Court Rule 7(1)(C).  The committee recommends two

amendments to Supreme Court Rule 7(1)(C). The first is designed to resolve an ambiguity in the rule regarding the notice of appeal deadline when the trial court grants a motion for reconsideration. The second proposed amendment is designed to clarify that a merits ruling on an untimely filed post-trial motion does not impliedly waive the untimeliness of the post-trial motion and, therefore, does not change the calculation of the appeal period. Following a public hearing on the first proposal held in December 2012 and a public hearing on the second proposal held in June 2013, the committee recommends amending Supreme Court Rule 7(1)(C), as set forth in Appendix G.

### III.    Appeals in Family Law Cases (Supreme Court Rule 3)

Supreme Court Rule 3. This proposed amendment is designed to address a concern that Rule 3 may be unlawful and unconstitutional to the extent that it provides for mandatory review of appeals involving married parents but discretionary review of appeals involving non-married parents. Following a public hearing on the proposed amendment held in December 2012, the committee recommends amending Supreme Court Rule 3 as set forth in Appendix H.

### IV.    Preservation of Issues for Appeal

Rule 12(e) of the Rules of the Superior Court Rule of the State of New Hampshire Applicable in Civil Actions, Rule 59-A of the Rules of the Superior Court of the State of New Hampshire Applicable in Criminal Cases, Circuit Court-District Division Rule 3.11(E), Circuit Court-Probate Division Rule 59-A and Circuit Court-Family Division Rule 1.26(F). These proposed amendments to trial court rules would clarify that in order to preserve issues for appeal, any issues which could not have been presented to the trial court prior to its decision must be presented to the trial court in a motion for reconsideration. A public hearing was held in June 2012. Following further discussion of the proposal in December 2012, the committee recommends amending these rules, as set forth in Appendices I, J, K, L and M.

### V.    Judicial Conduct Committee – Photographing, Recording and Broadcasting

Supreme Court Rule 40. This proposed amendment would adopt, on a temporary basis, an amendment to the procedural rules of the Committee on Judicial Conduct. The proposal would adopt the same amendment recently adopted on a temporary basis to govern media access to proceedings in the trial courts. The amendment would clarify the presumption that photographing, recording and broadcasting of Judicial Conduct Committee Proceedings that are open to the public is

permissible.  Following a public hearing on the proposed amendment held in June 2013, the committee recommends amending Supreme Court Rule 40, as set forth in Appendix N.

## VI.    **Continuing Judicial Education**

Supreme Court Rule 45.  These proposed amendments would: (1) delete references to The National Judicial College; (2) consolidate two sections of the rule; (3) replace references to the "Office of General Counsel" with "Judicial Branch Educational Committee;" (4) remove references to "registers;" and (5) delete references to marital masters in section (b) and add references to marital masters in the new section (c). Following a public hearing on the proposed amendment held in June 2013, the committee recommends amending Supreme Court Rule 45 as set forth in Appendix O.

## VII.    **Rulemaking Procedures**

Supreme Court Rule 51(B).  These proposed amendments would allow the Speaker of the House and the Senate President some flexibility to appoint a designee for some, or all, of the Advisory Committee on Rules meetings. Following a public hearing on the proposed amendment held June 2013, the committee recommends amending Supreme Court Rule 51(B) as set forth in Appendix P.

## VIII.    **In Camera Review of Documents**

Supreme Court Rule 57-A.  This proposed amendment would change the rule regarding custody and return of documents and materials filed in camera in the trial courts. Following a public hearing on the proposed amendment held June 2013, the committee recommends amending Supreme Court Rule 57-A as set forth in Appendix Q.

## IX.    **Circuit Court Rules – Dismissal of Cases Pending Without Action**

Circuit Court-District Division Rule 1.27, Circuit Court-Probate Division Rule 48-A, Circuit Court-Family Division Rule 1.32.  The proposed amendments would adopt new rules, applicable in the Circuit Court, providing for the dismissal by the Court of certain cases if they have seen no activity for a period of two years.  Following a public hearing on the proposed rules held in June 2013, the committee recommends amending the rules as set forth in Appendices R, S and T.

## X.    Admission to the Bar of Foreign Law School Graduates

Supreme Court Rule 42.  The proposed amendment would delete Supreme Court Rule 42(V)(c) in its entirety and replace it with a new rule.  A public hearing was held on the proposal in December 2012.  Following further discussion of the proposal and a number of amendments to the proposal made in June 2013, the committee recommends deleting Supreme Court Rule 42(V)(c) in its entirety and replacing it with a new rule, as set forth in Appendix U.

## XI.    Juror Questionnaires

Rule 38(a) of the Rules of the Superior Court Applicable in Civil Actions, Rule 61-A of Rules of the Superior Court Applicable in Criminal Cases Filed in Superior Court.  These amendments would change the rules regarding access to juror questionnaires.  A public hearing was held on the proposal in December 2012.  Following further discussion of the proposal and two additional amendments to the proposal made in March 2013, the committee recommends amending the rules, as set forth in Appendices V and W.

## XII.    Model Rules for Client Trust Account Records

Supreme Court Rule 50, Rule of Professional Conduct 1.15(a).  These amendments would change the requirements for recordkeeping and safeguards relating to client trust accounts.  The committee did not hold a hearing on this matter.  Following review and discussion of the joint recommendation to amend the rules made by the New Hampshire Bar Association Ethics Committee and the Attorney Discipline Office, the committee recommends amending Supreme Court Rule 50 and Rule of Professional Conduct 1.15(a) as set forth in Appendices X and Y.

## XIII.    Temporary Rules Currently in Effect

Throughout the year, the Supreme Court adopted a number of rules and rule amendments on a temporary basis and referred those rules and rule amendments to the Committee for its recommendation as to whether they should be adopted on a permanent basis.

### A.    Law Clerk Code of Conduct

Supreme Court Rule 46, Canon 2.  Temporary amendments to this court rule adopted by Supreme Court Order dated July 17, 2012 relate to law clerks' use of writing samples for job search purposes.  After a public hearing held in December 2012, the committee recommends

amending Supreme Court Rule 46 on a permanent basis, as set forth in Appendix Z.

## B. **Supreme Court Rule 54**

Supreme Court Rule 54.  Temporary amendments to this rule adopted by Supreme Court Order dated January 2, 2013 made amendments relating to administrative judges and the administrative council.  The committee did not hold a hearing on this matter.  The committee recommends amending Supreme Court Rule 54 on a permanent basis, as set forth in Appendix AA.

## C. **Counsel Fees and Guardians ad Litem Fees**

Supreme Court Rules 48(2) and 48-A(2).  Temporary amendments to these court rules adopted by Supreme Court Order dated July 12, 2011 changed the manner in which someone may obtain approval to exceed the maximum counsel or guardian ad litem fees permitted in indigent cases.  After a public hearing held in June 2013, the committee recommends amending these rules on a permanent basis, as set forth in Appendices BB and CC.

## D. **Performance Evaluation of Judges**

Supreme Court Rule 56.  Temporary amendments to this rule, relating to the performance evaluation of judges, were adopted by Supreme Court Order dated July 17, 2012.  After a public hearing held in June 2013, the committee recommends amending Supreme Court Rule 56 on a permanent basis, as set forth in Appendix DD.

## E. **Sentence Review Division Rules**

Rules of the Superior Court of the State of New Hampshire Applicable in Criminal Cases filed in Superior Court, Sentence Review Division Rules.  Temporary amendments to these rules were adopted by Supreme Court order dated February 25, 2013.  After a public hearing held in June 2013, the committee recommends amending the Sentence Review Division Rules on a permanent basis, as set forth in Appendix EE.

## F. **Pro Hac Vice Fees**

Supreme Court Rule 33(5), Supreme Court Rule 49(I), Rule 19(e) of the Rules of the Superior Court of the State of New Hampshire Applicable in Civil Actions, Rule 19(e) of the Rules of the Superior Court of the State of New Hampshire Applicable in Criminal Cases, Superior Court Rule

169(III), Circuit Court-District Division Rule 1.3(c)(5), Circuit Court-District Division Rule 3.3(I), Circuit Court-Probate Division Rule 19(E), Circuit Court-Probate Division Rule 169(IV), Circuit Court-Family Division Rule 1.21(D), Circuit Court-Family Division Rule 1.3(M). Temporary amendments to these court rules adopted by Supreme Court Order dated November 15, 2012 increased the fee charged to applicants seeking permission to appear pro hac vice. After a public hearing held in June 2013, the committee recommends amending the rules on a permanent basis, as set forth in Appendices FF, GG, HH, II, JJ, KK, LL, MM, NN, OO and PP.

## G. **Transcripts of Court Proceedings**

Supreme Court Rules 15 and 59. Temporary amendments to these court rules adopted by Supreme Court Order dated April 27, 2012 made amendments to these rules relating to the preparation of transcripts of court proceedings and appeal transcripts. After a public hearing held in December 2012, the committee recommends amending these rules on a permanent basis, as set forth in Appendices QQ and RR.

Copies of the proposed changes are available upon request to the

clerk of the supreme court at the N.H. Supreme Court Building, 1

Charles Doe Drive, Concord, New Hampshire 03301 (Tel. 603-271-2646).

In addition, the proposed changes are available on the Internet at:

http://www.courts.state.nh.us/index.htm

The current rules of the New Hampshire state courts are also

available on the Internet at:

http://www.courts.state.nh.us/rules/index.htm

January 31, 2014

ATTEST: _____
Eileen Fox, Clerk
Supreme Court of New
Hampshire

**APPENDIX A**

Amend Supreme Court Rule 26(3) as follows (new material is in

**[bold and brackets]**; deleted material is in ~~strikethrough~~ format):

(3) **[(a)]** Service may be personal or by first class mail. Personal service includes delivery of the copy to a secretary or other responsible person at the office of counsel. Service by first class mail is complete on mailing.

**[(b) In any case when all parties are represented by lawyers, all parties' counsel may agree that pleadings filed and communications addressed to the court may be furnished to all other counsel by email. An agreement may be filed with the court by stipulation. Such agreement shall list the email address(es) at which counsel agrees to be served. The email header shall include the caption of the case and its docket number. Pleadings and communications furnished in accord with this rule shall be attached to the email in .PDF file format. Documents so furnished may have on their signature lines a copy of counsel's signature, a facsimile thereof, "/s/ [counsel's name]" as used in the federal ECF system, or similar notation indicating the document was signed.]**

**APPENDIX B**

Amend Rule 3 of the Rules of the Superior Court of the State of

New Hampshire Applicable in Civil Actions as follows (new material is in

**[bold and brackets]**; deleted material is in ~~strikethrough~~ format):

### Rule 3. Filing and Service

(a)  Copies of all pleadings filed and communications addressed to the court shall be furnished forthwith to all other counsel and any self-represented party.  All such pleadings and communications shall contain a statement of compliance herewith.

**[(b)  In any case when all parties are represented by lawyers, all parties' counsel may agree that pleadings filed and communications addressed to the court may be furnished to all other counsel by email.  An agreement may be filed with the court by stipulation.  Such agreement shall list the email address(es) at which counsel agrees to be served.  The email header shall include the caption of the case and its docket number.  Pleadings and communications furnished in accord with this rule shall be attached to the email in .PDF file format.  Documents so furnished may have on their signature lines a copy of counsel's signature, a facsimile thereof, "/s/ [counsel's name]" as used in the federal ECF system, or similar notation indicating the document was signed.]**

~~(b)~~**[(c)]**  When an attorney has filed a limited appearance under Rule 17(c) on behalf of an opposing party, copies of pleadings filed and communications addressed to the court shall be furnished both to the opposing party who is receiving the limited representation and to the limited representation attorney.  After the limited representation attorney files that attorney's "withdrawal of limited appearance" form, as provided in Rule 17(f), no further service need be made upon that attorney.

~~(c)~~**[(d)]**  A no contact order in a domestic violence, stalking, or similar matter shall not be deemed to prevent either party from filing appearances, motions, and other appropriate pleadings, through the court.  At the request of the party filing the pleading, the court shall forward a copy of the pleading to the party or counsel on the other side of the case.  Furthermore, the no contact provisions shall not be deemed to prevent contact between counsel, when both parties are represented.

**APPENDIX C**

Amend Rule 21 of the Rules of the Superior Court of the State of

New Hampshire Applicable in Criminal Cases Filed in Superior Court as

follows (new material is in **bold and brackets]**:

     21. **[(a)]**Copies of all pleadings filed and communications addressed to the Court shall be furnished forthwith to all other counsel or to the opposing party if appearing pro se. When an attorney has filed a limited appearance under Rule 14(d) on behalf of an opposing party, copies of pleadings filed and communications addressed to the Court shall be furnished both to the opposing party who is receiving the limited representation and to the limited representation attorney. After the limited representation attorney files that attorney's "withdrawal of limited appearance" form, as provided in Rule 15(e), no further service need be made upon that attorney. All such pleadings or communications shall contain a statement of compliance herewith.

     **[(b) In any case when all parties are represented by lawyers, all parties' counsel may agree that pleadings filed and communications addressed to the court may be furnished to all other counsel by email. An agreement may be filed with the court by stipulation. Such agreement shall list the email address(es) at which counsel agrees to be served. The email header shall include the caption of the case and its docket number. Pleadings and communications furnished in accord with this rule shall be attached to the email in .PDF file format. Documents so furnished may have on their signature lines a copy of counsel's signature, a facsimile thereof, "/s/ [counsel's name]" as used in the federal ECF system, or similar notation indicating the document was signed.]**

     **[(c)]** A no contact order in a domestic violence, stalking, or similar matter shall not be deemed to prevent either party from filing appearances, motions, and other appropriate pleadings, through the Court. At the request of the party filing the pleading, the Court shall forward a copy of the pleading to the party or counsel on the other side of the case. Furthermore, the no contact provisions shall not be deemed to prevent contact between counsel, when both parties are represented.

**APPENDIX D**

Amend Circuit Court - District Division Rule 1.3-A as follows (new

material is in **[bold and brackets]**):

### Rule 1.3-A.  Pleadings – copies to all parties.

**[(A)]**  Copies of all pleadings filed and communications addressed to the
Court shall be furnished forthwith to all other counsel or to the opposing
party if appearing pro se.  When an attorney has filed a limited
appearance under Rule 1.3.D.(2) on behalf of an opposing party, copies
of pleadings filed and communications addressed to the Court shall be
furnished both to the opposing party who is receiving the limited
representation and to the limited representation attorney.  After the
limited representation attorney files that attorney's "withdrawal of limited
appearance" form, as provided in Rule 1.3.I.(2), no further service need
be made upon that attorney.  All such pleadings or communications
shall contain a statement of compliance herewith.

**[(B)  In any case when all parties are represented by lawyers, all
parties' counsel may agree that pleadings filed and communications
addressed to the court may be furnished to all other counsel by
email. An agreement may be filed with the court by stipulation.
Such agreement shall list the email address(es) at which counsel
agrees to be served. The email header shall include the caption of
the case and its docket number. Pleadings and communications
furnished in accord with this rule shall be attached to the email in
.PDF file format. Documents so furnished may have on their
signature lines a copy of counsel's signature, a facsimile thereof,
"/s/ [counsel's name]" as used in the federal ECF system, or similar
notation indicating the document was signed.]**

**[(C)]**  A no contact order in a domestic violence, stalking, or similar
matter shall not be deemed to prevent either party from filing
appearances, motions, and other appropriate pleadings, through the
Court.  At the request of the party filing the pleading, the Court shall
forward a copy of the pleading to the party or counsel on the other side of
the case.  Furthermore, the no contact provisions shall not be deemed to
prevent contact between counsel, when both parties are represented.

**APPENDIX E**

Amend Circuit Court - Probate Division Rule 21 as follows (new

material is in **[bold and brackets]**):

### Rule 21. PLEADINGS - *Copies to all Parties.*

**[A.]** Any Person filing a Pleading or correspondence with the Court shall forthwith furnish copies to all Attorneys, Pro Se Parties appearing of record, and to all Persons Beneficially Interested, unless excused by the Court for good cause shown. When an attorney has filed a limited appearance under Rule 14 on behalf of an opposing party, copies of pleadings filed and communications addressed to the Court shall be furnished both to the opposing party who is receiving the limited representation and to the limited representation attorney. After the limited representation attorney files that attorney's "withdrawal of limited appearance" form, as provided in Rule 20.A.5., no further service need be made upon that attorney. All such Pleadings shall contain a statement of compliance. This rule shall not apply to any Pleading for which orders of notice are issued and served upon the parties.

**[B. In any case when all parties are represented by lawyers, all parties' counsel may agree that pleadings filed and communications addressed to the court may be furnished to all other counsel by email. An agreement may be filed with the court by stipulation. Such agreement shall list the email address(es) at which counsel agrees to be served. The email header shall include the caption of the case and its docket number. Pleadings and communications furnished in accord with this rule shall be attached to the email in .PDF file format. Documents so furnished may have on their signature lines a copy of counsel's signature, a facsimile thereof, "/s/ [counsel's name]" as used in the federal ECF system, or similar notation indicating the document was signed.]**

**APPENDIX F**

Amend Circuit Court - Family Division Rule 1.23 as follows (new material is in **[bold and brackets]**; deleted material is in ~~strikethrough~~ format):

**1.23  Pleadings:**

A.  Copies of all pleadings filed and communications addressed to the court shall be provided to all other counsel or to the opposing party if appearing pro se.  When an attorney has filed a limited appearance under Family Division Rule 1.19 A, copies of pleadings filed and communications addressed to the court shall be furnished both to the opposing party who is receiving the limited representation and to the limited representation attorney.  After the limited representation attorney files that attorney's "withdrawal of limited appearance" form, as provided in Family Division Rule 1.19 C, no further service need be made upon that attorney.  All such pleadings and communications shall contain a statement of compliance with this rule.

B.  A no contact order in a domestic violence, stalking, or similar matter shall not be deemed to prevent either party from filing appearances, motions, and other appropriate pleadings with the court.  At the request of the party filing the pleading, the court shall forward a copy of the pleading to the party or counsel on the other side of the case.  Furthermore, the no contact provisions shall not be deemed to prevent contact between counsel when both parties are represented.

**[C.  In any case when all parties are represented by lawyers, all parties' counsel may agree that pleadings filed and communications addressed to the court may be furnished to all other counsel by email. An agreement may be filed with the court by stipulation. Such agreement shall list the email address(es) at which counsel agrees to be served. The email header shall include the caption of the case and its docket number. Pleadings and communications furnished in accord with this rule shall be attached to the email in .PDF file format. Documents so furnished may have on their signature lines a copy of counsel's signature, a facsimile thereof, "/s/ [counsel's name]" as used in the federal ECF system, or similar notation indicating the document was signed.]**

**APPENDIX G**

Amend Supreme Court Rule 7(1)(C) as follows (new material is in

**[bold and brackets]**; deleted material is in ~~strikethrough~~ format):

(C) The definition of "decision on the merits" in Rule 3 includes decisions on motions made after an order, verdict, opinion, decree or sentence.  A timely filed post-~~trial~~ **[decision]** motion stays the running of the appeal period for all parties to the case in the trial court including those not filing the motion.  **[If the trial court's decision on a post-decision motion creates a newly-losing party, and the newly-losing party files a timely motion for reconsideration, such motion will further stay the running of the appeal period for all parties to the case in the trial court including those not filing the motion.]** Untimely filed post-~~trial~~ **[decision]** motions will not stay the running of the appeal period unless the trial court waives the untimeliness within the appeal period.  **[In the absence of an express waiver of the untimeliness made by the trial court within the appeal period, the appeal period is not extended even if the trial court rules on the merits of an untimely filed post-decision motion.]**  Successive post-~~trial~~ **[decision]** motions **[filed by a party that is not a newly-losing party]** will not stay the running of the appeal period. *See Petition of Ellis*, 138 N.H. 159 (1993)**[;  *see also* Super. Ct. (Crim.) Rule 59-A; Super. Ct. (Civ.) Rule 12(e)]**.

In criminal appeals, the time for filing a notice of appeal shall be within 30 days from the date of sentencing or the date of the clerk's written notice of disposition of post-trial motions, whichever is later, provided, however, that the date of the clerk's written notice of disposition of post-trial motion shall not be used to calculate the time for filing a notice of appeal in criminal cases if the post-trial motion was filed more than 10 days after sentencing.

**APPENDIX H**

Amend Supreme Court Rule 3 as follows (new material is in **[bold**

**and brackets]**; deleted material is in ~~strikethrough~~ format):

**Rule 3. Definitions.**

Administrative agency": Includes agency, board, commission, or officer.
"Appeal": Appellate review of rulings adverse to a party, after a final
decision on the merits in a trial court.

"Appeal document": Includes notice of mandatory appeal (Rule 7), notice
of discretionary appeal (Rule 7), interlocutory appeal (Rule 8),
interlocutory transfer without ruling (Rule 9), appeal from administrative
agency by petition (Rule 10), and petition for original jurisdiction (Rule
11).

"Appeal from administrative agency by petition": Appellate review of a
party's grounds for asserting that an administrative agency's final order
or decision on the merits is unlawful or unreasonable.

"Briefs":

"Opening brief": The brief filed first pursuant to court order.

"Opposing brief": The brief filed by the opposing party after the filing of
the opening brief.

"Reply brief": See Rule 16(7).

"Supplemental brief": See Rule 16(7).

"Clerk": Where the context refers to the clerk of a trial court, "clerk"
includes a clerk of a trial court, a register of probate, or the
administrative agency official who is the equivalent of a clerk of court or
who is charged with performing the duties associated with a clerk of
court, and their respective assistants and deputies; where the context
refers to the clerk of the supreme court, "clerk" includes his or her
assistants and deputies.

"Decision on the merits": Includes order, verdict, opinion, decree, or
sentence following a hearing on the merits or trial on the merits and the
decision on motions made after such order, verdict, opinion, decree or
sentence. Untimely filed post-trial motions will not stay the running of

the appeal period unless the trial court waives the untimeliness within the appeal period.

"Declination of acceptance order": The supreme court does not deem it desirable to review the issues in a case, as a matter of sound judicial discretion and with no implication whatever regarding its views on the merits.

"First class mail": First class postage prepaid, whether certified, registered, uncertified, or unregistered.

"Interlocutory appeal": Appellate review of rulings adverse to a party, before a final decision on the merits in a trial court.

"Interlocutory transfer without ruling": Appellate review of questions of law transferred by a trial court or administrative agency before a final decision on the merits in the trial court or administrative agency and without ruling by the trial court or administrative agency.

"Mandatory appeal": A mandatory appeal shall be accepted by the supreme court for review on the merits. A mandatory appeal is an appeal filed by the State pursuant to RSA 606:10, or an appeal from a final decision on the merits issued by a superior court, district court, probate court, or family division court, that is in compliance with these rules.  Provided, however, that the following appeals are NOT mandatory appeals:

(1) an appeal from a final decision on the merits issued in a post-conviction review proceeding (including petitions for writ of habeas corpus and motions for new trial);

(2) an appeal from a final decision on the merits issued in a collateral challenge to any conviction or sentence;

(3) an appeal from a final decision on the merits issued in a sentence modification or suspension proceeding;

(4) an appeal from a final decision on the merits issued in an imposition of sentence proceeding;

(5) an appeal from a final decision on the merits issued in a parole revocation proceeding;

(6) an appeal from a final decision on the merits issued in a probation revocation proceeding.;

15

(7) an appeal from a final decision on the merits issued in a landlord/tenant action filed under RSA chapter 540 or in a possessory action filed under RSA chapter 540; and

(8) an appeal from an order denying a motion to intervene; and

(9) an appeal from a final decision on the merits**[, other than the first final order,]** issued in, or arising out of, a domestic relations matter filed under RSA Title XLIII (RSA chapters 457 to 461-A)~~; provided, however, that an appeal from a final divorce decree or decree of legal separation shall be a mandatory appeal~~.

<u>Comment</u>

A trial court order denying a motion by a non-party to intervene in a trial court proceeding is treated as a "final decision on the merits" for purposes of appeal. Thus, such an order is immediately appealable to the supreme court. Pursuant to this rule, however, such an appeal is not a mandatory appeal. Therefore, a non-party who wishes to appeal the trial court's denial of the non-party's motion to intervene must file an appeal pursuant to Rule 7(1)(B) within the time allowed for appeal under that rule.

Under paragraph (9), only appeals from ~~final divorce decrees or decrees of legal separation~~ **[first final orders in domestic relations matters filed under RSA Title XLIII]** are mandatory appeals. ~~Any other appeal from a final decision on the merits issued in, or arising out of, a domestic relations matter filed under RSA Title XLIII (RSA chapters 457 to 461-A) is not a mandatory appeal. The amendment to this rule that added paragraph (9) shall apply to any appeal in which the notice of appeal is docketed in the supreme court on or after January 1, 2008.~~ **[The [DATE] amendment to paragraph (9) changes the language of the prior rule which provided that only appeals from final divorce decrees or decrees of legal separation were mandatory appeals. The change addresses the claim, identified in <u>In the Matter of Miller & Todd</u>, 161 N.H. 630 (2011), that providing for mandatory review of appeals involving married parents but discretionary review of appeals involving non-married parents was unconstitutional.]**

"Moving party": The plaintiff in an interlocutory transfer, the party appealing by appeal or by interlocutory appeal, or the party petitioning that the supreme court exercise its original jurisdiction.

"Notice of appeal": The notice filed to initiate an appeal from the trial court's final decision on the merits, in the form prescribed by these rules.

"Petition for original jurisdiction": Request that the supreme court exercise its original jurisdiction, whether exclusive or nonexclusive and whether in aid of its appellate jurisdiction or its supervisory jurisdiction, and that the court issue an extraordinary writ or grant other suitable relief.

"Trial court reporter": Trial court or administrative agency reporter.