No. 13-1059

_____

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

_____

**STEPHEN L. D'ANGELO,**

*Plaintiff-Appellant,*

**v.**

**NEW HAMPSHIRE SUPREME COURT
BRIAN GERMAINE, ESQ.**

*Defendants-Appellees,*


_____

DEFENDANT-APPELLEE BRIAN GERMAINE, ESQ.'S COMMENT ON
PLAINTIFF/APPELLANT'S RESPONSE TO SHOW CAUSE ORDER
CONCERNING ASSESSING DOUBLE COSTS ON AFFIRMANCE

_____


William C. Saturley (1st Cir. Bar No. 67415)
Nathan R. Fennessy
PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP
57 North Main Street, P.O. Box 1318
Concord, NH 03302-1318
(603) 410-1500

6347196.1

Defendant-Appellee Brian Germaine, Esq. ("Germaine"), by and through his undersigned attorneys, respectfully submits this brief comment on Plaintiff/Appellant's Response to Show Cause Order Concerning Assessing Double Costs on Affirmance ("Response"). Germaine did not request double costs in his brief. He recognizes that such a sanction falls within the inherent power of the Court. He therefore takes no position on whether the imposition of double damages by the Court against Mr. D'Angelo is an appropriate measure of relief for D'Angelo's conduct in this matter.

As the record reflects, Germaine became involved in the dispute between D'Angelo and D'Angelo's ex-wife as a result of D'Angelo's uncooperative and misleading approach to the family court litigation in New Hampshire. Germaine carried out his investigation and filed a report as he was tasked to do by the Derry Family Court. Germaine believes that the additional factual allegations made in the Response, regarding the alleged preparation of the report by Germaine's associate, are unsupported by the record submitted on appeal and fail to justify D'Angelo's alleged causes of action against Germaine.

Moreover, the Response does nothing further to justify the legal basis for D'Angelo's claims against Germaine. D'Angelo devotes almost the entire Response to whether he had an adequate basis to challenge New Hampshire Supreme Court Rule 3, but provides no additional authority to support his claim

6347196.1

against Germaine.  As this Court concluded in its Order, "even if couched in the most imaginative light, [these claims] fail to pierce the veil of immunity."

Though D'Angelo brings this action in a *pro se* capacity, he is an attorney licensed to practice in the Commonwealth of Massachusetts.  As an attorney, he should be aware of what constitutes appropriate conduct before the court and of his ethical duties.  Germaine leaves it for the Court to conclude whether he met those standards.

Dated:  February 20, 2014

Respectfully submitted,

/s/ William C. Saturley
William C. Saturley (1st Cir. Bar # 67415)
Nathan R. Fennessy
PRETI, FLAHERTY, BELIVEAU &
PACHIOS, LLP
57 North Main Street,
P.O. Box 1318
Concord, NH 03302-1318
(603) 410-1500

### Certificate of Service

I hereby certify that on this 20th day of February, I served the foregoing *Defendant-Appellee Brian Germaine, Esq.'s Comment on Plaintiff/Appellant's Response to Show Cause Order Concerning Assessing Double Costs on Affirmance* to all parties of record via the Court's ECF system.

/s/ William C. Saturley

6347196.1